1    TIMOTHY J. TOOHEY (SBN 140117)
     TToohey@GreenbergGlusker.com
2    GREENBERG GLUSKER FIELDS CLAMAN &
     MACHTINGER LLP
3    1900 Avenue of the Stars, 21st Floor
     Los Angeles, California 90067-4590
4    Telephone:  310.553.3610
     Fax:  310.553.0687
5
     Attorneys for Defendant Gerald Moffatt
6

7

8                  UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                       SOUTHERN DIVISION

11

12   ANTONIO HURTADO, et al.,            Case No.  8:17-cv-01605-CJC-JLS

13              Plaintiffs,              **MEMORANDUM OF POINTS AND
                                         AUTHORITIES IN SUPPORT OF
14   v.                                  MOTION TO DISMISS AMENDED
                                         COMPLAINT BY DEFENDANT
15   RAINBOW DISPOSAL CO., INC.          GERALD MOFFATT**
     EMPLOYEE STOCK OWNERSHIP
16   PLAN COMMITTEE, et al.,             **(Fed. R. Civ. P. 12(b)(6))**

17              Defendants.             **Hearing:  July 6, 2018
                                         Time:      2:30 pm
18                                       Courtroom 10A
                                         (Hon. Josephine L. Stanton)**

19

20

21

22

23

24

25

26

27

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ...................................................................................... 1

II.    STATEMENT OF FACTS ........................................................................ 3

III.   LEGAL STANDARD ............................................................................... 4

IV.    DISCUSSION. ......................................................................................... 5

    A.   The First Claim for Relief Does Not Allege a Claim Against
        Mr. Moffatt Because Plaintiffs Cannot Plausibly Allege That
        They Were Harmed By A Valuation That Was Three Months
        Old. ..................................................................................................... 5

    B.   The Second Claim for Relief Does Not Allege a Claim Against
        Mr. Moffatt Because Plaintiffs Cannot Plausibly Allege That
        They Had A Right to Vote on the Republic Stock Purchase. ............... 7

    C.   The Fourth Claim for Relief Does Not Allege a Claim Against
        Mr. Moffatt Because Plaintiffs Cannot Plausibly Allege That
        Additional Information Would Have Affected the Outcome of a
        Transaction on Which They Had No Right to Vote. ........................... 8

    D.   The Fifth Claim for Relief Does Not Allege a Plausible Claim
        Against Mr. Moffatt Because His Employment and Non-
        Compete Agreement with Republic Did Not Violate ERISA
        Section 406 as a Matter of Law Because It Did Not Involve
        ESOP Plan Assets. ............................................................................ 9

    E.   The Sixth Claim for Relief Does Not Allege a Claim Against
        Mr. Moffatt Because the Employment and Non-Compete
        Agreements Were Not Funded By And Did Not Involve ESOP
        Plan Assets. ..................................................................................... 11

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

DEFENDANT GERALD MOFFATT'S
MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS

**TABLE OF CONTENTS**
**(continued)**

**Page**

F.   The Eighth Claim for Relief Does Not Allege a Plausible Claim Against Mr. Moffatt Because Rainbow's Florida Transactions Did Not Involve ESOP Plan Assets. ................................................... 12

G.   The Eleventh Claim for Relief Does Not Allege a Claim Against Mr. Moffatt Because The Underlying Transactions Did Not Violate ERISA. ................................................... 13

H.   The Twelfth Claim for Relief Does Not Allege a Claim Against Mr. Moffatt Because Rainbow's Florida Investment Did Not Violate ERISA. ................................................... 14

I.   The Fourteenth Claim for Relief Does Not Allege a Claim Against Mr. Moffatt Because the Indemnification Provision Does Not Violate ERISA As A Matter of Law. ................................ 14

V.   CONCLUSION ................................................... 15

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

# TABLE OF AUTHORITIES

**FEDERAL CASES**                                      **Page(s)**

*Abagninin v. AMVAC Chem. Corp.*,
545 F.3d 733 (9th Cir. 2008) ...................................................................... 5

*Acosta v. Pacific Enterprises*,
950 F.2d 611 (9th Cir. 1991) ..................................................................... 10

*Albrecht v. Lund*,
845 F.3d 193 (9th Cir. 1988) ...................................................................... 5

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........................................................................... passim

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ............................................................................ 4, 5

*Harris v. Amgen, Inc.*,
2010 WL 744123 (C.D. Cal. Mar. 2, 2010) (cannot state claim for
co-fiduciary liability without stating claim for breach of fiduciary
duty under ERISA) ................................................................................ 14

*Harris v. GreatBanc Tr. Co.*,
2013 WL 1136558 (C.D.Cal. Mar. 15, 2013) ............................................. 14

*In re Calpine Corp.*,
2005 WL 1431506 (N.D. Cal. Mar. 31, 2005) ............................................ 13

*Johnson v. Couturier*,
572 F.3d 1067 (9th Cir. 2009) ................................................................. 10

*Shreiber Distributing Co. v. Serv-Well Furniture Co., Inc.*,
806 F.2d 1393 (9th Cir. 1986) .................................................................... 5

**CALIFORNIA CASES**

*Gaillard v. Natomas Co.*,
208 Cal. App. 3d 1250 (1989) .................................................................. 12

**FEDERAL STATUTES**

Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001
*et seq.* ................................................................................................... 1

ERISA ........................................................................................... passim

ERISA § 404(a)(1)(A) and (B) ................................................................. 12

ERISA § 404(a)(1)(A), (B), & (D) ....................................................... 5, 7, 8

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

DEFENDANT GERALD MOFFATT'S
MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS

# TABLE OF AUTHORITIES
### (continued)

Page

ERISA Section 406 ................................................................................................ 9

ERISA § 406(a)(1)(D) ......................................................................................... 11

ERISA §406(b)(1) ................................................................................................. 9

ERISA, §§ 406(b)(1) & 3, 29 U.S.C. §§ 1106(b)(1) and (b)(3) ............................ 9

ERISA Section 406(b)(3) ................................................................................ 9, 10

ERISA § 410(a) ................................................................................................... 14

**OTHER AUTHORITIES**

29 CFR 2510.3-101(h)(3) ................................................................................... 10

Fed. R. Civ. Proc. 12(b)(6) ............................................................................... 1, 4

iv

DEFENDANT GERALD MOFFATT'S
MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT BY DEFENDANT GERALD MOFFATT**

## I.  INTRODUCTION

Pursuant to Fed. R. Civ. Proc. 12(b)(6), Defendant Gerald Moffatt ("Moffatt") by and through his counsel moves to dismiss all the Claims for Relief of Plaintiffs' Amended Complaint ("Amended Complaint") brought against him, *i.e.*, Claims 1-2, 4-6, 8, 11, 12 and 14.  As outlined below, Plaintiffs Anthony Hurtado, Christopher Ortega, Jose Quintero, Maritz Quintero, Jorge Urquiza and Maria Valdez ("Plaintiffs") have not stated any claim against Mr. Moffatt upon which relief can be granted under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* because none of the claims or allegations against Mr. Moffatt are plausible on their face.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Plaintiffs' allegations concern the sale of the stock held by the Employee Stock Ownership Plan ("ESOP" or "Plan") of Rainbow Disposal Co., Inc. ("Rainbow") on October 1, 2014 to Republic Services, Inc. ("Republic").  Although that sale netted participants and beneficiaries substantial payments far above the prior price of the Rainbow stock, Plaintiffs allege that violations of ERISA occurred when they were not given an updated appraisal or additional information regarding the sale and were not allowed to vote on the transaction.

Viewed either as a whole or individually, Plaintiffs' claims and allegations are not plausible.  Plaintiffs do not credibly allege that receiving additional information regarding the transaction would have altered the outcome of the transaction or increased the substantial price that Republic paid for the stock.  Indeed, Plaintiffs did not have the right to vote on the transaction because it was not a sale of ESOP plan assets.  Moreover, Plaintiffs do not allege any facts to support

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1    the claim that they would have received more for their stock if they had received

2    additional information.

3         Although the Amended Complaint for the most part does not allege that Mr.

4    Moffatt individually committed specific actions in violation of ERISA, the few

5    specific allegations relating to Mr. Moffatt do not give rise to claims under ERISA.

6    Plaintiffs allege, for example, that Mr. Moffatt, in his capacity as Rainbow's Chief

7    Executive Officer and a member of its Board of Directors, was involved in

8    Rainbow establishing or acquiring business interests in Florida that somehow gave

9    rise to breach of corporate fiduciary duty claims that should have been pursued as

10   breaches of fiduciary duty under ERISA.  Yet it is clear from the allegations of the

11   Amended Complaint that no ERISA claims exist because the transactions did not

12   involve the assets of the Plan.  Similarly, Plaintiffs allege that Mr. Moffatt and

13   another executive, Jeff Snow, entered into employment and non-compete

14   agreements with Republic to allow them to be employed by Republic after the

15   consummation of the Republic Stock Purchase.  But as with the Florida

16   investments, these agreements—which facilitated the stock purchase transaction by

17   allowing business continuity from Rainbow to Republic—were not paid for with

18   (and did not deplete) Plan assets.

19       Although Plaintiffs labor mightily in almost 400 paragraphs over 120 pages

20   to concoct ERISA violations relating to a transaction that benefited them, they are

21   unable to come up with a single plausible ERISA claim against Mr. Moffatt.  The

22   Court should not accept the truth of such implausible factual allegations and claims,

23   tied as they are to "[t]hreadbare recitals of the elements of a cause of action,

24   supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678-79.  The

25   purported claims for relief against Mr. Moffatt should therefore all be dismissed

26   with prejudice.

27

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

DEFENDANT GERALD MOFFATT'S
MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

## II.   STATEMENT OF FACTS[1]

Plaintiffs allege that they are participants and beneficiaries of the ESOP. Amended Complaint ¶ 4.  They purport to bring this action individually and on behalf of a class of all others similarly situated.  *Id.* ¶¶ 10-15, 37-51.  Prior to October 1, 2014, the ESOP owned 100% of Rainbow's stock.  *Id.* ¶ 5.  On October 1, 2014, Republic purchased 100% of the stock of Rainbow ("Republic Stock Purchase").  *Id.* ¶ 6.

Plaintiffs allege in the Amended Complaint that Mr. Moffatt was the Executive Chairman for Rainbow and a member of its Board of Directors until October 1, 2014.  *Id.* ¶ 17.  They further allege that Mr. Moffatt was employed as General Manager of Rainbow Disposal, a division of Republic, after October 1, 2014.  *Id.*  They allege that Mr. Moffatt was a member of the ESOP committee of Rainbow "[b]etween at least March 2009 until at least October 1, 2014" and that he was a fiduciary of the ESOP under ERISA.  *Id.*

Most of the allegations the Amended Complaint do not refer to Mr. Moffatt by name or claim that he individually engaged in any actions that violated ERISA.  Instead, Mr. Moffatt is lumped in with others as the "Prior ESOP Committee Defendants," which is defined as the "Committee as it existed between January 1, 2014 and prior to the appointment of the New ESOP Committee Defendants on or about October 1, 2014." *Id.* ¶ 20.  At other times, Plaintiffs refer to Mr. Moffatt and his fellow defendants Jeff Snow and Gregory Range as "Prior Director Defendants." *Id.* ¶ 21.  Adding further imprecision, Plaintiffs frequently lump in together allegations against the "ESOP Committee Defendants" and the "Prior Director Defendants," with those against the ESOP Trustee -- GreatBanc Trust Company ("GreatBanc"). *Id.* ¶ 31.  *See e.g.* First Claim for Relief ¶ 226.

---

[1] Mr. Moffatt incorporates by reference the relevant statements and legal arguments of his co-defendants, as set forth in their separately filed motions to dismiss, as if fully set forth herein.  Where appropriate, Mr. Moffatt will file joinders to such motions with the Court.

DEFENDANT GERALD MOFFATT'S
MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS

1   The only allegations relating to Mr. Moffatt individually concern his

2   employment and non-compete agreement with Republic, which are addressed in

3   regard to the Fifth Claim for Relief, and his involvement as a Rainbow executive

4   and director in Rainbow corporate transactions in Florida.   In this regard, Plaintiffs

5   allege that Mr. Moffatt, as a Rainbow officer and director, was involved in

6   Rainbow's formation in Florida in 2010 of "Southeast Renewables," a waste

7   recycling facility that ceased operations in 2013. *Id*. ¶¶ 65-71.  Plaintiffs further

8   allege that Rainbow in 2010 became a part owner of a separate business called

9   "West Florida Recycling," which filed for bankruptcy on March 31, 2014. *Id*. ¶¶

10  72-78.  Plaintiffs allege that because of Rainbow's Florida ventures the value of the

11  Rainbow stock owned by the ESOP decreased and that Mr. Moffatt and others had

12  an interest in the transactions. *Id*. ¶¶ 79-85.  As discussed below in the section

13  addressing Plaintiffs' Eighth Claim for Relief (Failure to Manage a Chose in

14  Action), Rainbow's Florida ventures have no connection or relevance to any

15  alleged ERISA claim in the Amended Complaint because they did not involve Plan

16  assets.

17  **III.   LEGAL STANDARD**

18  A claim must be dismissed if defects on the face of a complaint demonstrate

19  that the plaintiff cannot state a claim for relief. *See Fed. R. Civ. Proc.* 12(b)(6).

20  Although the material factual allegations of a complaint are assumed to be true,

21  under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("*Twombly*") and

22  *Iqbal, supra*, a complaint must state "enough facts to state a claim for relief that is

23  plausible on its face."  Under this "plausibility" standard, claims must not merely

24  be conceivable, but plausible.  "A claim has facial plausibility when the plaintiff

25  pleads factual content that allows the court to draw the reasonable inference that the

26  defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  This task is

27  "context-specific" and "requires the reviewing court to draw on its judicial

28  experience and common sense." *Id*. at 679.  Allegations will be deemed

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

DEFENDANT GERALD MOFFATT'S
MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

"implausible," if there are "obvious alternative explanation(s)" for the facts alleged by a plaintiff indicating lawful conduct. *Id*. at 682. Allegations must contain "more than labels and conclusions" or "formulaic recitations of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Conclusory allegations are "disentitle[d] . . . to the presumption of truth." *Iqbal*, 556 U.S. at 681.

Where allegations of other facts would be futile, a Court may dismiss claims without leave to amend. *Shreiber Distributing Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 401 (9th Cir. 1986). This is the case when facts are not in dispute and the sole issue is whether there is liability under substantive law. *Albrecht v. Lund*, 845 F.3d 193, 195-96 (9th Cir. 1988) (amendment to fraud complaint disallowed where misstatements "could not be misrepresentations" as a matter of law). Leave to amend may be denied when a plaintiff, as here, has been given an opportunity to amend, but has failed to cure deficiencies.[2] *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008).

## IV. DISCUSSION.

### A. The First Claim for Relief Does Not Allege a Claim Against Mr. Moffatt Because Plaintiffs Cannot Plausibly Allege That They Were Harmed By A Valuation That Was Three Months Old.

Plaintiffs' First Claim for Relief under ERISA § 404(a)(1)(A), (B), & (D) alleges that because the June 30, 2014 stock valuation used for the October 1, 2014 Republic Stock Purchase in some unspecified manner did not reflect the fair market value of the stock held by the ESOP that the Prior ESOP Committee Defendants and GreatBanc "breached their fiduciary duties." Amended Complaint ¶¶ 209-226.

---

[2] The parties previously engaged in an extensive meet and confer process, including submission of letters by some defendants to Plaintiffs regarding the issues that they had with the original complaint. *See* Docket Record 49 (at p. 3) (referencing submission by defendants of "written summaries of arguments that they would raise in a motion to dismiss the Initial Complaint, so that Plaintiffs may give further consideration to Stipulating Defendants' position and determine whether and in what manner to amend their Initial Complaint"). After receiving these letters, the Plaintiffs filed the Amended Complaint.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

This claim does not meet the *Twombly* and *Iqbal* standards because Plaintiffs make no attempt to connect the bare allegation that the valuation was three-months old to any violation of ERISA. Nor do they explain how the valuation was defective in methodology or otherwise did not reflect the fair market value of the stock.

Plaintiffs allege no facts that plausibly support the inference that the June 30, 2014 valuation was for anything other than fair market value or that the methodology of the valuation was somehow flawed (let alone that Rainbow's stock price rose between June 30, 2014 and October 1, 2014). Given that Plaintiffs themselves allege that the stock price was $11.43 in 2011, $7.48 in 2012, and $6.71 in 2013, it is implausible to allege that the stock would have increased in value in the remaining three months before the closing of the Republic Stock Purchase. *See* Amended Complaint ¶¶ 80, 83. Indeed, the named Plaintiffs allege that they received substantially more for their shares than the recent stock price of $6.71 a share. *Id.* ¶ 203 (Hurtado--$15.12 a share); ¶ 204 (Ortega--$14.98 a share); ¶ 205 (Quintero--$15.11 a share); ¶ 206 (Urquiza--$14.87 a share); ¶ 207 (Valadez--$15.09 a share).

Nor do the allegations that the valuation was "an annual valuation of the company" and that it was not "for the purposes of the transaction" plausibly mean that the valuation was not accurate and that the stock price would have gone up in the subsequent three months. *Id.* ¶ 219. An even more serious problem with these conclusory allegations is that Plaintiffs do not link the allegations regarding the alleged defects or improper timing of the valuation to any theory as to how the Plan suffered losses because of the allegedly improper valuation. Instead they merely allege (again, in a conclusory fashion) that "any loyal and prudent fiduciary acting consistent with the Plan Document would have concluded that the October 1, 2014 Transaction was not for fair market value" and "should have taken action to prevent the closing of the October 1, 2014 Transaction." *Id.* ¶¶ 224-25. They further allege that "[a]s a result of causing or permitting the sale of the Rainbow stock held by the

DEFENDANT GERALD MOFFATT'S
MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS

Rainbow ESOP in the October 1, 2014 Transaction, GreatBanc and the Prior ESOP Committee Defendants breached their fiduciary duties under ERISA §404(a)(1)(A), (B) and (D), 29 U.S.C. § 1104(a)(1)(A), (B) and (D) and caused losses to the Plan and the accounts of the Class Members." *Id.* ¶ 226.  Such conclusory allegations parroting the language of the statute are bereft of any factual support and are patently entitled to no credence by the Court under the *Twombly/Iqbal* standard. The First Claim for Relief should therefore be dismissed without leave to amend.

### B.    The Second Claim for Relief Does Not Allege a Claim Against Mr. Moffatt Because Plaintiffs Cannot Plausibly Allege That They Had A Right to Vote on the Republic Stock Purchase.

Plaintiffs' Second Claim for Relief alleges that the ESOP Committee Members and GreatBanc violated ERISA § 404(a)(1)(A), (B), & (D) by not allowing the shareholders to vote on the sale of Rainbow's stock to Republic. Although Plaintiffs attempt to cobble together a claim from unrelated provisions of the ESOP Plan Document, the Internal Revenue Code, and California Corporate law, the claim fails because a purchase of the *stock* of a company does not constitute an *asset* sale that requires a vote by participants.

The fact that the Plan Document provided for a voting right in regarding to the "sale of substantially all *assets* of a trade or business. . .," does not confer a voting right for a sale of the business' *stock*. Amended Complaint ¶ 229 (emphasis added).  The stock of a business is clearly not the same as its "assets."  *See* M. Hart, *ESOPs in Corporate Acquisitions:  What Every Buyer Should Know About the Target Company's ESOP*, 14 Benefits Law Journal 1, 13-14 (Spring 2001) ("[n]othing in the Internal Revenue Code or ERISA requires a pass-through [vote] in a stock sale. . . .   Section 409(e) does not require the participation of ESOP participants in the approval or disapproval of a sale of the target company's stock because a stock sale does not require a shareholder vote under state law . . .").

1    Moreover, it is irrelevant that the ESOP Committee members were allegedly

2    "made aware prior to October 2014 that the Rainbow ESOP participants *believe*

3    *that they* had the right to vote regarding the proposed sale." *Id.* ¶ 240 (emphasis

4    added).  The fact that Mr. Moffatt (or any other fiduciary) might have been told that

5    unspecified participants had a mistaken view of their rights does not create a legal

6    obligation to allow them to vote on a transaction when they have no right to do so

7    nor does it turn the failure to allow a vote into a breach of fiduciary duty under

8    ERISA.

9    Because the Second Claim for Relief has no legal basis and rests on

10   implausible allegations, it should be dismissed without leave to amend.

11   **C.    The Fourth Claim for Relief Does Not Allege a Claim Against Mr.**

12   **Moffatt Because Plaintiffs Cannot Plausibly Allege That**

13   **Additional Information Would Have Affected the Outcome of a**

14   **Transaction on Which They Had No Right to Vote.**

15   Plaintiffs' Fourth Claim for Relief alleges that ESOP Committee Members

16   and GreatBanc violated ERISA § 404(a)(1)(A), (B), & (D) by not disclosing

17   information regarding the October 1, 2014 Republic Stock Purchase to participants.

18   *See* Amended Complaint ¶ 258.  The alleged non-disclosures relate to provisions of

19   the Stock Purchase Agreement, the employment and non-compete agreements for

20   Mr. Moffatt and Mr. Snow, and other information that Plaintiffs allege should have

21   been disclosed to participants.  *Id.*  Plaintiffs therefore seek "to bring a suit to

22   compel the trustee and other fiduciaries of the Plan to provide such financial

23   information." *Id.* ¶ 260.  Plaintiffs further allege that because of the non-

24   disclosures "they have been dissuaded from taking action to protect their rights and

25   benefits." *Id.* ¶ 261.

26   The Fourth Claim for Relief fails against Mr. Moffatt and other defendants

27   because Plaintiffs do not plausibly allege that they had any right to obtain further

28   information about a transaction as to which they had no right to vote.  Moreover,

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

DEFENDANT GERALD MOFFATT'S
MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1   Plaintiffs have not alleged that the outcome of the transaction would have been

2   different if defendants had provided more information to the Plan's participants and

3   beneficiaries.  The claim that Plaintiffs were "dissuaded" from acting is also

4   implausible on its face, because Plaintiffs have *not* been dissuaded.  Indeed, they

5   brought this lawsuit and have filed a 120-page amended complaint.  In short,

6   Plaintiffs do not plausibly allege that they have been harmed by the alleged failure

7   to provide participants with further information regarding the Republic Stock

8   Purchase and that providing such information after the fact could alter the outcome

9   of a closed transaction.

10   **D.   The Fifth Claim for Relief Does Not Allege a Plausible Claim**

11   **Against Mr. Moffatt Because His Employment and Non-Compete**

12   **Agreement with Republic Did Not Violate ERISA Section 406 as a**

13   **Matter of Law Because It Did Not Involve ESOP Plan Assets.**

14   Plaintiffs' Fifth Claim for Relief, which is brought solely against Mr. Moffatt

15   and defendant Jeff Snow, alleges that they violated the interested transaction

16   provisions of ERISA, §§ 406(b)(1) & 3, 29 U.S.C. §§ 1106(b)(1) and (b)(3), by

17   entering into employment and non-compete agreement with Republic.  Plaintiffs

18   further allege that, after October 1, 2014, Messrs. Moffatt and Snow were employed

19   by Republic in a new business unit located in Huntington Beach.  *See* Amended

20   Complaint ¶¶ 263-270.  Plaintiffs do not allege that either Mr. Moffatt or Mr. Snow

21   were paid with Plan assets.  Indeed, it is clear from the allegations of the Fifth

22   Claim that they were paid by Republic.

23   On its face, the barebone allegations of the Fifth Claim for Relief do not state

24   a claim for relief against either defendant.  ERISA §406(b)(1) only prohibits a

25   fiduciary from "deal[ing] with the *assets of the plan* in his own interest or for his

26   own account" (emphasis added).  The allegations for the claim do not state that Mr.

27   Moffatt ever dealt with the assets of the ESOP in "his own interest or for his own

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1  account."  Indeed, Mr. Moffatt and Mr. Snow entered into their agreements with

2  Republic and are not alleged to have received any money from Plan assets.

3  ERISA Section 406(b)(3), which prohibits a fiduciary from "receiv[ing] any

4  consideration for his own personal account from any party dealing with such plan in

5  connection with a transaction involving the assets of the plan" is also inapplicable

6  to Mr. Moffatt's employment and non-compete agreement because it was not a

7  transaction "involving the assets of the plan."  "To determine whether a particular

8  item constitutes an 'asset of the plan,' it is necessary to determine whether the item

9  in question may be used to the benefit (financial or otherwise) of the fiduciary at the

10  expense of plan participants or beneficiaries."  *Acosta v. Pacific Enterprises*, 950

11  F.2d 611, 620 (9th Cir. 1991).

12  In this instance, Plaintiffs do not allege that Mr. Moffatt was paid by

13  Republic at the expense of the participants of the Plan.  Indeed, the far more

14  plausible explanation is that Republic entered into employment and non-compete

15  agreements with Messrs. Moffatt and Snow so that there would be continuity in

16  business operations after Republic purchased the stock of Rainbow and to avoid the

17  harm that would have occurred if Messrs. Moffatt and Snow had set themselves up

18  in competition with Republic.  The Court should therefore not accept as true

19  Plaintiffs' implausible allegations because they would render common business

20  conduct illegal.  *See Iqbal* at 682 (allegations are implausible if there are "obvious

21  alternative explanation(s)" for the facts alleged indicating lawful conduct).

22  ERISA Section 406(b)(3) also does not apply to the employment and non-

23  compete agreements because there was no underlying "transaction involving the

24  assets of the plans."   Republic purchased Rainbow's *stock* belonging to the ESOP,

25  not the "assets of the plan."  Under regulations applicable to ESOPs, the

26  outstanding equity interests of an ESOP Plan are not considered "plan assets."  *See*

27  29 CFR 2510.3-101(h)(3) ("plan assets" includes ownership of the outstanding

28  equity interests of an entity, *except* where "the outstanding equity interests in an

entity are qualifying employer securities described in section 407(d)(5) of [ERISA], owned by one or more eligible individual account plan(s) (as defined in section 407(d)(3) of the Act) maintained by the same employer, provided that substantially all of the participant(s) in the plan(s) are, or have been, employed by the issuer of such securities or by members of a group of affiliated corporations (as determined under section 407(d)(7) of the Act) of which the issuer is a member"). *See also Johnson v. Couturier*, 572 F.3d 1067, 1080 (9th Cir. 2009) ("corporate assets are not plan assets where the plan is an ESOP").

For the foregoing reasons, the Court should dismiss the Fifth Claim for Relief in its entirety without leave to amend.

### E.   The Sixth Claim for Relief Does Not Allege a Claim Against Mr. Moffatt Because the Employment and Non-Compete Agreements Were Not Funded By And Did Not Involve ESOP Plan Assets.

Plaintiffs' Sixth Claim for Relief alleges that Defendants GreatBanc, Moffatt and Snow violated ERISA § 406(a)(1)(D) because Mr. Moffatt and Mr. Snow entered into employment and non-compete agreements with Republic.

As earlier noted, this claim must fail because Plaintiffs do not allege that either Mr. Moffatt or Mr. Snow was paid with "assets of the plan."  Indeed, Plaintiffs allege that both individuals were paid by Republic.  Plaintiffs attempt to sidestep this fatal problem by alleging that all of Republic's assets were potentially "plan assets."  Thus Plaintiffs allege that "[a]ny difference between what Republic Services paid or would have paid or what was received by Rainbow ESOP participants, that would have increased the amount that the funds received by the Rainbow ESOP participants from the sale of the assets of the Plan if Defendants Moffat [sic] and Snow not received the benefits of these agreements that ensure their continued employment constitutes a direct or indirect transfer to, use by or for the benefit of a party interest of the assets of the Rainbow ESOP and two parties in

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

DEFENDANT GERALD MOFFATT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1    interest, Defendants Moffat [sic] and Snow, within the meaning of ERISA §

2    406(a)(1)(D), 29 U.S.C. §1106(a)(1)(D)." Amended Complaint ¶ 278.

3        Although this rambling allegation is perhaps purposefully opaque, Plaintiffs

4    cannot allege any plausible facts to support the inference that money paid to

5    Messrs. Moffatt and Snow for an employment and non-compete agreement by

6    Republic came out of the pockets of ESOP participants.   Indeed, such an allegation

7    is highly improbable because the Republic Stock Purchase transaction would most

8    likely not have gone forward if Messrs. Moffatt and Snow had not come on board

9    Republic to ensure the continuity of the enterprise and had not promised that they

10   would not compete with Republic.  Moreover, as earlier noted, Participants

11   received a premium for their shares well in excess of the recent stock price.  Under

12   the circumstances, the Court should dismiss the Sixth Claim for Relief because it

13   does not meet the *Twombly/Iqbal* plausibility test.

14       **F.    The Eighth Claim for Relief Does Not Allege a Plausible Claim**

15           **Against Mr. Moffatt Because Rainbow's Florida Transactions Did**

16           **Not Involve ESOP Plan Assets.**

17       Plaintiffs' Eighth Claim for Relief for "failure to manage a chose in action"

18   alleges that Mr. Moffatt and other fiduciaries of the plan did not pursue claims for

19   breach of "corporate fiduciary duties" against Rainbow's officers and directors in

20   regard to Rainbow's transactions in Florida.  Amended Complaint ¶ 296.  Plaintiffs

21   allege that the failure of the Prior ESOP Committee and GreatBanc to pursue claims

22   (in some instances, against themselves) constitutes a violation of ERISA §

23   404(a)(1)(A) and (B).

24       Absurd as it is to allege that Mr. Moffatt had an obligation to sue himself, it

25   is even more implausible to allege that any ERISA fiduciary has an obligation to

26   pursue a claim for breach of fiduciary duty against corporate officers who were

27   investing corporate—not ESOP—assets in business ventures.  Notably, Plaintiffs

28   *do not allege* that any of these transactions involved Plan assets.  Indeed, they

DEFENDANT GERALD MOFFATT'S
MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS

allege that they involved *Rainbow's* assets.  *See* Amended Complaint ¶ 65 (Rainbow "expand[ed]" its business operation by "form[ing] subsidiaries" in Florida); ¶ 75 (Rainbow an "owner" of West Florida Recycling).  Nor do Plaintiffs allege that the decisions of Mr. Moffatt and his colleagues or any ownership interest that they had in the Florida entities were breaches of ERISA fiduciary duty.  Even if these actions were alleged to be breaches of *corporate* fiduciary duty, they may have fallen within the business judgment rule.  *See Gaillard v. Natomas Co.*, 208 Cal. App. 3d 1250, 1263 (1989) ("common law 'business judgment rule' refers to a judicial policy of deference to the business judgment of corporate directors in the exercise of their broad discretion in making corporate decisions.")

The Eighth Claim for Relief should therefore be dismissed because alleged breaches of corporate fiduciary duty that do not involve the assets of a plan do not give rise to claims under ERISA.  Indeed, under Plaintiffs' logic, any action by any corporate director or officer with which ERISA participants disagreed could be transformed into an ERISA violation.

### G.    The Eleventh Claim for Relief Does Not Allege a Claim Against Mr. Moffatt Because The Underlying Transactions Did Not Violate ERISA.

The Eleventh Claim for Relief for breach of the duty to monitor should be dismissed for the reasons that the First, Second, Fourth, Sixth, and Eighth Claims for Relief should be dismissed.  Plaintiffs have merely recycled those claims into a failure to monitor.  Plaintiffs thus allege that the failure to provide an updated valuation, the failure to allow the participants to vote, the failure to make disclosures, allowing prohibited transactions, and the failure to "manage a chose in action" were also failures to monitor under ERISA § 404(a)(1)(A) & (B).  Given that the underlying ERISA claims must be dismissed, the monitoring claim should be dismissed as well.  *See In re Calpine Corp.*, 2005 WL 1431506, at *6 (N.D. Cal.

Mar. 31, 2005) (dismissing claim based on duty to monitor when underlying claim dismissed).

**H.  The Twelfth Claim for Relief Does Not Allege a Claim Against Mr. Moffatt Because Rainbow's Florida Investment Did Not Violate ERISA.**

Plaintiffs also refashion their ERISA claims as breaches of co-fiduciary duty. Because the underlying ERISA claims must be dismissed, Plaintiffs cannot resuscitate the claims by dressing them up in new clothes.  Indeed, Plaintiffs' refashioning of these claims leads to the absurdity that they allege in Paragraph 354(d) that Mr. Moffatt should have known that he (Moffatt) had not properly managed a chose in action against himself.  Because they do not meet the plausibility test under *Twombly/Iqbal* and the underlying ERISA claims are defective, the Court should dismiss this claim as well.  *See Harris v. Amgen, Inc., 2010 WL 744123, *14* (C.D. Cal. Mar. 2, 2010) (cannot state claim for co-fiduciary liability without stating claim for breach of fiduciary duty under ERISA).

**I.  The Fourteenth Claim for Relief Does Not Allege a Claim Against Mr. Moffatt Because the Indemnification Provision Does Not Violate ERISA As A Matter of Law.**

Plaintiffs' Fourteenth Claim for Relief seeks to invalidate the indemnity provision of the Plan Document, claiming that it would relieve a fiduciary from responsibility for breaches of fiduciary duty.  This claim must fail because a very similar provision has been found by this Court not to violate ERISA § 410(a) as a matter of law.  *See Harris v. GreatBanc Tr. Co.,* 2013 WL 1136558 at *3 (C.D.Cal. Mar. 15, 2013).  Moreover, under the provision in question, there would be no indemnification where a fiduciary is found liable for a breach of fiduciary duty by judgment from which no appeal can be taken.  The indemnity provision is thus proper and this claim should be dismissed without leave to amend.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

DEFENDANT GERALD MOFFATT'S
MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS

# V.    CONCLUSION

For the reasons set forth above, Mr. Moffatt asks that the Court dismiss without leave the claims for relief alleged against him in the Amended Complaint, *i.e.*, Claims for Relief 1-2, 4-6, 8, 11-12 and 14.

Respectfully Submitted,

DATED:  March 21, 2018                    GREENBERG GLUSKER FIELDS
                                          CLAMAN & MACHTINGER LLP


                                          By:/s/ *Timothy J. Toohey*
                                             TIMOTHY J. TOOHEY
                                             Attorneys for Defendant Gerald Moffatt

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

DEFENDANT GERALD MOFFATT'S
MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS