# EXHIBIT 2

AMENDMENT NO. 1
TO THE
RAINBOW DISPOSAL CO., INC.
EMPLOYEE STOCK OWNERSHIP PLAN
As Amended and Restated Effective as of July 1, 2004

WHEREAS, Rainbow Disposal Co., Inc. (the "Company") established and maintains the Rainbow Disposal Co., Inc. Employee Stock Ownership Plan, amended and restated effective as of July 1, 2004 (the "Plan") for the benefit of its eligible Employees; and

WHEREAS, the Company desires to amend the Plan to (i) to comply with provisions of the final regulations issued under Section 415 of the Internal Revenue Code governing post-severance compensation, (ii) to clarify certain provisions of the Plan related to forfeiture and restoration of account balances, and (iii) to allow distributions from the Plan to non-spouse beneficiaries in the form of rollovers to an individual retirement plan, as authorized by the Pension Protection Act of 2006.

NOW, THEREFORE, the Plan as previously amended is hereby amended as follows, effective as of July 1, 2007:

**1.   Section 2 (Definitions) is amended by adding the following provision to the end of the definition of "Compensation":**

"and, effective as of July 1, 2007, any post-severance payment not described in Section 1.415(c)-2(e)(3)(ii) of the Treasury Regulations shall be excluded."

**2.   Section 10 (Vesting and Forfeitures) is amended by replacing subsections 10(b) and 10(c) with the following provisions:**

(b)   Forfeitures – If a non-vested Participant terminates Service, the balances of his Accounts shall be deemed to have been distributed upon his termination of Service and shall be forfeited as of such date. If the Accounts of a vested Participant are payable but the Participant (or if payment is due to a beneficiary, then such beneficiary) cannot be found by the Committee, then such Accounts shall be forfeited as of the date the Committee determines that the Participant (or beneficiary, if applicable) cannot be found. Forfeitures shall first be charged against a Participant's Other Investments Account, with any balance charged against his Company Stock Account (at Fair Market Value). Financed Shares shall be forfeited only after other shares of Company Stock have been forfeited. All Forfeitures will be reallocated to the

Accounts of remaining Participants, as provided in Section 6(a), as of the Accounting Date of the Plan Year in which the Forfeiture occurs.

(c) <u>Restoration of Forfeited Amounts</u> - If a non-vested Participant is reemployed by the Company prior to the occurrence of a five-consecutive-year Break in Service (or if a claim for benefits is made by a Participant or his beneficiary, as the case may be, whose Accounts were forfeited because he could not be located), any portion of his Accounts attributable to the prior period of Service that was forfeited shall be restored (without gains or losses from the date of Forfeiture) as if there had been no Forfeiture. Such restoration shall be made out of Forfeitures occurring in the Plan Year of reemployment (or benefit payment, in the case of a participant or beneficiary who could not be located) prior to the allocation under Section 6(a). To the extent such Forfeitures are not sufficient, the Company shall make a special contribution to the Participant's restored Accounts. Any amount so restored to a Participant shall not constitute an Annual Addition under Section 7(a).

**3. Section 14 (How Capital Accumulation Will Be Distributed) is amended by adding a new provision to the end of Section 14(e) to read as follows:**

Effective as of July 1, 2007, the provisions of this Section 14(e) shall apply to any designated beneficiary of a Participant; provided, however, that with respect to a beneficiary who is not (i) a spouse; (ii) a former spouse who is an alternate payee under a qualified domestic relations order, as defined in Section 414(p) of the Code; or (iii) the surviving spouse of the Participant, the rollover must be a direct trustee to trustee transfer from the Plan to an individual retirement plan that is (1) either an individual retirement account described in Section 408(a) of the Code or an individual retirement annuity described in Section 408(b) of the Code, and (2) established to hold only the rolled over amounts and is treated as an inherited individual retirement plan as required under Section 408(d)(3)(C) of the Code.

To record this Amendment No. 1 of the Plan, the Company has caused it to be executed on this 1 day of July 2009.

RAINBOW DISPOSAL CO., INC.

By _____