# EXHIBIT 8

# GREATBANC TRUST COMPANY

## AMENDMENT TO TRUSTEE ENGAGEMENT AGREEMENT

This Amendment to the Original Engagement Agreement (this "Amendment") is made and entered into this 10th day of July 2014, by and between GreatBanc Trust Company, an Illinois corporation, as trustee of the Rainbow Disposal Co, Inc. Employee Stock Ownership Plan (the "Trustee"), and Rainbow Disposal Co, Inc., a California corporation (the "Company"). This Amendment amends that certain Original Engagement Agreement (defined below).

## RECITALS

The Company and the Trustee entered into a Successor Trustee Engagement Agreement, dated October 2, 2002, as amended (the "Original Engagement Agreement"), pursuant to which the Company engaged the Trustee to act as trustee of the Company's employee stock ownership plan (the "Plan") and the trust, which forms a part of the Plan, designed to hold employer stock and other contributions made to the Plan (the "Trust").

The Company and the Trustee desire to enter into this Amendment to the Original Engagement Agreement to review a proposed transaction involving a sale of all of the issued and outstanding stock of the Company to Republic Services, Inc. ("Buyer", with the proposed transaction hereinafter referred to as the "Proposed Transaction"). This Amendment sets forth additional terms and conditions related to the Trustee's analysis of the Proposed Transaction in its capacity as Trustee of the ESOP trust which holds 100% of the issued and outstanding stock of the Company.

## AGREEMENT

In consideration of the mutual covenants and agreements set forth in this Agreement, the parties agree as follows:

1. **Appointment of Trustee.** The Trustee has advised the Company that it intends to conduct procedures to evaluate, negotiate and finalize the Proposed Transaction for the benefit of the ESOP Trust and expects such activities to involve distinct effort and attention of the Trustee in a limited period of time and that the Trustee expects to engage an independent financial advisor and independent legal counsel to assist it in the Proposed Transaction. The Trustee has requested assurance that it will be appropriately



compensated for the efforts it undertakes in this regard and that the Company will timely pay its expenses for related professional fees it incurs.

2. <u>Due Diligence Investigation</u>. In order to enable the Trustee to properly evaluate the Proposed Transaction, the Company shall deliver to the Trustee all information regarding the finances and operations of the Company and of Buyer that the Trustee shall reasonably request. In addition, the Company shall grant to the Trustee and its advisors reasonable access to the officers and directors of the Company and shall provide to the Trustee all information requested by the Trustee relating to the actions of the Company's Board of Directors relating to past, present, and projected business affairs of the Company.

3. <u>Transaction Responsibility Fee</u>. The Company shall pay to the Trustee the sum of $175,000 as compensation for the exercise by the Trustee of its fiduciary responsibility in connection with the evaluation of the Proposed Transaction, subject to the following terms. This fee shall be paid in three installments. The first installment of $87,500 shall be due and payable upon the signing of this Agreement. The second installment of $43,750 shall be due and payable as of the date the GreatBanc Fiduciary Committee meets to consider whether the Trustee shall enter into the Stock Purchase Agreement, regardless of whether the GreatBanc Fiduciary Committee approves the Trustee entering into the Stock Purchase Agreement, or August 1, 2014, whichever is earlier. The third installment of $43,750 shall be due and payable as of the date the GreatBanc Fiduciary Committee has met to consider final approval of the Proposed Transaction, regardless of whether or not the GreatBanc Fiduciary Committee approves the Proposed Transaction, or September 1, 2014, whichever is earlier. In the event that the Proposed Transaction should be structured in a manner that would require the involvement of the Trustee to a greater extent than is contemplated as of the execution of this Agreement, the Trustee will be entitled to an additional fee commensurate with its increased responsibilities and fiduciary liability.

4. <u>Retention of Financial Advisor</u>. The Trustee will engage the services of a qualified independent financial advisor, who will report directly to the Trustee and not to the Company. The Trustee or the financial advisor will be entitled to timely periodic payment by the Company of all fees and expenses of the financial advisor. All fees and expenses of the financial advisor that are incurred by the Trustee up to and including the Closing shall be paid by the Company at the Closing.

5. <u>Retention of Legal Counsel</u>. The Trustee will engage its own independent legal counsel. The Trustee and its legal counsel shall be entitled to timely periodic payment by the Company for all fees and expenses of the Trustee's legal counsel. All legal fees and expenses which are incurred by the Trustee up to and including the Closing

shall, if not sooner paid, be paid by the Company at the Closing. The Trustee intends to engage Holland & Knight as its legal counsel.

      6.    <u>Indemnification</u>. Section 15 of the Original Engagement Agreement shall be deleted in its entirety and replaced with the following:

"<u>Indemnification</u>. For purposes of this Agreement, the term "Indemnitees" shall mean the Trustee and its officers, directors, employees and agents. Subject to the applicable provisions of ERISA, the Company and any subsidiaries (collectively, the "Indemnitors") shall jointly and severally release, indemnify and hold harmless the Indemnitees for any loss, cost, expense, or other damage, including (but not limited to) attorney's fees suffered by any of the Indemnitees resulting from, or incurred with respect to, any legal proceedings, actions, suits, arbitrations and investigations related in any way to the performance of services by any one or more of the Indemnitees pursuant to this Agreement and the Trust (the "Right of Indemnification"). The Right of Indemnification provided for in this Section 14 shall survive the removal or resignation of the trustee, and shall further extend to: (a) any action taken or not taken in good faith by any of the Indemnitees and (b) all reasonable costs and expenses incurred by the Indemnitees in enforcing the Right of Indemnification, including, but not limited to, reasonable attorney's fees and court costs. However, the Right of Indemnification shall not apply to the extent that any loss, cost, expense, or damage with respect to which any of the Indemnitees shall seek indemnification is held by a court of competent jurisdiction, in a final judgment from which no appeal can be taken, to have resulted either from the gross negligence or from the willful misconduct of one or more of the Indemnitees or from the violation or breach of any fiduciary duty imposed under ERISA on any one or more of the Indemnitees. An Indemnitee who receives an advancement of fees or expenses from the Company pursuant to this paragraph shall make arrangements reasonably satisfactory to the Company to ensure that such Indemnitee will reimburse the Company for such advancements in the event it is determined the Indemnitee is not entitled to retain such amounts hereunder."

      7.    <u>Miscellaneous</u>. Except as set forth herein, the provisions of the Original Engagement Agreement, including those related to indemnification of the Trustee, shall survive in full force and effect in accordance with their terms.



**IN WITNESS WHEREOF**, the Company and the Trustee have caused this Amendment to be signed as of the day and year first written above.

<u>**GREATBANC TRUST COMPANY**</u>

By:_____

Its:_____

<u>**RAINBOW DISPOSAL CO., INC.**</u>

By: /s/ _____

Its: Executive Chairman

IN WITNESS WHEREOF, the Company and the Trustee have caused this Amendment to be signed as of the day and year first written above.

GREATBANC TRUST COMPANY

By: /s/ James Arul

Its: President & CEO

RAINBOW DISPOSAL CO., INC.

By: _____

Its: _____