Joseph C. Faucher, No. 137353
TRUCKER ✦ HUSS, APC
633 W. 5th Street, 26th Floor
Los Angeles, CA 90071
Telephone: (213) 537-1016
Facsimile: (213) 537-1020
E-mail: jfaucher@truckerhuss.com

Dylan D. Rudolph, No. 278707
TRUCKER ✦ HUSS, APC
One Embarcadero Center, 12th Floor
San Francisco, CA 94111
Telephone: (415) 788-3111
Facsimile: (415) 421-2017
E-mail: drudolph@truckerhuss.com

Attorneys for Defendant
GREATBANC TRUST COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ANTONIO HURTADO, CHRISTOPHER ORTEGA, JOSE QUINTERO, MARITZA QUINTERO, JORGE URQUIZA, and MARIA VALADEZ, individually and on behalf of a class of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>RAINBOW DISPOSAL CO., INC. EMPLOYEE STOCK OWNERSHIP PLAN COMMITTEE, GERALD MOFFATT, JEFF SNOW, GREGORY RANGE, JON BLACK, CATHARINE ELLINGSEN, BILL EGGLESTON, MARK R. CLATT, BRIAN M. DELGHIACCIO, STEVEN H. EDDLEBLUTE, BRIAN A. GOEBEL, GREATBANC TRUST COMPANY, RAINBOW DISPOSAL, CO. INC., REPUBLIC SERVICES, INC.,<br><br>Defendants. | Case No. 8:17-cv-01605-JLS-DFM<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT GREATBANC TRUST COMPANY'S MOTION TO DISMISS PLAINTIFFS' "AMENDED COMPLAINT FOR VIOLATIONS OF ERISA"**<br><br>**Fed. R. Evid. 201**<br><br>**DATE:** July 6, 2018<br>**TIME:** 2:30 p.m.<br>**CTRM:** 10A |

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT GREATBANC TRUST COMPANY'S MOTION TO DISMISS; Case No. 8:17-cv-01605-JLS-DFM

1

## I. **INTRODUCTION**

Pursuant to Federal Rule of Evidence 201 and the authorities cited below, Defendant GreatBanc Trust Company ("GreatBanc") hereby requests that the Court take judicial notice of the following Exhibits 1-12 attached to the Declaration of James E. Staruck in support of GreatBanc's Motion to Dismiss Plaintiffs' "Amended Complaint for Violations of ERISA" ("Staruck Dec.") concurrently filed with this Request, and incorporated herein by reference:

**Exhibit 1.** Rainbow Disposal Co., Inc. Employee Stock Ownership Plan (the "ESOP") Plan Document, as amended and restated effective July 1, 2004.

**Exhibit 2.** Amendment No. 1 to the ESOP Plan Document, dated July 1, 2009.

**Exhibit 3.** Amendment No. 2 to the ESOP Plan Document, dated December 22, 2009.

**Exhibit 4.** Amendment No. 3 to the ESOP Plan Document, dated August 6, 2010.

**Exhibit 5.** Amendment No. 4 to the ESOP Plan Document, dated August 25, 2014.

**Exhibit 6.** Amendment No. 5 to the ESOP Plan Document, dated October 1, 2014.

**Exhibit 7.** Successor Trustee Engagement Agreement between Rainbow Disposal Co. Inc. ("Rainbow") and GreatBanc, dated October 7, 2002.

**Exhibit 8.** Amendment to Trustee Engagement Agreement, dated July 10, 2014.

**Exhibit 9.** Rainbow Disposal Co., Inc. Employee Stock Ownership Trust Agreement (the "Trust Agreement"), as amended and restated effective January 1, 1999.

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT GREATBANC TRUST COMPANY'S MOTION TO DISMISS; Case No. 8:17-cv-01605-JLS-DFM

2

Trucker ♦ Huss
A Professional Corporation
One Embarcadero Center, 12th Floor
San Francisco, California 94111

1      **Exhibit 10.** Amendment No. 1 to the Trust Agreement, dated June 30, 2004.

2      **Exhibit 11.** Amendment No. 2 to the Trust Agreement, dated July 1, 2014.

3      **Exhibit 12.** Amendment No. 3 to the Trust Agreement, dated October 1, 2014.

4 **II.**    **REQUEST FOR JUDICIAL NOTICE**

5      Pursuant to Federal Rule of Evidence 201, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The Court may consider documents if: "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *Knieval v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). *See also Haseeb v. Colvin*, No. 15 03931, 2015 WL 9258086, at *1 (N.D. Cal. Dec. 18, 2015) (finding that the "documents attached to the Declaration . . . are ones upon which [Plaintiff's] complaint depends and so the court considers them"). When deciding a motion to dismiss, the Court may take into consideration the full text of documents that are referenced in the complaint without converting the motion to dismiss into a motion for summary judgment. *See Knieval*, 393 F.3d at 1076 (holding that courts may take into account documents under the "incorporation by reference" doctrine, where the plaintiff's claim depends on the contents of a document even though the plaintiff did not explicitly allege the contents of that document in the complaint).

     Each of the documents that are attached to the Staruck Dec. as Exhibits 1 through 12, satisfy the requirements set forth above and, therefore, may properly be considered by the Court in ruling on GreatBanc's Motion to Dismiss Plaintiffs' Amended Complaint.

26 ///

27 ///

28

**A.      The ESOP Plan Document, and Amendments Nos. 1-5 to the ESOP Plan Document (Exhibits 1-6).**

The ESOP Plan Document and Amendments Nos. 1-5 to the ESOP Plan Document should be judicially noticed because Plaintiffs' Amended Complaint references these documents, they are central to Plaintiffs' claims, and their authenticity cannot be disputed.  Throughout their Amended Complaint, Plaintiffs explicitly refer to and rely on the ESOP Plan Document (*see, e.g.,* Dkt. 57, ¶¶ 21, 25, 30, 53, 56) and the Amendments to the ESOP Plan Document (*see, e.g.,* Dkt. 57, ¶ 34 ("ESOP Plan Document has been amended several times since July 1, 2004, including most recently by Amendment No. 5 on October 1, 2014")).  Plaintiffs rely on the ESOP Plan Document and Amendments to the ESOP Plan Document in support of Counts I, II, III, VI, VIII, X, XII, and XIV, which specifically refer to the documents and quote language from the documents.  Given that Plaintiffs reference and, at times, recite information from these documents, the authenticity of these documents (Staruck Dec., Exhs. 1-6) cannot be disputed.

**B.      The Successor Trustee Engagement Agreement, and Amendment to the Trustee Engagement Agreement (Exhibits 7-8).**

The Successor Trustee Engagement Agreement and Amendment to the Successor Trustee Agreement should be judicially noticed because Plaintiffs' Amended Complaint references these documents, they are central to Plaintiffs' claims, and their authenticity cannot be disputed.  Throughout their Amended Complaint, Plaintiffs explicitly refer to and rely on the Successor Trustee Agreement and Amendment to the Successor Trustee Agreement. (*See, e.g.,* Dkt. 57, ¶¶ 114, 115, 382, 383.)  Plaintiffs also rely on the Successor Trustee Agreement and Amendment to the Successor Trustee Agreement in support of Count XIV, which specifically refers to the documents and quotes language from the documents.  Given that Plaintiffs reference and, at times, recite information from these documents, the authenticity of these documents (Staruck Dec., Exhs. 7-8) cannot be disputed.

### C. Trust Agreement, and Amendments Nos. 1-3 to the Trust Agreement (Exhibits 9-12).

The Trust Agreement and Amendments Nos. 1-3 to the Trust Agreement should be judicially noticed because Plaintiffs' Amended Complaint references these documents, they are central to Plaintiffs' claims, and their authenticity cannot be disputed. Throughout their Amended Complaint, Plaintiffs explicitly refer to and rely on the Trust Agreement and Amendments thereto. (*See, e.g.,* Dkt. 57, ¶¶ 117-125, 291.) Plaintiffs rely on the Trust Agreement and the Amendments to the Trust Agreement in support of Counts VIII, X, and XII. Given that Plaintiffs reference and, at times, recite information from these documents, the authenticity of these documents (Staruck Dec., Exhs. 9-12) cannot be disputed.

## III. CONCLUSION

For the foregoing reasons, GreatBanc respectfully requests that the Court take judicial notice of Exhibits 1 through 12 of the Staruck Dec. filed in support of GreatBanc's Motion to Dismiss Plaintiffs' Amended Complaint.

DATED: March 21, 2018

TRUCKER ✦ HUSS, APC

By: /s/ Joseph C. Faucher
Joseph C. Faucher
Dylan D. Rudolph
Attorneys for Defendant
GREATBANC TRUST COMPANY

Trucker ✦ Huss
A Professional Corporation
One Embarcadero Center, 12th Floor
San Francisco, California 94111

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT GREATBANC TRUST COMPANY'S MOTION TO DISMISS; Case No. 8:17-cv-01605-JLS-DFM
5