# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN (SANTA ANA) DIVISION

| | |
|---|---|
| ANTONIO HURTADO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>RAINBOW DISPOSAL CO., INC. EMPLOYEE STOCK OWNER-SHIP PLAN COMMITTEE, et al.<br><br>Defendants. | Case No.: 8:17-cv-01605-JLS-DFM<br><br><br>PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION<br><br>[DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE DOUGLAS F. MCCORMICK] |

*HURTADO, et al., v. RAINBOW, et al.,* Case No. 17-cv-1605-JLS-DFM
PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION

The Parties' dispute regarding the specific terms of a protective order (Dkt. 125) came on for hearing on October 16, 2018. Having read, heard and considered the arguments of the parties, and good cause appearing, the court issued its order thereon on October 17, 2018 (Dkt. 127). Wherefore, the court hereby enters the following Protective Order:

1. <u>PURPOSES AND LIMITATIONS – GOOD CAUSE STATEMENT</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation may be warranted. Specifically, the Parties expect to designate the following materials as protected:

- *Plaintiffs*: Personnel records of Plaintiffs and putative class members; ESOP account and similar financial information for Plaintiffs and the Putative Class;
- *Defendants*: Sensitive business and financial information regarding business strategies and practices, pricing, research and development efforts, and financial conditions, confidential and private financial and medical information of customers, current and former employees, and third parties, and information which is privileged or otherwise protected from disclosure pursuant to federal or state statutes, court rules, case decisions and orders, or common law. Defendants expect that certain otherwise discoverable information that contains information of direct interest to their market competitors, such as strategic business plans, pricing information, and other similar information that could place Defendants at a competitive disadvantage even if designated as "CONFIDENTIAL" hereunder, will likely be designated as "HIGHLY CONFIDENTIAL" pursuant to the terms described below.

Accordingly, the parties hereby stipulate to and petition the court to enter the following Protective Order. The parties acknowledge that this Order does not confer blanket

protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. <u>DEFINITIONS</u>

2.1 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3 <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.5 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation, along with his or her employees and support personnel, who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action. "Expert" shall not include (a) a current employee of a competitor of Republic

Services, Inc. or Rainbow Disposal Co., Inc., or (b) an individual who anticipated at the time of his or her retention as an expert or consultant that he or she might become an employee of such a competitor in the future.

2.7 "HIGHLY CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), that are extremely sensitive information, and whose disclosure to a Party or non-Party would cause a substantial risk of injury that could not be avoided by less restrictive means.

2.8 House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 Protected Material: any Disclosure or Discovery Material that is designated as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.15 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law; or (3) the distribution of all

proceeds, whether by settlement or judgment, to any Class certified under Federal Rule of Civil Procedure Rule 23.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to material that qualifies under the appropriate standards. Mass, indiscriminate or routinized designations are prohibited.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each page of the document for which the Designating Party claims such a designation. But if the document is being produced in electronic native format, the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation should be made on a slipsheet that accompanies the subject document and makes clear the designation applicable to that document.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed

"HIGHLY CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must apply the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" legend as previously described.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record before the conclusion of the deposition all protected testimony at the time it is given. If a transcript is prepared, a Party may designate material not designated during the deposition, and shall identify such testimony through written notice to the other Parties within 14 calendar days of receiving the transcript. Documents previously designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall retain their designation when used as deposition exhibits, and testimony directly relating to such documents shall automatically be deemed to have the same designation as the document, whether or not a Party so states on the record during the deposition(s). Such "automatic" designations shall still be subject to the provisions of Section 6 ("CHALLENGING CONFIDENTIALITY DESIGNATIONS"), below.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. Absent prejudice to a Receiving Party, an inadvertent failure to properly designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Following a change of designation, the Receiving Party must make reasonable

efforts to assure that the material is treated consistently with the revised designation and in accordance with the provisions of this Order. Nothing in this paragraph limits a Receiving Party's ability to challenge a Designating Party's revised designation.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

    6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. The Designating Party shall then become the "moving party" as that term is used in Civil Local Rule 37-1, and the parties shall comply with the requirements imposed by Civil Local Rules 37-1 through 37-4, and in Section 6.3, below.

    6.3 <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, and do not agree to invoke the "informal telephonic conference" prescribed on Magistrate McCormick's standing Procedures (https://www.cacd.uscourts.gov/honorable-douglas-f-mccormick), then the Designating Party and the Challenging Party shall jointly prepare a stipulation in accordance with the provisions of Local Rule 37-2 through 37-4. The Designating Party shall initiate the preparation of the stipulation in accordance with Local Rule 37-2.2 within 14 days of any party asserting that that the meet and confer process will not resolve their dispute, but in no event later than 30 days after the date of the initial notice of a challenge to a designation. The Parties shall cooperate in good faith to facilitate the preparation and filing of such stipulation in conformance with the Local Rules. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. All parties

shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

    7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

        (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

        (b) The Receiving Party if it is a litigant who is a natural person, and if the Receiving Party is a litigant that is an entity, the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

        (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

        (d) the court and its personnel;

(e) court reporters and their staff, videographers, professional jury or trial consultants, mock jurors, mediators and their staff, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions or at hearings, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the court and its personnel;

(d) court reporters and their staff, videographers, professional jury or trial consultants, mock jurors, mediators and their staff, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) during their depositions or at hearings, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

    7.4 <u>Retention of Exhibit A</u>. Outside Counsel of Record that obtains the signed "Acknowledgement and Agreement to be Bound" (Exhibit A), as required above, shall retain such documents for one year following the final disposition of this action (as defined in paragraph 4, above), and shall make them available to other Parties upon good cause shown. This paragraph is intended to facilitate the enforcement of this Protective Order in the event that a Party believes that disclosure of confidential information in violation of this Protective Order has been made by a person or person(s) whose identities are not known to them. In deciding whether to require production of Exhibit A for an Expert whose identity has not previously been disclosed, the parties agree that the Court should give due consideration to a Party's right to maintain the anonymity of such Experts' identity as provided for in the applicable Federal Rules of Civil Procedure and Local Rules.

8.  <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

    If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL," that Party must:

    (a) promptly notify in writing the Designating Party, via email if possible. Such notification shall include a copy of the subpoena or court order;

    (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

    (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

*HURTADO, et al., v. RAINBOW, et al.,* Case No. 17-cv-1605-JLS-DFM
PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION
11

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party (via email if possible) that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A. The foregoing shall not limit, and shall be without prejudice to, any rights and remedies of the Disclosing Party or other parties.

11. INADVERTENT DISCLOSURE OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

Until and unless superseded by a subsequent stipulation and order, or order, the parties agree that the provisions and procedures of Federal Rule of Evidence 502 apply in the litigation.

12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2 Right to Assert Other Objections. No Party waives any right it otherwise would have to object to disclosing or producing any information or item. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with the applicable Civil Local Rules and standing orders. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. A sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13. <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party will upon request submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all

pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION). This Protective Order may be enforced by this Court, even after final disposition, or any court of competent jurisdiction.

IT IS SO ORDERED

DATED: October 31, 2018

---

DOUGLAS F. McCORMICK
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Hurtado, et al., v. Rainbow*, et al., 17-cv-1605-JLS-DFM)], I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

*HURTADO, et al., v. RAINBOW, et al.,* Case No. 17-cv-1605-JLS-DFM
PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION

16

# **CERTIFICATE OF SERVICE**

I, Joseph A. Creitz, hereby certify that on October 23, 2018, a copy of the foregoing [proposed] PROTECTIVE ORDER was served on the following counsel of record by the CM/ECF system:

Dated this 23rd day of October 2018.

                                                  /s/ Joseph A. Creitz
                                                 Joseph A. Creitz

| | |
|---|---|
| Christopher W. Smith<br>Jason Levin<br>STEPTOE & JOHNSON LLP<br>633 West Fifth Street, 7th Floor<br>Los Angeles, CA 90071<br>Telephone: (213) 439-9433<br>Email: csmith@steptoe.com<br>Email: jlevin@steptoe.com<br><br>Andrew J. Sloniewsky<br>Eric G. Serron<br>Linda C. Bailey<br>Osvaldo Vazquez<br>Paul J. Ondrasik, Jr.<br>STEPTOE & JOHNSON LLP<br>1330 Connecticut Avenue NW<br>Washington, DC 20036<br>Telephone: (202) 429-3907<br>Email: asloniewsky@steptoe.com<br>Email: eserron@steptoe.com<br>Email: lbailey@steptoe.com<br>Email: ovazquez@steptoe.com<br>Email: pondrasik@steptoe.com<br><br>*Attorneys for Defendants Rainbow Disposal Co., Inc. Employee Stock Ownership Plan Committee, Jon Black, Catharine Ellingsen, Bill Eggleston, Republic Services, Inc. and Rainbow Disposal Co., Inc.* | Dylan Rudolph<br>TRUCKER HUSS APC<br>One Embarcadero Center, 12th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 788-3111<br>Email: drudolph@truckerhuss.com<br><br>Joseph Faucher<br>Brian D. Murray<br>TRUCKER HUSS APC<br>633 West 5th Street, 26th Floor<br>Los Angeles, CA 90071<br>Telephone: (213) 537-1020<br>Email: jfaucher@truckerhuss.com<br>Email: bmurray@truckerhuss.com<br><br>*Attorneys for Defendant GreatBanc Trust Company*<br><br>Timothy J Toohey<br>GREENBERG GLUSKER FIELD CLAMAN AND MACHTINGER LLP<br>1099 Avenue of the Stars, 21st Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 553-3610<br>Email: ttoohey@greenbergglusker.com<br><br>*Attorney for Defendant Gerald Moffatt* |

*HURTADO, et al., v. RAINBOW, et al.,* Case No. 17-cv-1605-JLS-DFM
PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION

17

| | | |
|---|---|---|
| 1 | Joshua Pollack<br>SCHEIDEMANTLE LAW GROUP PC | Larry Walraven<br>Nicole Wurscher |
| 2 | 35 East Union Street, Suite B<br>Pasadena, CA 91103 | WALRAVEN AND WESTERFELD<br>LLP |
| 3 | Telephone: (626) 628-1950<br>Email: | 20 Enterprise Suite 310<br>Aliso Viejo, CA 92656 |
| 4 | jpollack@ScheidemantleLawGroup.com | Telephone: (949) 215-1990 |
| 5 | | Email: lwalraven@calemployerlaw.com |
| 6 | *Attorney for Defendant Gregory Range* | Email: new@walravenlaw.com |
| 7 | | *Attorneys for Defendant Jeff Snow* |