Joseph Creitz, CSBN 169552
**CREITZ & SEREBIN LLP**
100 Pine St., Suite 1250
San Francisco, CA 94111
Telephone: (415) 466-3090
Email: joe@creitzserebin.com

Vincent Cheng, CSBN 230827
**BLOCK & LEVITON LLP**
610 16th Street, Suites 214-216
Oakland, CA 94612
Telephone: (415) 968-8999
Email: vincent@blockesq.com

R. Joseph Barton, CSBN 212340
**BLOCK & LEVITON LLP**
1735 20th Street NW
Washington, DC 20009
Telephone: (202) 734-7046
Email: jbarton@blockesq.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN (SANTA ANA) DIVISION

| | |
|---|---|
| ANTONIO HURTADO, et al., | ) Case No.: 8:17-cv-01605-CJC-DFM |
| | ) |
| Plaintiffs, | ) Assigned to Hon. Josephine L. Staton |
| | ) |
| v. | ) **PLAINTIFFS' MEMORANDUM OF** |
| | ) **POINTS AND AUTHORITIES IN** |
| RAINBOW DISPOSAL CO., INC. | ) **SUPPORT OF MOTION TO** |
| EMPLOYEE STOCK | ) **CERTIFY CLASS** |
| OWNERSHIP PLAN | ) |
| COMMITTEE, et al. | ) Hearing set for March 22, 2018 |
| | ) 10:30 a.m., Courtroom 10A |
| Defendants. | ) |
| | ) |

HURTADO, et al., v. RAINBOW DISPOSAL CO., INC. EMPLOYEE STOCK
OWNERSHIP PLAN COMMITTEE, et al., Case No. 17-cv-1605-JLS-DFM
Plaintiff's Memorandum in Support of Motion to Certify Class – Page i

# TABLE OF CONTENTS

I.     INTRODUCTION...............................................................................1

II.    SUMMARY OF THE FACTS ..........................................................2

III.  ARGUMENT .....................................................................................5

    A.    The Class is Objectively And Properly Defined. ............................6

    B.    The Class Meets Each of the Rule 23(a) Criteria. .........................6

        1.    The Class Members Are So Numerous That Joinder Would Be Impracticable. ...........................................................7

        2.    Plaintiffs' Claims Raise Numerous Common Questions ...........7

        3.    The Typicality Requirement of Rule 23(a)(3) is Met. ..............10

        4.    Plaintiffs and Plaintiffs' Counsel Will Fairly and Adequately Protect the Interests of the Class...................................12

    C.    The Claims Meet the Requirements of Rule 23(b)(1)...................16

        1.    Certification Under Rule 23(b)(1)(A) Is Appropriate ..............16

        2.    Certification Under Rule 23(b)(1)(B) Is Appropriate. ..............17

        3.    Rule 23(b)(1) Applies to ERISA Claims Seeking Equitable Remedies ........................................................18

    D.    The Claims Meet the Requirements of Rule 23(b)(2)...................19

        1.    Defendants Have Acted or Refused to Act on Grounds That Apply Generally To the Class.......................................19

        2.    The Claims Seek Injunctive and Declaratory Relief ................20

    E.    The Claims Also Satisfy Both of the Rule 23(b)(3) Criteria. ........22

        1.    Common Questions of Law and Fact Predominate...................23

        2.    A Class Action is a Superior Method of Resolution. .................24

IV.  CONCLUSION...............................................................................25

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alday v. Raytheon Co.*,
  619 F. Supp. 2d 726 (D. Ariz. 2008) ....................................................17

*Allen v. Hyland's Inc.*,
  300 F.R.D. 643 (C.D. Cal. 2014) ..................................................14, 15

*Amara v. CIGNA Corp.*,
  775 F.3d 510 (2d Cir. 2014) ...............................................20, 21, 24

*Amchem Prods., Inc. v. Windsor*,
  521 U.S. 591 (1997) ...........................................................5, 16, 17

*Amgen Inc. v. Conn. Ret. Plans and Tr. Funds*,
  568 U.S. 455 (2013) ......................................................................5

*Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*,
  270 F.R.D. 488 (N.D. Cal. 2010) ...........................................12, 13, 19

*Berger v. Xerox Corp. Ret. Income Guarantee Plan*,
  338 F.3d 755 (7th Cir. 2003) ........................................................20

*Blackie v. Barrack*,
  524 F.2d 891 (9th Cir. 1975) .......................................................13

*Briseno v. ConAgra Foods, Inc.*,
  844 F.3d 1121 (9th Cir. 2017) .....................................................6, 25

*Buchanan v. Tata Consultancy Servs., Ltd.*,
  No. 15-CV-01696-YGR, 2017 WL 6611653 (N.D. Cal. Dec. 27,
  2017) ..........................................................................................6

*Buttonwood Tree Value Partners, LP v. Sweeney*,
  SA-CV-1000537-CJCMLGX, 2013 WL 12125980 (C.D. Cal.
  Sept. 12, 2013) .........................................................................10, 11

HURTADO, et al., v. RAINBOW DISPOSAL CO., INC. EMPLOYEE STOCK
OWNERSHIP PLAN COMMITTEE, et al., Case No. 17-cv-1605-JLS-DFM
Plaintiff's Memorandum in Support of Motion to Certify Class – Page iii

*Campbell v. PricewaterhouseCoopers, LLP*,
   253 F.R.D. 586 (E.D. Cal. 2008) ...................................................................7

*Chesemore v. All. Holdings, Inc.*,
   948 F. Supp. 2d 928 (W.D. Wis. 2013), *aff'd*, 829 F.3d 803 (7th
   Cir. 2016) ...............................................................................................21, 22

*Colesberry v. Ruiz Food Prods., Inc.*
   CVF 04-5516 AWISMS, 2006 WL 1875444 (E.D. Cal. June 30,
   2006) ............................................................................................................16

*In re Comput. Scis. Corp. ERISA Litig.*,
   CV 08-02398, 2008 WL 7527872 (C.D. Cal. Dec. 29, 2008).................11, 24

*Cryer v. Franklin Templeton Res., Inc.*,
   C 16-4265 CW, 2017 WL 4023149 (N.D. Cal. July 26, 2017).....................17

*Cummings v. Connell*,
   316 F.3d 886 (9th Cir. 2003) .......................................................................13

*Escalante v. California Physicians' Serv.*,
   309 F.R.D. 612 (C.D. Cal. 2015)....................................................................7

*Fernandez v. K-M Indus. Holding Co.*,
   No. C 06-7339 CW, 2008 WL 2625874 (N.D. Cal. June 26, 2008) ................14

*Fremont Gen. Corp. Litig.*,
   No. 2:07-cv-02693-JHN-FFMx, 2010 WL 3168088 (C.D. Cal.
   Apr. 15, 2010).........................................................................................23, 24

*Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr.
   for S. Cal.*,
   463 U.S. 1 (1983).........................................................................................20

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) ................................................................13, 23

*Harris Tr. and Savings Bank v. Salomon Smith Barney, Inc.*,
   530 U.S. 238 (2000).....................................................................................22

HURTADO, et al., v. RAINBOW DISPOSAL CO., INC. EMPLOYEE STOCK
OWNERSHIP PLAN COMMITTEE, et al., Case No. 17-cv-1605-JLS-DFM
Plaintiff's Memorandum in Support of Motion to Certify Class – Page iv

*Harris v. Amgen, Inc.*,
  CV075442PSGPLAX, 2016 WL 7626161 (C.D. Cal. Nov. 29,
  2016) .................................................................................................13

*Hernandez v. Cnty. of Monterey*,
  305 F.R.D. 132 (N.D. Cal. 2015)..................................................6

*Johnson v. Meriter Health Servs. Emp. Ret. Plan*,
  702 F.3d 364 (7th Cir. 2012) .....................................................21

*Just Film, Inc. v. Buono*,
  847 F.3d 1108 (9th Cir. 2017) ...................................................23

*Kanawi v. Bechtel Corp.*,
  254 F.R.D. 102 (N.D. Cal. 2008)...............................................11

*Marshall v. Northrup Grumman Corp.*,
  No. CV 16-06794-AB (JCX), 2017 WL 6888281 (C.D. Cal. Nov.
  2, 2017) ..................................................................................*passim*

*McBride v. PLM Intern., Inc.*,
  179 F.3d 737 (9th Cir. 1999) .....................................................21

*Mitchinson v. Love's Travel Stops & Country Stores, Inc.*,
  No. 1:15–cv–01474, 2016 WL 7426115 (E.D. Cal. Dec. 22, 2016) ...................7

*Moyle v. Liberty Mut. Ret. Ben. Plan*,
  823 F.3d 948 (9th Cir. 2016) ....................................10, 12, 18, 19

*Munday v. Navy Fed. Credit Union*,
  No. SACV151629JLSKESX, 2016 WL 7655807 (C.D. Cal. Sept.
  15, 2016) .................................................................................25

*In re Northrop Grumman Corp. ERISA Litig.*,
  CV 06-06213 MMM JCX, 2011 WL 3505264 (C.D. Cal. Mar. 29,
  2011) ...............................................................................14, 18

*Ortiz v. Fibreboard Corp.*,
  527 U.S. 815 (1999)..............................................................17, 18

HURTADO, et al., v. RAINBOW DISPOSAL CO., INC. EMPLOYEE STOCK
OWNERSHIP PLAN COMMITTEE, et al., Case No. 17-cv-1605-JLS-DFM
Plaintiff's Memorandum in Support of Motion to Certify Class – Page v

*Osberg v. Footlocker*,
  Case No. 1:07-cv-1358, 2014 WL 5796686 (S.D.N.Y. Sept. 24, 2014) ................................................................................10, 24

*Parsons v. Ryan*,
  754 F.3d 657 (9th Cir. 2014) ...................................................................10

*Pfeifer v. Wawa, Inc.*,
  No. CV 16-497, 2018 WL 2057466 (E.D. Pa. May 1, 2018)....................10

*Porter v. Warner Holding Co.*,
  328 U.S. 395 (1946)..................................................................................22

*Rannis v. Recchia*,
  380 F. App'x 646 (9th Cir. 2010) ...............................................................7

*Reynolds v. Nat'l Football League*,
  584 F.2d 280 (8th Cir. 1978) ...................................................................23

*Rodriguez v. Hayes*,
  591 F.3d 1105 (9th Cir. 2009) .................................................................12

*S.E.C. v. AMX, Int'l*,
  7 F.3d 71 (5th Cir. 1993) .........................................................................22

*Santomenno v. Transamerica Life Ins. Co.*,
  316 F.R.D. 295 (C.D. Cal. 2016), *rev'd on other grounds* 883 F.3d
  833 (9th Cir. 2018)...................................................................................10

*In re Schering Plough Corp. ERISA Litig.*,
  589 F.3d 585 (3rd Cir. 2009) ...................................................................16

*Shady Grove Orthopedic Assocs. v. Allstate Ins. Co.*,
  559 U.S. 393 (2010)....................................................................................5

*Staton v. Boeing Co.*,
  327 F.3d 938 (9th Cir. 2003) ..............................................................12, 13

*Stoetzner v. U.S. Steel Corp.*,
  897 F.2d 115 (3d Cir. 1990) ...............................................................22, 23

HURTADO, et al., v. RAINBOW DISPOSAL CO., INC. EMPLOYEE STOCK
OWNERSHIP PLAN COMMITTEE, et al., Case No. 17-cv-1605-JLS-DFM
Plaintiff's Memorandum in Support of Motion to Certify Class – Page vi

*In re Syncor Erisa Litig.*,
    227 F.R.D. 338 (C.D. Cal. 2005) ................................................................9, 11

*Tawfilis v. Allergan, Inc.*,
    No. 815CV00307JLSJCG, 2017 WL 3084275 (C.D. Cal. June 26, 2017) (Staton, J.) .............................................................................7, 13, 14

*Tibble v. Edison Int'l*,
    No. CV 07-5359 SVW, 2009 WL 6764541 (C.D. Cal. June 30, 2009) ..................................................................................................9, 14, 19

*Tom v. Com Dev USA, LLC*,
    CV161363PSGGJSX, 2017 WL 8236268 (C.D. Cal. Sept. 18, 2017) ...................................................................................................17

*Torres v. Mercer Canyons Inc.*,
    835 F.3d 1125 (9th Cir. 2016) ...........................................................7, 8

*Tyson Foods, Inc. v. Bouaphakeo*,
    136 S. Ct. 1036 (2016) .......................................................................23

*Urakhchin v. Allianz Asset Mgt. of Am., L.P.*,
    815CV1614JLSJCGX, 2017 WL 2655678 (C.D. Cal. June 15, 2017) (Staton, J.) ..............................................................................*passim*

*Vaquero v. Ashley Furniture Indus., Inc.*,
    824 F.3d 1150 (9th Cir. 2016) .............................................................8

*Varity Corp. v. Howe*,
    516 U.S. 489 (1996) ...........................................................................21

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011) .....................................................................5, 8, 20

*Wang v. Chinese Daily News, Inc.*,
    737 F.3d 538 (9th Cir. 2013) ...............................................................8

*Wolin v. Jaguar Land Rover N.A., LLC*,
    617 F.3d 1168 (9th Cir. 2010) .......................................................24, 25

**Statutes**

ERISA § 102, 29 U.S.C. § 1022 .......................................................................8, 10, 21, 24

ERISA § 404, 29 U.S.C. § 1104 ....................................................................................21

ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A) ........................................................8

ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B) ........................................................8

ERISA § 405, 29 U.S.C. § 1105 .....................................................................................9

ERISA § 406(a), 29 U.S.C. § 1106(a) ............................................................................8

ERISA § 406(b), 29 U.S.C. § 1106(b) ............................................................................8

ERISA § 502(a), 29 U.S.C. § 1132(a) ..........................................................................20

ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2) ...........................................1, 11, 16, 18

ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3) ...................................................1, 11, 18

ERISA § 502(a)(3)(B), 29 U.S.C. § 1132(a)(3)(B) .....................................................20

**Other Authorities**

*Black's Law Dictionary* (7th ed. 1999).......................................................................22

Dan B. Dobbs, *The Law of Remedies* § 4.3(2) (2d ed. 1993) .................................21

Dan B. Dobbs, *The Law of Remedies* § 4.3(6) (2d ed. 1993) .................................22

Fed. R. Civ. P. 23 ...................................................................................5, 12, 14, 18

Fed. R. Civ. P. 23(a) ...............................................................................2, 5, 6, 7

Fed. R. Civ. P. 23(a)(1) .................................................................................................7

Fed. R. Civ. P. 23(a)(2) ......................................................................................7, 8, 10

Fed. R. Civ. P. 23(a)(3) .............................................................................................10, 12

Fed. R. Civ. P. 23(a)(4) ........................................................................................12, 13, 15

Fed. R. Civ. P. 23(b) ...............................................................................................2, 5

Fed. R. Civ. P. 23(b)(1)........................................................................*passim*

Fed. R. Civ. P. 23(b)(1)(A)............................................................16, 17

Fed. R. Civ. P. 23(b)(1)(B)......................................................16, 17, 18

Fed. R. Civ. P. 23(b)(2)........................................................................*passim*

Fed. R. Civ. P. 23(b)(3)........................................................................*passim*

Fed. R. Civ. P. 23(g) ............................................................................15

Fed. R. Civ. P. 23(g)(1)(A) ..................................................................15

George G. Bogert, et al., *The Law Of Trusts And Trustees* § 471
(2008)..........................................................................................21

HURTADO, et al., v. RAINBOW DISPOSAL CO., INC. EMPLOYEE STOCK
OWNERSHIP PLAN COMMITTEE, et al., Case No. 17-cv-1605-JLS-DFM
Plaintiff's Memorandum in Support of Motion to Certify Class – Page ix

# INDEX OF EXHIBITS

**Declaration of Vincent Cheng with the following attachments:**

Exhibit 1:    Form 5500 of the Rainbow Disposal Co., Inc. Employee Stock Ownership Plan for plan year 2013

Exhibit 2:    Certificate of Amendment to Restated Articles of Incorporation of Rainbow Disposal Co. Inc. dated June 24, 2004

Exhibit 3:    Excerpt from the Deposition of Gerald Moffatt in Rainbow Disposal Co., Inc. et al. vs Kafin et al., Case No. CACE 14-003462(19) (Fla. 17th Cir.)

Exhibit 4:    Excerpt from the Deposition of Bruce Shuman in Rainbow Disposal Co., Inc. et al. vs Kafin et al., Case No. CACE 14-003462(19) (Fla. 17th Cir.)

Exhibit 5:    Republic Services, Inc. Press Release dated October 1, 2014.

Exhibit 6:    Stout Promotional Material entitled "Stout served as exclusive financial advisor to Rainbow Environmental Services" dated January 8, 2015

Exhibit 7:    Amendment to the Rainbow Disposal Co., Inc. Employee Stock Ownership Plan dated August 25, 2014

Exhibit 8:    Unanimous Written Consent of the Directors of Rainbow Disposal Co. Inc. dated October 1, 2014

Exhibit 9:    October 2014 GreatBanc Letter to ESOP Participants

Exhibit 10:   Rainbow Disposal Co., Inc. Employee Stock Ownership Plan

Exhibit 11:   Rainbow Disposal Co., Inc. Employee Stock Ownership Plan Summary Plan Description dated March 2009

HURTADO, et al., v. RAINBOW DISPOSAL CO., INC. EMPLOYEE STOCK OWNERSHIP PLAN COMMITTEE, et al., Case No. 17-cv-1605-JLS-DFM
Plaintiff's Memorandum in Support of Motion to Certify Class – Page x

Exhibit 12:   Form 5500 of the Rainbow Disposal Co., Inc. Employee Stock Ownership Plan for plan year 2012

Exhibit 13:   Form 5310 of the Rainbow Disposal Co., Inc. Employee Stock Ownership Plan dated November 21, 2014

Exhibit 14:   Form 5500 of the Rainbow Disposal Co., Inc. Employee Stock Ownership Plan for plan year 2014

Exhibit 15:   Republic Services, Inc. Form 10-Q for the quarterly period ended September 30, 2014

Exhibit 16:   Letter from Rainbow Disposal Co. Inc. to ESOP Participants dated October 17, 2014

Exhibit 17:   Form 5500 of the Rainbow Disposal Co., Inc. Employee Stock Ownership Plan for plan year 2016

**Declaration of R. Joseph Barton ("Barton Decl.")**

**Declaration of Joseph Creitz ("Creitz Decl.")**

**Declaration of Antonio Hurtado ("Hurtado Decl.")**

**Declaration of Christopher Ortega ("Ortega Decl.")**

**Declaration of Jose Quintero ("J. Quintero Decl.")**

**Declaration of Maritza Quintero ("M. Quintero Decl.")**

**Declaration of Jorge Urquiza ("Urquiza Decl.")**

**Declaration of Maria Valdez ("Valadez Decl.")**

HURTADO, et al., v. RAINBOW DISPOSAL CO., INC. EMPLOYEE STOCK OWNERSHIP PLAN COMMITTEE, et al., Case No. 17-cv-1605-JLS-DFM
Plaintiff's Memorandum in Support of Motion to Certify Class – Page xi

# I.    INTRODUCTION

This is an ERISA action challenging fiduciary breaches and violations arising in connection with an October 1, 2014 sale transaction involving the Rainbow Disposal Co., Inc. Employee Stock Ownership Plan and the post-Transaction mismanagement of the ESOP's assets. Plaintiffs are participants in the ESOP or the designated beneficiary of a participant and had a significant portion of their retirement in the ESOP.

The Amended Complaint alleges fourteen claims under the Employee Retirement Income Security Act ("ERISA") all of which arise out of the October 2014 Transaction. Plaintiffs seek class certification for all claims excepting Count IX (alleging violations with respect to certain Plaintiffs individual request for documents). The other claims alleged that Defendants violated their ERISA's fiduciary duties (Counts I, II, III, IV, VIII, X, XI, XII), engaged in prohibited transactions (Counts V, VI, and VII), knowingly participated in such breaches or transactions (Count XIII) or seeks to void illegal exculpatory provisions (Count XIV). These claims are brought under ERISA §§ 502(a)(2) and (a)(3), 29 U.S.C. § 1132(a)(2) and (3). Defendants do not oppose class certification of Counts I and X.

Plaintiffs seek certification of a class that consists of the vested participants in the ESOP at the time of the October 2014 Transaction and their beneficiaries. In a filing with the IRS, Defendant Rainbow identified those ESOP participants to consist of 460 persons. The claims are ideally suited for class certification because the underlying facts, and the legal claims arising from those facts, are the same for all members of the Class. As all members of the Class were participants in or beneficiaries of the ESOP at the time of the October 2014 Transaction, and have the same rights under the Plan and seek to recover the same losses on behalf of the ESOP arising from the fiduciary breaches and prohibited transactions carried out

HURTADO, et al., v. RAINBOW DISPOSAL CO., INC. EMPLOYEE STOCK OWNERSHIP PLAN COMMITTEE, et al., Case No. 17-cv-1605-JLS-DFM
Plaintiff's Memorandum in Support of Motion to Certify Class – Page 1

by Defendants. As fiduciaries (or in the case of Republic, a knowing participant in the fiduciary breaches and violations), Defendants had the same duties as to all class members and either breached their fiduciary duties and/or otheriwse violated ERISA as to all class members or none: if Defendants breached their duties to one class member, they breached their duty to all class members.

The prerequisites of Rule 23(a) are easily met as to all counts on which Plaintiffs seek certification. The class numbers are in the hundreds, the primary questions of fact and law surrounding Defendants' conduct are the same for all class members, Plaintiffs' claims are typical of the class, and Plaintiffs and their counsel will adequately represent the proposed class. As with many ERISA cases in general and in particular for cases involving ESOP transactions, these claims are ideally suited for class certification and meet the requirements for certification under Rule 23(b). Because adjudication of these issues for one participant would effectively resolve the issues for all class members, and separate actions by individual class members would create the risk of inconsistent standards of conduct for ESOP fiduciaries, this case meets the requirements of Rule 23(b)(1). The claims also meet the requirements of Rule 23(b)(2), because Defendants have acted on grounds that apply generally to the Class and Plaintiffs seek a declaratory or injunctive remedy to provide relief to all class members. Finally and alternatively, the Class may be certified under 23(b)(3) because common questions of law and fact predominate and a class action is superior to other methods for resolving these claims.

## II.    SUMMARY OF THE FACTS

Before October 1, 2014, the Rainbow ESOP owned 100% of Rainbow and Rainbow stock constituted 97% of the Plan's assets. Ex. 1 at 11 of Notes to Financial Statements. Rainbow's Articles of Incorporation restricted ownership to

HURTADO, et al., v. RAINBOW DISPOSAL CO., INC. EMPLOYEE STOCK OWNERSHIP PLAN COMMITTEE, et al., Case No. 17-cv-1605-JLS-DFM
Plaintiff's Memorandum in Support of Motion to Certify Class – Page 2

the ESOP or Rainbow employees. Ex. 2 at 1. In 2014, the ESOP fiduciaries were (1) GreatBanc, the Trustee, (2) Rainbow CEO Moffat, the sole member of the Committee, and (3) the Rainbow Board, Moffatt, Rainbow President Snow, and Greg Range. Am. Compl. ¶¶ 17-21, 31.

Rainbow was one of the largest Southern California waste-disposal and recycling companies. Beginning in 2010, Rainbow's management (who were also ESOP fiduciaries) had Rainbow engage in business ventures outside California in which they had a personal interest. Ex. 3 at 20:5-16. These self-dealing activities caused Rainbow to default on its loan covenants and to incur significant losses. Ex. 4 at 101:7-102:2. These losses also resulted in the decline in the value of Rainbow stock and the ESOP assets. Am. Compl. ¶ 80. While the value of Rainbow began to recover by 2014, no ESOP fiduciary took any action to remedy these breaches even though the ESOP was the only shareholder. Had Rainbow not incurred or had recovered these losses, its stock price would have been higher.

In 2014, Rainbow's Board and ESOP Committee sought to sell Rainbow. During the sales process, Moffat and Snow secretly negotiated future job contracts "as part of" the sale (and rejected offers better for the ESOP). Ex. 5 at 1; Am. Compl. 147. Rainbow's only other Board member, Range, secured business for his company, Stout, in the sale. Ex. 6 at 3. By July 2014, they selected a proposed buyer—Republic. On August 25, 2014, Moffat executed a purported amendment to the Plan to allow GreatBanc, the ESOP trustee (previously with limited authority), to sell the Rainbow stock held by the ESOP. Ex. 7. But the Complaint alleges the Plan was not validly amended and the Committee was still obligated to review GreatBanc's actions. One day after the Amendment, Rainbow, the Rainbow ESOP and Republic entered into a Stock Purchase Agreement. Ex. 8. In short, GreatBanc was engaged to rubber-stamp the transaction once the sale had been arranged.

HURTADO, et al., v. RAINBOW DISPOSAL CO., INC. EMPLOYEE STOCK OWNERSHIP PLAN COMMITTEE, et al., Case No. 17-cv-1605-JLS-DFM
Plaintiff's Memorandum in Support of Motion to Certify Class – Page 3

An October 2014 letter from GreatBanc informed ESOP participants that Rainbow ESOP stock had been sold to Republic. Ex. 9. Participants were not permitted to vote on the transaction. The Plan provided that participants had voting rights in certain circumstances. Ex. 10 at 20. The SPD promised that participants could vote on "important corporate matters." Ex. 11 at 5. Rainbow had stated for years in filings with the DOL that ESOP participants were "entitled to exercise voting rights" for the stock in their ESOP accounts. *E.g.* Ex. 1 at 6 of Notes to Financial Statements; Ex. 12 at 6 of Notes to Financial Statements.

After the sale, the members of the Committee (and the Board) were high-level Republic employees. These new ESOP fiduciaries provided incomplete, contradictory and misleading information about the sale and its terms, and the value of their ESOP shares. For example, a Form 5310 filed with the IRS in 2014 claimed that the ESOP received $48.8 million in the sale. Ex. 13 at 11. But a 2014 Form 5500 filed with the DOL stated that the ESOP received only $50.8 million. Ex. 14 at 6 of Notes to Financial Statements. At the same time, in its SEC filings, Republic reported paying $112 million in cash plus other consideration. Ex. 15 at 9. In October 2014, participants were told that the ESOP stock was sold for $17.66 per share (or at least $64.8 million). Ex. 16 at 1.  But participants ultimately received just $15.10 per share. Am. Compl ¶ 224. The Plan required that the fair market value of ESOP stock be determined by an independent appraiser "*as of the date of the purchase.*" Ex. Ex. 10 at 12 (emphasis added). But when Plaintiff Ortega requested the valuation report for the sale, he was told the only available one was for June 30, 2014. Am. Compl ¶ 187-88.

In 2017, Rainbow's DOL filings and ERISA-mandated disclosures revealed that $15 million of the sale proceeds, which had not been distributed and remained in the ESOP, had been left in undiversified investments for nearly three years, with

HURTADO, et al., v. RAINBOW DISPOSAL CO., INC. EMPLOYEE STOCK OWNERSHIP PLAN COMMITTEE, et al., Case No. 17-cv-1605-JLS-DFM
Plaintiff's Memorandum in Support of Motion to Certify Class – Page 4

a return of virtually zero (and expenses exceeding returns). Ex. 17. Ultimately, the payments that participants received for their shares not only differed from what was promised but were less than the $16.67 price per share as of June 30, 2014. Am. Compl ¶ 203-208. After multiple unsuccessful attempts to obtain information about the sale and the distribution of proceeds from the ESOP fiduciaries, Plaintiffs sued each of the ESOP fiduciaries for their breaches and also Republic for its knowing participation in breaches and violations in connection with the sale.

## III.   ARGUMENT

Certification of a class is required where the party seeking certification demonstrates the four prerequisites of Rule 23(a) and at least one of the requirements of Rule 23(b). Fed. R. Civ. P. 23; *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613–14 (1997). An analysis of whether a class can be certified may "entail some overlap with the merits of the plaintiff's underlying claim." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011). However, "[m]erits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Amgen Inc. v. Conn. Ret. Plans and Tr. Funds*, 568 U.S. 455, 466 (2013). Once the elements of Rule 23 are met, a district court does not have discretion to deny certification of a class. *Shady Grove Orthopedic Assocs. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010) (rejecting argument that court has discretion to deny class certification because "[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action"). This action satisfies all the requirements of Rule 23 and should be certified as a class action.

HURTADO, et al., v. RAINBOW DISPOSAL CO., INC. EMPLOYEE STOCK OWNERSHIP PLAN COMMITTEE, et al., Case No. 17-cv-1605-JLS-DFM
Plaintiff's Memorandum in Support of Motion to Certify Class – Page 5

1

## A.     The Class is Objectively And Properly Defined.

"[A]t the certification stage, it [i]s sufficient that the class [i]s defined by an objective criterion." *Briseno v. ConAgra Foods, Inc.,* 844 F.3d 1121, 1124, 1125 n.4 (9th Cir. 2017). An objective class definition is one which "avoid[s] subjective standards (*e.g.* a plaintiff's state of mind) or terms that depend on resolution of the merits (*e.g.*, persons who were discriminated against)." *Hernandez v. Cnty. of Monterey*, 305 F.R.D. 132, 152 (N.D. Cal. 2015); *see also Buchanan v. Tata Consultancy Servs., Ltd.*, No. 15-CV-01696-YGR, 2017 WL 6611653, at *21 (N.D. Cal. Dec. 27, 2017) (holding criteria of class objective even where involving self-identification). Here, the class definition is objective because it is based on the following objective criteria: Was the putative class member (1) a participant in the Rainbow ESOP, as of October 1, 2014, who was vested at that time or (2) the beneficiary of such a person? (And not among the persons excluded). Not only is this definition objective, but Rainbow has *already* identified the vested participants in the ESOP as of October 1, 2014 when it filed its Form 5310 with the IRS. Ex. 13 at 4. Thus, the class is sufficiently and properly defined.

## B.     The Class Meets Each of the Rule 23(a) Criteria.

Rule 23(a) provides that before a class may be certified, it must satisfy the following four preconditions: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims and defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. Rule 23(a). All these criteria are satisfied here.

HURTADO, et al., v. RAINBOW DISPOSAL CO., INC. EMPLOYEE STOCK OWNERSHIP PLAN COMMITTEE, et al., Case No. 17-cv-1605-JLS-DFM
Plaintiff's Memorandum in Support of Motion to Certify Class – Page 6

### 1.    *The Class Members Are So Numerous That Joinder Would Be Impracticable.*

Rule 23(a) requires that a certifiable class must be so numerous that joinder of individual parties is impracticable. Fed. R. Civ. P. 23(a)(1). Joinder need not be impossible, as long as potential class members would suffer a strong litigation hardship or inconvenience if joinder were required. *Rannis v. Recchia*, 380 F. App'x 646, 650 (9th Cir. 2010). "In general, 'classes of forty or more are considered sufficiently numerous.'" *Urakhchin v. Allianz Asset Mgt. of Am., L.P.*, 815CV1614JLSJCGX, 2017 WL 2655678, at *4 (C.D. Cal. June 15, 2017) (Staton, J.) (quoting *Delarosa v. Boiron, Inc.*, 275 F.R.D. 582, 587 (C.D. Cal. 2011)); *see Escalante v. California Physicians' Serv.*, 309 F.R.D. 612, 617 (C.D. Cal. 2015) (certifying class of 19 in an ERISA case). "Plaintiffs need not state the exact number of potential class members, nor is there a bright-line minimum threshold requirement." *Tawfilis v. Allergan, Inc.*, No. 815CV00307JLSJCG, 2017 WL 3084275, at *8 (C.D. Cal. June 26, 2017) (Staton, J.). Courts readily find classes "numbering in the hundreds to be sufficient to satisfy the numerosity requirement." *Campbell v. PricewaterhouseCoopers, LLP*, 253 F.R.D. 586, 594 (E.D. Cal. 2008) (citing cases); *e.g. Mitchinson v. Love's Travel Stops & Country Stores, Inc.*, No. 1:15–cv–01474, 2016 WL 7426115, at *4 (E.D. Cal. Dec. 22, 2016) (finding Rule 23(a)(1) met with 430 members). The Form 5310 that Rainbow Disposal filed with the IRS on November 21, 2014, avers that the ESOP had 460 participants at the time Republic Services acquired Rainbow Disposal. Ex. 13 at 4. That number matches the participants in the Class nearly exactly (and the Class also includes those persons' beneficiaries as well). Thus, Rule 23(a)(1) is easily satisified.

### 2.    *Plaintiffs' Claims Raise Numerous Common Questions*

Commonality requires only *one* question of law or fact common to the class. Fed. R. Civ. P. 23(a)(2); *Torres v. Mercer Canyons Inc.,* 835 F.3d 1125, 1133 (9th

HURTADO, et al., v. RAINBOW DISPOSAL CO., INC. EMPLOYEE STOCK OWNERSHIP PLAN COMMITTEE, et al., Case No. 17-cv-1605-JLS-DFM
Plaintiff's Memorandum in Support of Motion to Certify Class – Page 7

Cir. 2016) ("To satisfy Rule 23(a)(2) …, '[e]ven a single [common] question' will do."). Not "every question in the case, or even a preponderance of questions," need to be "capable of classwide resolution." *Wang v. Chinese Daily News, Inc.*, 737 F.3d 538, 544 (9th Cir. 2013). Commonality "means that the class members' claims 'must depend upon a common contention' and that the 'common contention, moreover, must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.'" *Vaquero v. Ashley Furniture Indus., Inc.,* 824 F.3d 1150, 1153 (9th Cir. 2016) (quoting *Wal-Mart v. Dukes*, 564 U.S. 338, 350 (2011)). Here, the claims for which Plaintiffs seek class certification include numerous common questions of law and fact:

**Count I:** Did the Prior ESOP Committee Defendants and/or GreatBanc breach their duties under ERISA or the Plan in connection with the sale of stock and cause the ESOP to receive less than adequate consideration?

**Count II:** Did the Prior ESOP Committee Defendants and/or GreatBanc fail to conduct a vote as required by the Plan or engage in transaction that caused Rainbow to violate its articles of incorporation?

**Count III:** Did the SPD issued by the Plan Administrator violate ERISA § 102 by failing to adequately disclose participants' right to vote in terms that the average participant would understand?

**Count IV**: Did GreatBanc and/or the Prior Committtee and New Committee Defendants breach their fiduciary duty under ERISA § 404(a)(1)(A) and (B) in failing to make sufficient disclosures about their benefits and the sale? And are Plaintiffs entitled to an accounting?

**Counts V-VII**: Did Moffatt, Snow, Range and/or GreatBanc engage in transactions that are prohibited under ERISA § 406(a) or § 406(b)?

HURTADO, et al., v. RAINBOW DISPOSAL CO., INC. EMPLOYEE STOCK OWNERSHIP PLAN COMMITTEE, et al., Case No. 17-cv-1605-JLS-DFM
Plaintiff's Memorandum in Support of Motion to Certify Class – Page 8

**Count VIII:** Did the Prior Committee Defendants and GreatBanc breach their fiduciary duties by failing to manage a "chose in action" by failing to bring, investigate, or disclose to the valuator potential claims against certain corporate or ERISA fiduciaries and would this have increased the value of Rainbow stock?

**Count X**: Did the New ESOP Committee Defendants and GreatBanc breach their fiduciary duties by investing 100% of the Plan assets consisting of $15 million for nearly three years in cash and cash equivalents?

**Counts XI & XII:** Are any of the fiduciary Defendants liable as a result of failing to monitor and/or remove appointed fiduciaries or have co-fiduciary liability based on ERISA § 405?

**Count XIII**: Is Republic Services, as a non-fiduciary, liable for knowingly participating in any of the fiduciary breaches or violations by the ESOP fiduciaries and what is the appropriate equitable relief?

**Count XIV:** Are the various indemnification provisions void?

Each of the above questions (which also have subsidiary questions) are questions that are capable of resolution as to the entire Class at a single stroke. These issues of liability and injury are common to every member of the Class.

As to the breach of fiduciary duty claims (Counts I, II, IV, VIII, X, XI and XII) and the knowing participation claim (Count XIII), courts routinely find commonality for class claims like these, as in breach of fiduciary duty claims "the primary focus … is on the actions of Defendants, not on the actions of the Plaintiffs." *Tibble v. Edison Int'l*, No. CV 07-5359 SVW AGRX, 2009 WL 6764541, at *3 (C.D. Cal. June 30, 2009) (holding commonality met as to ERISA breach of fiduciary duty claims); *In re Syncor Erisa Litig.*, 227 F.R.D. 338, 344 (C.D. Cal. 2005) (holding commonality satisfied merely by questions of "possession of [company] stock and the Defendants' alleged breaches of duty to the

HURTADO, et al., v. RAINBOW DISPOSAL CO., INC. EMPLOYEE STOCK OWNERSHIP PLAN COMMITTEE, et al., Case No. 17-cv-1605-JLS-DFM
Plaintiff's Memorandum in Support of Motion to Certify Class – Page 9

Plan"). Similarly, the prohibited transaction claims (Counts V, VI, and VII) raise common factual and legal questions, because the theory of liability is identical: The transactions are either illegal or not. *Marshall v. Northrup Grumman Corp.*, No. CV 16-06794-AB (JCX), 2017 WL 6888281, *5 (C.D. Cal. Nov. 2, 2017) (finding commonality for claims defendants engaged in a prohibited transaction and what equitable remedy should be imposed); *Santomenno v. Transamerica Life Ins. Co.*, 316 F.R.D. 295, 303 (C.D. Cal. 2016) (same), *rev'd on other grounds* 883 F.3d 833 (9th Cir. 2018).

Finally, Count III alleges that the 2009 SPD (the most recent one prior to the 2014 Transaction), which was distributed to all participants, either met the requirements of ERISA § 102 or did not. *See Moyle v. Liberty Mut. Ret. Ben. Plan*, 823 F.3d 948, 964-65 (9th Cir. 2016) (finding commonality in case alleging omissions in SPDs as they were made in "a uniform and classwide basis"). *Osberg v. Footlocker*, Case No. 1:07-cv-1358, 2014 WL 5796686 at *4 (S.D.N.Y. Sept. 24, 2014) (same). Finally, Count XIV is also suitable for class certification. *See Pfeifer v. Wawa, Inc.*, No. CV 16-497, 2018 WL 2057466, at *3 (E.D. Pa. May 1, 2018) (certifying similar claim). Thus, Rule 23(a)(2) is met.

### 3.     *The Typicality Requirement of Rule 23(a)(3) is Met.*

Typicality requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "Under the rule's permissive standards, representative claims are 'typical' if they are reasonably coextensive with those of absent class members; they need not be substantially identical." *Parsons v. Ryan,* 754 F.3d 657, 685 (9th Cir. 2014). "To meet the typicality standard, the Ninth Circuit does not require the named plaintiffs' injuries to be 'identical with those of the other class members, [but] only that the unnamed class members have injuries similar to those of the named

HURTADO, et al., v. RAINBOW DISPOSAL CO., INC. EMPLOYEE STOCK OWNERSHIP PLAN COMMITTEE, et al., Case No. 17-cv-1605-JLS-DFM
Plaintiff's Memorandum in Support of Motion to Certify Class – Page 10

plaintiffs and that the injuries result from the same injurious course of conduct.'" *Buttonwood Tree Value Partners, LP v. Sweeney*, SA-CV-1000537-CJCMLGX, 2013 WL 12125980, at *4 (C.D. Cal. Sept. 12, 2013) (citing *Armstrong v. Davis*, 275 F.3d 849, 869 (9th Cir. 2001)). Here, Plaintiff's claims are typical of the Class and there are no unique defenses.

### a. Plaintiff's Claims Are Typical of the Class

In ERISA cases alleging breach of fiduciary duty or prohibited transactions and seeking plan-wide relief, courts in this Circuit have often found that ERISA claims meet the typicality requirement. "In light of the representative nature of a suit filed pursuant to ERISA § 502(a)(2) and the injunctive relief sought pursuant to § 502(a)(3), Plaintiffs' claims are sufficiently typical of those of other class members." *Kanawi v. Bechtel Corp.*, 254 F.R.D. 102, 110 (N.D. Cal. 2008); *In re Syncor ERISA Litig.*, 227 F.R.D. 338, 344 (C.D. Cal. 2005) (finding typicality in § 502(a)(2) suit involving ESOP). In assessing typicality, "the focus in ERISA fiduciary breach cases is on the Defendants' conduct." *Marshall v. Northrop Grumman Corp.,* 2017 WL 6888281, at *7. That is because "[e]ach class member would have to rely on the same evidence to provide Defendants breached their duties, committed prohibited transactions, and harmed the Plan." *Id.* As to each of the claims here, Plaintiffs' claims are typical of the class because they focus the conduct of Defendants as to the plan as a whole, and not on conduct specific to any particular Plaintiff.

The same analysis applies to disclosure claims where there are "allegations of plan-wide misrepresentations and non-disclosures, which by definition were not individualized." *In re Comput. Scis. Corp. ERISA Litig.,* CV 08-02398 SJO JWJX, 2008 WL 7527872, at *2 (C.D. Cal. Dec. 29, 2008) (citing case and finding typicality met in case involving plan investment in employer stock). The Ninth

HURTADO, et al., v. RAINBOW DISPOSAL CO., INC. EMPLOYEE STOCK OWNERSHIP PLAN COMMITTEE, et al., Case No. 17-cv-1605-JLS-DFM
Plaintiff's Memorandum in Support of Motion to Certify Class – Page 11

Circuit affirmed certification of representation and non-disclosure claims where "defendant's representations were allegedly made on a uniform and classwide basis" because "individual issues of reliance do not preclude class certification." *Moyle*, 823 F.3d at 964–65 (affirming finding of commonality and typicality). Here, Counts III and IV are based on plan-wide communications to all participants. Compl. ¶¶ 244-52 & 253-61. Not only do Counts III and IV seek only equitable relief, but Count IV explicitly seeks the equitable remedy of accounting as relief. *Id.* ¶¶ 257, 260. Thus, the typicality requirement is also met for these claims.

### b.      There Are No Unique Defenses

"Defenses unique to a class representative counsel against class certification *only where* they 'threaten to become the focus of the litigation.'" *Rodriguez v. Hayes,* 591 F.3d 1105, 1124 (9th Cir. 2009). On the other hand, "defenses that may bar recovery for some members of the putative class, but that are not applicable to the class representative do not render a class representative atypical under Rule 23." *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program,* 270 F.R.D. 488, 494 (N.D. Cal. 2010) (citing cases). "This is so because Rule 23(a)(3) is primarily concerned with ensuring that there is no 'danger that absent class members will suffer [because] their representative is preoccupied with defenses unique to [him].'" *Id.* (quoting *Hanon v. Dataproducts Corp.,* 976 F.2d 497, 508 (9th Cir. 1992)). While Defendants have asserted a number of affirmative defenses, these defenses overwhelmingly implicate facts related to Defendants, the Plan or the Class as a whole. None appear to raise any defenses unique to these Plaintiffs.

### 4.      *Plaintiffs and Plaintiffs' Counsel Will Fairly and Adequately Protect the Interests of the Class.*

Rule 23(a)(4) involves resolving two questions: "(1) Do the representative plaintiffs and their counsel have any conflicts of interest with other class members,

HURTADO, et al., v. RAINBOW DISPOSAL CO., INC. EMPLOYEE STOCK OWNERSHIP PLAN COMMITTEE, et al., Case No. 17-cv-1605-JLS-DFM
Plaintiff's Memorandum in Support of Motion to Certify Class – Page 12

and (2) will the representative plaintiffs and their counsel prosecute the action
vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th
Cir. 2003); *Urakhchin*, 2017 WL 2655678, at *6 (same). Plaintiffs and their
counsel meet both requirements.

### a.    There Is No Evidence of Conflict

There is no conflict where the class is "not divided into conflicting discrete
categories" and where "each potential plaintiff has the same problem." *Hanlon v.
Chrysler Corp.*, 150 F.3d 1011, 1021 (9th Cir. 1998). In order for there to be a
"'conflict of interest' among the named Plaintiffs and the putative class members,
the Court must find that the named Plaintiffs do not have the same tangible stake in
the outcome of the litigation as the members of the proposed class." *Harris v.
Amgen, Inc.*, CV075442PSGPLAX, 2016 WL 7626161, at *3 (C.D. Cal. Nov. 29,
2016); *Barnes*, 270 F.R.D. at 495 (finding that where the plaintiff's interests are
aligned with the class regarding the central issue in the case, other issues including
some affirmative defenses did not create a conflict). Under Ninth Circuit law, in
order to find a conflict, Defendants need to present evidence of an actual and not
merely hypothetical or speculative conflict. *Urakhchin*, 2017 WL 2655678, at *6
(rejecting arguments of conflict as speculative); *see Cummings v. Connell,* 316
F.3d 886, 896 (9th Cir. 2003) (finding that speculative conflicts do not justify
denial of class certification). As this Court has recognized, "the Ninth Circuit has
stated on more than one occasion that potential future conflicts" – specifically as to
remedies – "are insufficient to deny class certification." *Urakhchin,* 2017 WL
2655678, at *5. In *Blackie v. Barrack*, 524 F.2d 891 (9th Cir. 1975), the Ninth
Circuit explained that decisions as to the appropriate remedy (including rescission)
was a matter for the court and "the possible creation of potential conflicts by that
decision" did not defeat class certification. *Id.* at 909; *Tawfilis,* 2017 WL 3084275,

HURTADO, et al., v. RAINBOW DISPOSAL CO., INC. EMPLOYEE STOCK
OWNERSHIP PLAN COMMITTEE, et al., Case No. 17-cv-1605-JLS-DFM
Plaintiff's Memorandum in Support of Motion to Certify Class – Page 13

at *9 (rejecting such an argument and citing *Soc. Servs. Union, Local 535, Serv. Emps. Int'l Union, AFL-CIO v. Santa Clara Cnty.*, 609 F.2d 944, 948 (9th Cir. 1979)). In this case, the claims seek to establish that the ESOP participants are entitled to greater rights or a larger amount than they have been provided. Thus, the Class share an interest in maximizing recovery to the Plan and ensuring its administration in accordance with law.

    **b.** **Plaintiffs will Vigorously Prosecute The Claims**

  "[D]istrict courts in this circuit have repeatedly stressed the relatively low level of familiarity a representative plaintiff must have to meet the Rule 23 adequacy requirement." *Allen v. Hyland's Inc.*, 300 F.R.D. 643, 663 (C.D. Cal. 2014) (finding plaintiffs adequate where they "have made themselves available for depositions and demonstrated familiarity with the case."); *see Fernandez v. K-M Indus. Holding Co.*, No. C 06-7339 CW, 2008 WL 2625874, at *4 (N.D. Cal. June 26, 2008) (holding ESOP class action plaintiffs adequate where they "are aware of their responsibilities as class representatives… have shown thus far that they are capable of fulfilling those responsibilities[, and] Defendants have provided no reason to doubt that they will continue to do so."). As this Court has observed, "the Ninth Circuit has never imposed a knowledge requirement on proposed class representatives." *Urakhchin*, 2017 WL 2655678, at *6; *Marshall*, 2017 WL 6888281 at * 7 (reaching the same conclusion and citing *Surowitz v. Hilton Hotels Corp.,* 383 U.S. 363, 376 (1966)). Such a requirement would be particularly inappropriate "in a case such as this involving complicated matters of ERISA law." *Tibble,* 2009 WL 6764541, at *6 (ERISA fiduciary duty case). So long as the Plaintiffs have a general understanding of their claims and a willingness to pursue them, that is sufficient. *Id; Urakhchin*, 2017 WL 2655678, at *6; *In re Northrop Grumman Corp.*, 2011 WL 3505264, at *14 (C.D. Cal. Mar. 29, 2011) (same).

HURTADO, et al., v. RAINBOW DISPOSAL CO., INC. EMPLOYEE STOCK OWNERSHIP PLAN COMMITTEE, et al., Case No. 17-cv-1605-JLS-DFM Plaintiff's Memorandum in Support of Motion to Certify Class – Page 14

Here, Plaintiffs have been actively engaged in the litigation since its inception (and in fact well before). They have provided documents to counsel used to draft the Complaint and Amended Complaint. Hurtado Decl. ¶ 5; Ortega Decl. ¶ 5; J. Quintero Decl. ¶ 5; M. Quintero Decl. ¶ 4; Urquiza Decl. ¶ 5; Valadez Decl. ¶ 5. To date, they have participated in discovery, including verifying answers to interrogatories and searching for documents responsive to **over 100** requests for production issued by Defendants. Hurtado Decl. ¶ 10; Ortega Decl. ¶ 10; J. Quintero Decl. ¶ 10; M. Quintero Decl. ¶ 9; Urquiza Decl. ¶ 10; Valadez Decl. ¶ 10. Plaintiffs are willing to pursue the claims on behalf of the Class. Hurtado Decl. ¶ 7, 8, 11; Ortega Decl. ¶ 7, 8, 11; J. Quintero Decl. ¶ 7, 8, 11; M. Quintero Decl. ¶ 6, 7, 10; Urquiza Decl. ¶ 7, 8, 11; Valadez Decl. ¶ 7, 8, 11. Therefore, Plaintiffs meet the adequacy requirement of Rule 23(a)(4).

### c.    Plaintiffs' Counsel Are More Than Adequate

"The adequacy of counsel is considered under Rule 23(a)(4) and Rule 23(g)." *Allen,* 300 F.R.D. at 664 (citing *Baumann v. Chase Inv. Servs. Corp.,* 747 F.3d 1117, 1122–23 (9th Cir. 2014)). Rule 23(g) factors include "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). At the meet and confer pursuant to L.R. 7-3, Defendants' counsel confirmed that Defendants do not contest Plaintiffs' counsel meet the requirements of Rule 23(a)(4) and Rule 23(g).

Both of Plaintiffs' proposed Co-Lead Class Counsel, Block & Leviton LLP and Creitz & Serebin LLP, are experienced in complex litigation and class action cases in general and ERISA specifically. Block & Leviton and its attorneys have

HURTADO, et al., v. RAINBOW DISPOSAL CO., INC. EMPLOYEE STOCK OWNERSHIP PLAN COMMITTEE, et al., Case No. 17-cv-1605-JLS-DFM
Plaintiff's Memorandum in Support of Motion to Certify Class – Page 15

been appointed lead or co-lead counsel in numerous complex and class-action cases. Barton Decl. ¶ 2, 3. The Block & Leviton partner on this case, Joseph Barton, is AV-rated by Martindale Hubbell and recognized as a Super Lawyer. *Id.* ¶ 4. Mr. Barton has substantial experience in ERISA cases in general and the particular area of ESOP-related cases. *Id.* ¶ 5. Mr. Barton has successfully tried several ERISA fiduciary breach actions including an ESOP class action. *Id.* The Creitz & Serebin LLP partner on this case, Joseph A. Creitz, has significant experience litigating ERISA cases and other complex matters in federal court. Creitz Decl. ¶¶ 4, 5, 7. Mr. Creitz is also rated a Super Lawyer in the area of Employee Benefits. *Id.* ¶ 6. The work that Plaintiffs' counsel has done to investigate the case is illustrated by the years of work invested by counsel and the vigorous pursuit of Plaintiffs' claims from their inception.

## C.   The Claims Meet the Requirements of Rule 23(b)(1).

"Most ERISA class action cases are certified under Rule 23(b)(1)." *Marshall*, 2017 WL 6888281, at *9. The Third Circuit has recognized that "breach of fiduciary duty claims brought under [ERISA §] 502(a)(2) are paradigmatic examples of claims appropriate for certification as a Rule 23(b)(1) class, as numerous courts have held." *In re Schering Plough Corp. ERISA Litig.*, 589 F.3d 585, 604 (3rd Cir. 2009). The propriety of Rule 23(b)(1) certification in [an ESOP case] is confirmed by the vast number of cases in which courts have certified ERISA class actions pursuant either to Rule 23(b)(1)(A) or Rule 23(b)(1)(B), or both. *Colesberry v. Ruiz Food Prods., Inc.,* CVF 04-5516 AWISMS, 2006 WL 1875444, at *5 (E.D. Cal. June 30, 2006).

### 1.   Certification Under Rule 23(b)(1)(A) Is Appropriate

Certification under Rule 23(b)(1)(A) applies in "cases where the party is obliged by law to treat the members of the class alike […], or where the party must

HURTADO, et al., v. RAINBOW DISPOSAL CO., INC. EMPLOYEE STOCK OWNERSHIP PLAN COMMITTEE, et al., Case No. 17-cv-1605-JLS-DFM
Plaintiff's Memorandum in Support of Motion to Certify Class – Page 16

treat all alike as a matter of practical necessity[.]" *Amchem*, 521 U.S. at 614 (citing
1966 Committee Note to Rule 23 to explain that the clause should be used to
achieve a "unitary adjudication: when an individual seeks a determination
concerning particular rights or duties which affect other individuals."). ERISA
claims are often certified under (b)(1)(A) because ERISA "requires plan
administrators to treat all similarly situated participants in a consistent manner."
*Alday v. Raytheon Co*., 619 F. Supp. 2d 726, 736 (D. Ariz. 2008). As a result, if
even some of the class members were "forced to adjudicate individually, there
would be a significant risk of inconsistent judgments." *Cryer v. Franklin
Templeton Res., Inc*., C 16-4265 CW, 2017 WL 4023149, at *6 (N.D. Cal. July 26,
2017) (certifying ERISA breach of fiduciary duty and prohibited transaction claims
under Rule 23(b)(1)); *Tom v. Com Dev USA, LLC*, CV161363PSGGJSX, 2017 WL
8236268, at *5 (C.D. Cal. Sept. 18, 2017) (reaching similar conclusion as to claims
involving interpretation of the plan and statutory violations). Here, Plaintiffs'
claims alleging breaches of fiduciary duty, prohibited transactions and other
violations for which the Court's decision will have the same answer for the entire
Class. Separate lawsuits have the potential for conflicting decisions that would
make uniform administration of the Plan impossible. Such inconsistent decisions
would affect not only Defendants, but also any subsequent fiduciary (including one
appointed by this Court). Thus, certification under Rule 23(b)(1)(A) is appropriate.

### 2.   Certification Under Rule 23(b)(1)(B) Is Appropriate.

Certification under Rule 23(b)(1)(B) is appropriate in actions where if the
action was litigated individually instead of as a class, it "would have the practical if
not technical effect of" concluding or impairing the interests of persons who are
not parties to the lawsuit. *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 833 (1999).
Two classic examples for which Rule 23(b)(1)(B) apply here: First, "the

HURTADO, et al., v. RAINBOW DISPOSAL CO., INC. EMPLOYEE STOCK
OWNERSHIP PLAN COMMITTEE, et al., Case No. 17-cv-1605-JLS-DFM
Plaintiff's Memorandum in Support of Motion to Certify Class – Page 17

adjudication of the rights of all participants in a fund in which the participants have common rights." *Id.* at 834 n.14; Second, "an action which charges a breach of trust by a[ ] ... trustee or other fiduciary similarly affecting the members of a large class of security holders or their beneficiaries, and which requires an accounting or like measures to restore the subject of the trust." 1966 Committee Note to Rule 23. This is precisely the type of action charged in this case.

As this Court previously observed with respect to breach of fiduciary duty and prohibited transaction claims in an ERISA defined contribution plan, "the shared character of rights claimed or relief awarded entails that any individual adjudication by a class member disposes of, or substantially affects, the interests of absent class members." *Urakhchin*, 2017 WL 2655678, at *7. That analysis applies to both the injunctive and declaratory relief as well as the monetary relief. *Id.* at *8-9; *see also In re Northrop Grumman Corp.*, 2011 WL 3505264, at *18 (finding Rule 23(b)(1)(B) satisfied where "plaintiffs assert § 502(a)(2) and (3) claims on behalf of the plan and allege breaches of fiduciary duty by defendants that will, if proved, affect every plan participant"). The claims here are similarly, if not even more suitable for class certification under Rule (b)(1)(B). The transactions and actions that the Complaint challenges focuses entirely on action and conduct by Defendants and about which Plaintiffs had no involvement. Yet, a determination in this action about participants' rights or Defendants' conduct will necessarily affect the rights of other participants in the Plan. Thus, certification under Rule 23(b)(1)(B) is likewise appropriate here.

### 3. Rule 23(b)(1) Applies to ERISA Claims Seeking Equitable Remedies

The Ninth Circuit has recognized that ERISA claims seeking declaratory and equitable relief are appropriate for certification under Rule 23(b)(1). *Moyle,* 823

HURTADO, et al., v. RAINBOW DISPOSAL CO., INC. EMPLOYEE STOCK OWNERSHIP PLAN COMMITTEE, et al., Case No. 17-cv-1605-JLS-DFM
Plaintiff's Memorandum in Support of Motion to Certify Class – Page 18

F.3d at 965 (affirming certification of ERISA claims seeking equitable remedies).
District Courts in this Circuit have certified such claims as well. *E.g. Marshall,*
2017 WL 6888281, at \*10 (certifying ERISA fiduciary duty claims seeking
equitable remedies of disgorgement and injunctive relief under Rule 23(b)(1));
*Tibble*, 2009 WL 6764541, at \*7–8 (same); *see Barnes*, 270 F.R.D. at 496
(certifying claims for declaratory relief under Rule 23(b)(1)). As a remedy for
Defendants' violations, the Complaint seeks a variety of equitable relief, including
remedies resulting in equitable monetary relief (such as the imposition of
constructive trusts or disgorgement), and declaratory relief (such as compliance
with participants' voting rights and voiding prohibited transactions) as well as
other injunctive relief. Am. Compl. at Prayer for Relief ¶¶ A-M, P.

### D.    The Claims Meet the Requirements of Rule 23(b)(2).

Class certification under Rule 23(b)(2) is appropriate when (1) "the party
opposing the class has acted or refused to act on grounds that apply generally to the
class" and (2) "final injunctive relief or declaratory relief is appropriate respecting
the class as a whole." Fed. R. Civ. P. 23(b)(2).

### 1.    Defendants Have Acted or Refused to Act on Grounds That Apply Generally To the Class

"Action or inaction is directed to a class within the meaning of [Rule
23(b)(2)] even if it has taken effect or is threatened only as to one or a few
members of the class, provided it is based on grounds which have general
application to the class." 1966 Committee Notes to Rule 23(b)(2). In the context of
an ERISA plan where the fiduciaries must treat similarly situated participants
similarly, this requirement is readily met. *Barnes*, 270 F.R.D. at 497. There should
be little dispute that Defendants acted on grounds generally applicable to the class
regarding the allegations here.

HURTADO, et al., v. RAINBOW DISPOSAL CO., INC. EMPLOYEE STOCK
OWNERSHIP PLAN COMMITTEE, et al., Case No. 17-cv-1605-JLS-DFM
Plaintiff's Memorandum in Support of Motion to Certify Class – Page 19

## 2.      The Claims Seek Injunctive and Declaratory Relief

Rule 23(b)(2) applies to cases that seek "injunctive or declaratory relief" for the class. *Dukes*, 564 U.S. at 360–61 ("The key to the (b)(2) class is the 'indivisible nature of the injunctive or declaratory remedy warranted'" such as "conduct that was remedied by a single classwide order.") Certification under Rule 23(b)(2) is appropriate "when a single injunction or declaratory judgment would provide the relief to each member of the class." *Id*. at 360. In this case, the relief primarily if not exclusive consists of declaratory and injunctive relief (including as to any monetary relief) and any monetary relief merely flows as a natural consequence of the requested declaratory and injunctive relief.

ERISA § 502(a) permits a participant to obtain either an injunction, a declaration or "other appropriate equitable relief" to redress violations or to enforce ERISA or the terms of the plan. *Amara, v. CIGNA Corp.*, 775 F.3d 510, 441–42 (concluding "injunctions requir[ing] the plan administrator to pay to already retired beneficiaries money owed them under the plan as reformed" was appropriate equitable relief); *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 26-27 (1983) ("Under § 502(a)(3)(B) of ERISA, a participant … may bring a declaratory judgment action in federal court"). The mere fact that the claim results in monetary relief does not mean that the relief sought is not equitable. *See Berger v. Xerox Corp. Ret. Income Guarantee Plan*, 338 F.3d 755, 763 (7th Cir. 2003) (holding Rule 23(b)(2) is satisfied even where a declaratory judgment is "merely a prelude to a request for" monetary relief). Re-affirming the validity of that rationale after *Dukes*, the Seventh Circuit concluded an ERISA case was properly certified under 23(b)(2):

> [A] declaration of the rights that the plan confers and an injunction ordering [defendant] to conform the text of the plan to the declaration.

HURTADO, et al., v. RAINBOW DISPOSAL CO., INC. EMPLOYEE STOCK OWNERSHIP PLAN COMMITTEE, et al., Case No. 17-cv-1605-JLS-DFM
Plaintiff's Memorandum in Support of Motion to Certify Class – Page 20

> If once that is done the award of monetary relief will just be a matter
> of laying each class member's [plan] records alongside the text of the
> reformed plan and computing the employee's entitlement by
> subtracting the benefit already credited it to him from the benefit to
> which the reformed plan document entitles him, the monetary relief
> will truly be merely "incidental" to the declaratory and (if necessary)
> injunctive relief (necessary only if [defendant] ignores the
> declaration).

*Johnson v. Meriter Health Servs. Emp. Ret. Plan*, 702 F.3d 364, 371 (7th Cir.

2012). The relief requested here is accomplished by declarations or injunctions:

**Constructive Trust:** A constructive trust is obtained when the court

"*declares* [the defendant] to be [the] constructive trustee, [and] then orders him as

trustee to make a transfer of the property to the beneficiary of the constructive

trust, the plaintiff." Dan B. Dobbs, *The Law of Remedies* § 4.3(2) at 393 (2d ed.

1993) (emphasis added); George G. Bogert, et al., *The Law Of Trusts And Trustees*

§ 471 (2008) (explaining that a constructive trust is accomplished "by merely

issuing a decree that the defendant convey" property to the plaintiff).

**Reformation:** Reformation is "properly understood as a declaration of the

plaintiffs' rights under the plan and an injunction ordering the plan to be reformed

to reflect that declaration." *Amara* 775 F.3d at 523, 530-31 (affirming Rule

23(b)(2) certification of claims ERISA §§ 102 and 404, based on defendants'

disclosures in SPDs that were uniform and were provided to the entire class).

**Reinstatement:** "[R]einstatement of the ESOP or reconversion of all

common shares" is accomplished by an injunction. *McBride v. PLM Intern., Inc.*,

179 F.3d 737, 744 (9th Cir. 1999). Such a remedy is accomplished by an order that

reinstates the Class as a "participant in the employer's ERISA plan" *Varity Corp. v.*

*Howe*, 516 U.S. 489, 492 (1996) (affirming such a remedy for fiduciary breaches)

and restores certain stock in their plan accounts, *e.g. Chesemore v. All. Holdings,*

HURTADO, et al., v. RAINBOW DISPOSAL CO., INC. EMPLOYEE STOCK
OWNERSHIP PLAN COMMITTEE, et al., Case No. 17-cv-1605-JLS-DFM
Plaintiff's Memorandum in Support of Motion to Certify Class – Page 21

*Inc.,* 948 F. Supp. 2d 928, 945 (W.D. Wis. 2013) (ordering restoration of stock to ESOP as a result of fiduciary breaches), *aff'd*, 829 F.3d 803 (7th Cir. 2016).

*Disgorgement:* "Nothing is more clearly a part of the subject matter of a suit for an injunction than the recovery of that which has been illegally acquired and which has given rise to the necessity for injunctive relief." *Porter v. Warner Holding Co.,* 328 U.S. 395, 399 (1946) (concluding order for return of illegal rents is injunctive relief); *Harris Tr. and Savings Bank v. Salomon Smith Barney, Inc.,* 530 U.S. 238, 250–53 (2000) (explaining in an ERISA case that the return of monies wrongfully transferred is done by an injunction). As a result, courts have characterized disgorgement as "a continuing injunction." *S.E.C. v. AMX, Int'l*, 7 F.3d 71, 76 n.8 (5th Cir. 1993).

*Rescission*: Rescission is accomplished by issuing a declaration. Dan B. Dobbs, *The Law of Remedies* § 4.3(6) at 415 (2d ed. 1993) ("In equity rescission… the rescission does not take place until the court *declares* it.") (emphasis added); *Black's Law Dictionary*, 1308 (7th ed. 1999) ("[E]quitable rescission" is "decreed by a court of equity").

As any payment of money in this suit would be accomplished by or the automatic consequence of the declaratory and injunctive relief sought by Plaintiffs, these claims are ideally suited for certification under Rule 23(b)(2).

### E.     The Claims Also Satisfy Both of the Rule 23(b)(3) Criteria.

Certification under Rule 23(b)(3) is appropriate if (1) common questions predominate over any questions affecting only individual members, and (2) class resolution is superior to other available methods for the fair and efficient adjudication of claims. Fed. R. Civ. P. 23(b)(3). But an action should be certified under Rule 23(b)(3) only if the court concludes that the requirements of Rule 23(b)(1) or (2) are not met. *Stoetzner v. U.S. Steel Corp*., 897 F.2d 115, 119 (3d

HURTADO, et al., v. RAINBOW DISPOSAL CO., INC. EMPLOYEE STOCK OWNERSHIP PLAN COMMITTEE, et al., Case No. 17-cv-1605-JLS-DFM
Plaintiff's Memorandum in Support of Motion to Certify Class – Page 22

Cir. 1990) ("[A]n action maintainable under both (b)(2) and (b)(3) should be treated under (b)(2) to enjoy its superior res judicata effect and to eliminate the procedural complications of (b)(3), which serve no useful purpose under (b)(2)."); *Reynolds v. Nat'l Football League*, 584 F.2d 280, 284 (8th Cir. 1978) ("[W]hen the choice exists between (b)(1) and (b)(3) certification, generally it is proper to proceed under (b)(1) exclusively in order to avoid inconsistent adjudication or a compromise of class interests."). If the Court finds that certification is not proper under Rule 23(b)(1) or (b)(2), the Court should certify the class under 23(b)(3).

### 1. *Common Questions of Law and Fact Predominate.*

Rule 23(b)(3) requires that "common questions predominate over any questions affecting only individual members." Predominance "asks whether the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual issues." *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016). When the common questions "present a *significant aspect* of the case and . . . can be resolved for all members of the class in a single adjudication," predominance is met. *Hanlon*, 150 F.3d at 1022 (emphasis added). When "[a] common nucleus of facts and potential legal remedies dominates th[e] litigation," common issues predominate. *Id.*; *see Just Film, Inc. v. Buono*, 847 F.3d 1108, 1120 (9th Cir. 2017) (finding predominance where claims "arise from a course of conduct that impacted the class").

Common issues predominate with respect to Plaintiffs' prohibited transaction and breach of fiduciaries claims as the conduct by Defendants—their breaches, self-dealing and imprudent administration of Plan assets—were identical with respect to each Class member. *See Fremont Gen. Corp. Litig.*, No. 2:07-cv-02693-JHN-FFMx., 2010 WL 3168088, *7 (C.D. Cal. Apr. 15, 2010) (holding common issues driving liability determination predominated in case involving

HURTADO, et al., v. RAINBOW DISPOSAL CO., INC. EMPLOYEE STOCK OWNERSHIP PLAN COMMITTEE, et al., Case No. 17-cv-1605-JLS-DFM
Plaintiff's Memorandum in Support of Motion to Certify Class – Page 23

breach of fiduciary duty claims regarding ESOP plan assets and related co-
fiduciary and failure to monitor claims); *In re Comput. Scis. Corp. ERISA Litig.*,
CV 08-02398 SJO JWJX, 2008 WL 7527872, at *4 (C.D. Cal. Dec. 29, 2008)
(same). Determining the appropriate remedy will be a plan-wide or class-wide
remedy and have a participant-wide effect (even if this case was not certified as a
class). Relief obtained for the Plan, whether in the form of constructive trusts,
disgorgement, an accounting, or otherwise, will be common to each and every
participant in the class.

Finally, the Ninth Circuit affirmed certification of an ERISA § 102 claim
where the SPDs were sent to the entire class and because no showing of individual
reliance is necessary. *Supra* at 12 (*discussing Moyle*); *see also Amara*, 563 U.S. at
443–44; *see Osberg* 2014 WL 5796686 at *4 (rejecting argument that individual
reliance on alleged misrepresentation prohibited certification under (b)(3) as
foreclosed by *Amara*). Thus, common issues regarding Count III predominate.

Accordingly, issues of law and fact common to all class members
predominate over issues that may only affect individual members.

### 2.   *A Class Action is a Superior Method of Resolution*.

Superiority merely measures whether "a class action is superior to other
available methods for the fairly and efficiently adjudicating the controversy." Fed.
R. Civ. P. 23(b)(3). Superiority "requires the court to determine whether
maintenance of this litigation as a class action is efficient and whether it is fair."
*Wolin v. Jaguar Land Rover N.A., LLC,* 617 F.3d 1168, 1175–76 (9th Cir. 2010).
Among the factors to consider are the following: (A) the class members' interest in
individually controlling the prosecution or defense of separate actions; (B) the
extent and nature of any litigation concerning the controversy already begun by or
against class members; (C) the desirability or undesirability of concentrating the

HURTADO, et al., v. RAINBOW DISPOSAL CO., INC. EMPLOYEE STOCK
OWNERSHIP PLAN COMMITTEE, et al., Case No. 17-cv-1605-JLS-DFM
Plaintiff's Memorandum in Support of Motion to Certify Class – Page 24

litigation of the claims in the particular forum; and (D) the likely difficulties in managing of a class action. Fed. R. Civ. P. 23(b)(3).

The first factor is met "[w]here recovery on an individual basis would be dwarfed by the cost of litigating on an individual basis." *Wolin*, 617 F.3d at 1175–76. The cost of litigating a complex case of this kind dwarfs the individual entitlement to relief any individual class member would possess. Second, there is no other litigation. Third, concentrating the claims in this District is desirable as Rainbow is headquartered and many individual defendants are located here as are many class members, including Plaintiffs. Finally, as all of the issues are common, and the Complaint seeks injunctive and declaratory relief, there are no manageability issues that would weigh against certification—certainly not compared to the prospect of managing hundreds of individual actions brought by class members, or of managing a case with hundreds of individually joined plaintiffs. *See Munday v. Navy Fed. Credit Union*, No. SACV151629JLSKESX, 2016 WL 7655807, at *5 (C.D. Cal. Sept. 15, 2016) (holding superiority met where "the court would be substantially burdened if even a fraction of putative class members pursued individual claims"). Finally, there is a "well-settled presumption that courts should not refuse to certify a class merely on the basis of manageability concerns." *Briseno*, 844 F.3d at 1128 (citing *Mullins v. Direct Dig., LLC*, 795 F.3d 654, 663 (7th Cir. 2015) and *In re Visa Check/MasterMoney Antitrust Litig.*, 280 F.3d 124, 140 (2d Cir. 2001) (Sotomayor, J.) (listing management tools)).

## IV.   CONCLUSION

For the foregoing reasons, these ERISA claims are well-suited to class certification and Plaintiffs' motion for class certification under Fed. R. Civ. P. 23(a), (b)(1) and (b)(2), or alternatively (b)(3) should be granted.

HURTADO, et al., v. RAINBOW DISPOSAL CO., INC. EMPLOYEE STOCK OWNERSHIP PLAN COMMITTEE, et al., Case No. 17-cv-1605-JLS-DFM
Plaintiff's Memorandum in Support of Motion to Certify Class – Page 25

DATED:      December 14, 2018

Respectfully submitted,

_____
R. Joseph Barton, CSBN 212340
**BLOCK & LEVITON LLP**
1735 20th Street NW
Washington, DC 20009
Telephone: (202) 734-7046
Email: jbarton@blockesq.com

Joseph Creitz, CSBN 169552
**CREITZ & SEREBIN LLP**
100 Pine St., Suite 1250
San Francisco, CA 94111
Telephone: (415) 466-3090
Email: joe@creitzserebin.com

Vincent Cheng, CSBN 230827
**BLOCK & LEVITON LLP**
610 16th Street, Suites 214-216
Oakland, CA 94612
Telephone: (415) 968-8999
Email: vincent@blockesq.com

*Attorneys for Plaintiffs*

HURTADO, et al., v. RAINBOW DISPOSAL CO., INC. EMPLOYEE STOCK OWNERSHIP PLAN COMMITTEE, et al., Case No. 17-cv-1605-JLS-DFM
Plaintiff's Memorandum in Support of Motion to Certify Class – Page 26

**CERTIFICATE OF SERVICE**

I, Ming Siegel, hereby certify that on December 14, 2018, a copy of the foregoing Memorandum of Points and Authority in Support of Motion to Certify Class was served on the following counsel of record by the CM/ECF system:

Dated this 14th day of December 2018.

Ming Siegel

Christopher W. Smith
Jason Levin
STEPTOE & JOHNSON LLP
633 West Fifth Street, 7th Floor
Los Angeles, CA 90071
Telephone: (213) 439-9433
Email: csmith@steptoe.com
Email: jlevin@steptoe.com

Andrew J. Sloniewsky
Eric G. Serron
Linda C. Bailey
Osvaldo Vazquez
Paul J. Ondrasik, Jr.
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue NW
Washington, DC 20036
Telephone: (202) 429-3907
Email: asloniewsky@steptoe.com
Email: eserron@steptoe.com
Email: lbailey@steptoe.com
Email: ovazquez@steptoe.com
Email: pondrasik@steptoe.com

Attorneys for Defendants Rainbow Disposal Co., Inc. Employee Stock Ownership Plan Committee, Jon Black, Catharine Ellingsen, Bill Eggleston,

Dylan Rudolph
TRUCKER HUSS APC
One Embarcadero Center, 12th Floor
San Francisco, CA 94111
Telephone: (415) 788-3111
Email: drudolph@truckerhuss.com

Joseph Faucher
Brian D. Murray
TRUCKER HUSS APC
15821 Ventura Blvd., Suite 510
Encino, CA 91436
Telephone: (213) 537-1020
Email: jfaucher@truckerhuss.com
Email: bmurray@truckerhuss.com

Attorneys for Defendant GreatBanc Trust Company

Timothy J Toohey
GREENBERG GLUSKER FIELD CLAMAN AND MACHTINGER LLP
1099 Avenue of the Stars, 21st Floor
Los Angeles, CA 90067
Telephone: (310) 553-3610
Email: ttoohey@greenbergglusker.com

HURTADO, et al., v. RAINBOW DISPOSAL CO., INC. EMPLOYEE STOCK OWNERSHIP PLAN COMMITTEE, et al., Case No. 17-cv-1605-JLS-DFM
Plaintiff's Memorandum in Support of Motion to Certify Class – Page 27

1  Republic Services, Inc. and Rainbow
2  Disposal Co., Inc.

Attorney for Defendant Gerald
Moffatt

3  Joshua Pollack
   David R. Scheidemantle
4  LATHROP GAGE LLP
5  1888 Century Park East, Suite 1000
   Los Angeles, CA 90067
6  Telephone: (310) 789-4662
7  Email: jpollack@lathropgage.com
   Email:
8  dscheidemantle@lathropgage.com

9  Attorney for Defendant Gregory Range

Larry Walraven
Nicole Wurscher
Brian Selvan
WALRAVEN AND WESTERFELD
LLP
20 Enterprise Suite 310
Aliso Viejo, CA 92656
Telephone: (949) 215-1990
Email: law@walravenlaw.com
Email: new@walravenlaw.com
Email: bselvan@walravenlaw.com

Attorneys for Defendant Jeff Snow

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27  HURTADO, et al., v. RAINBOW DISPOSAL CO., INC. EMPLOYEE STOCK
28  OWNERSHIP PLAN COMMITTEE, et al., Case No. 17-cv-1605-JLS-DFM
    Plaintiff's Memorandum in Support of Motion to Certify Class – Page 28