Joseph Creitz, CSBN 169552
CREITZ & SEREBIN LLP
100 Pine St., Suite 1250
San Francisco, CA 94111
Telephone: (415) 466-3090
Email: joe@creitzserebin.com

Vincent Cheng, CSBN 230827
BLOCK & LEVITON LLP
610 16th Street, Suites 214-216
Oakland, CA 94612
Telephone: (415) 968-8999
Email: vincent@blockesq.com

R. Joseph Barton, CSBN 212340
BLOCK & LEVITON LLP
1735 20th Street NW
Washington, DC 20009
Telephone: (202) 734-7046
Email: jbarton@blockesq.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN (SANTA ANA) DIVISION**

| | |
|---|---|
| ANTONIO HURTADO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> RAINBOW DISPOSAL CO., INC. EMPLOYEE STOCK OWNERSHIP PLAN COMMITTEE, et al. <br><br> Defendants. | Case No.: 8:17-cv-01605-JLS-DFM <br><br> *Assigned to Hon. Josephine L. Staton* <br><br> **PLAINTIFFS' MEMORANDUM IN SUPPORT OF UNOPPOSED EX PARTE APPLICATION TO PERMIT FILING OF AMENDED NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION** |

*HURTADO, et al., v. RAINBOW DISPOSAL CO., INC. EMPLOYEE STOCK OWNERSHIP PLAN COMMITTEE, et al.,* Case No. 17-cv-1605-JLS-DFM
PLAINTIFF'S MEMORANDUM ISO OF EX PARTE APPLICATION

Plaintiffs respectfully request that this Court permit Plaintiffs to file their Amended Motion for Class Certification on December 18, 2018.

On December 14, 2018—the date on which Plaintiffs' Motion for Class Certification was due under the Scheduling Order in this case—Plaintiffs filed their Motion for Class Certification and Notice of Motion, Memorandum of Points and Authorities, supporting exhibits, and proposed order. Dkt. No. 139. Due to an administrative error, the wrong version of Plaintiffs' Notice of Motion and Motion was filed with the Court. Declaration of Colin Downes ¶ 2. On December 17, 2018, the Court struck Plaintiffs' Motion for Class Certification and Notice of Motion as deficient because the "hearing information is missing, incorrect, or not timely." Order (Dkt. No. 141).[1] The incorrect hearing information was that the date for hearing on Plaintiffs' Motion for Class Certification was identified as March 22, 20**18**, rather than March 22, 20**19** as set by the Scheduling Order. *See* Scheduling Order (Dkt. No. 122) at 2. On December 17, 2018, shortly after receiving the Order (Dkt No. 141), Plaintiffs' counsel contacted Defendants' counsel to see if they would oppose the filing of a corrected Motion. Declaration of Colin Downes ¶ 3. On December 18, 2018. Plaintiffs filed a corrected motion for class certification, with the properly noticed hearing date.

Rule 6(b)(1)(B) provides that "When an act may or must be done within a specified time, the court may, for good cause, extend the time… on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. Rule 6(b)(1)(B).  As Rule 6 requires both good cause and excusable neglect, courts in this Circuit have generally considered the good cause standard in

---

[1] As the Court's Order only struck Dkt. No. 139 and not any of the associated documents, Plaintiffs understand that only the Dkt. No. 139 was struck and not Dkt. Nos. 139.1-139.37**.**  As a result, Plaintiffs have not sought to refile the associated memorandum or other supporting documents.

Rule 16 subsumed within Rule 6 in similar circumstances. *E.g.*, *Federal Trade Comm'n v. Johnson*, No. 2:10-cv-02203, 2013 WL 12316503, *1 (D. Nev. Dec. 10, 2013). The requirements of Rule 6 and Rule 16 are met in this case.

Whether neglect is excusable is an equitable question, where the circumstances to be weighed include "the danger of prejudice… the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (holding that "excusable neglect," contemplates that courts are permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness). "The determination is at bottom an equitable one, taking account of all relevant circumstances." *Id.* (finding a party's late filed claim met the standard of excusable neglect even though it was not beyond the party's control). Consistent with that standard, the Ninth Circuit has held that the failure to file a timely appeal due to a calendaring mistake, which was an "*egregious*" mistake by the attorney, nonetheless met the standard for excusable neglect. *Pincay v. Andrews*, 389 F.3d 853, 858 (9th Cir. 2004). "Generally, a 'typo' is categorized as a 'mistake' or 'excusable neglect.'" *Baker v. Schriro*, No. CV07-0353PHXSMMJRI, 2008 WL 2003757, at *2 (D. Ariz. May 8, 2008) (holding that typo in final digit of year constituted excusable neglect).

In this case, the mistake was a minor one which is unlikely to have confused anyone, particularly since the Court had previously set the hearing on class certification for March 22, 2019. Scheduling Order (Dkt. No. 122) at 2. There is no prejudice to Defendants as they would have certainly understood that Plaintiffs intended to set the hearing for March 22, 2019, rather than March 22, 2018 (a date that had passed almost 9 months ago). The mistake was caused by a mistaken

filing of a draft of the motion that contained the error rather than the revised version that had corrected the error. Declaration of Colin Downes ¶ 2. As relief, Plaintiffs seek only substitution of the newly filed motion for the one struck by the Court and the memorandum of points and authorities, exhibits, and proposed order previously filed are unaffected. The delay has been minimal given that Plaintiffs are filing this motion within 1 day after the Court struck the prior motion (and only waited that long to allow Defendants' counsel time to formulate their positions on this Application). Finally, there is no bad faith on the part of Plaintiffs.

Pursuant to L.R. 7-19, this memorandum must set out the names, address, telephone number, and email addresses of counsel for opposing parties. All Defendants in this case have stated that they do not intend to oppose this Application.

For the foregoing reasons, Plaintiffs should be allowed to file their Corrected Motion for Class Certification and Notice of Motion on December 18, 2018.

*HURTADO, et al., v. RAINBOW DISPOSAL CO., INC. EMPLOYEE STOCK OWNERSHIP PLAN COMMITTEE, et al.,* Case No. 17-cv-1605-JLS-DFM
PLAINTIFF'S MEMORANDUM ISO OF EX PARTE APPLICATION                4

1 | DATED: December 18, 2018

Respectfully submitted,

_____

R. Joseph Barton, CSBN 212340
BLOCK & LEVITON LLP
1735 20th Street NW
Washington, DC 20009
Telephone: (202) 734-7046
Email: jbarton@blockesq.com

Joseph Creitz, CSBN 169552
CREITZ & SEREBIN LLP
100 Pine St., Suite 1250
San Francisco, CA 94111
Telephone: (415) 466-3090
Email: joe@creitzserebin.com

Vincent Cheng, CSBN 230827
BLOCK & LEVITON LLP
610 16th Street, Suites 214-216
Oakland, CA 94612
Telephone: (415) 968-8999
Email: vincent@blockesq.com

Attorneys for Plaintiffs

# CERTIFICATE OF SERVICE

I, Ming Siegel, hereby certify that on December 18, 2018, a copy of the foregoing Memorandum in Support of Plaintiffs' Ex Parte Application to Permit Filing of Amended Notice of Motion and Motion for Class Certification was served on the following counsel of record by the CM/ECF system:

Dated this 18th day of December 2018.

_____
Ming Siegel

| | |
|---|---|
| Christopher W. Smith<br>Jason Levin<br>STEPTOE & JOHNSON LLP<br>633 West Fifth Street, 7th Floor<br>Los Angeles, CA 90071<br>Telephone: (213) 439-9433<br>Email: csmith@steptoe.com<br>Email: jlevin@steptoe.com<br><br>Andrew J. Sloniewsky<br>Eric G. Serron<br>Linda C. Bailey<br>Osvaldo Vazquez<br>Paul J. Ondrasik, Jr.<br>STEPTOE & JOHNSON LLP<br>1330 Connecticut Avenue NW<br>Washington, DC 20036<br>Telephone: (202) 429-3907<br>Email: asloniewsky@steptoe.com<br>Email: eserron@steptoe.com<br>Email: lbailey@steptoe.com<br>Email: ovazquez@steptoe.com<br>Email: pondrasik@steptoe.com<br><br>*Attorneys for Defendants Rainbow Disposal Co., Inc. Employee Stock* | Dylan Rudolph<br>TRUCKER HUSS APC<br>One Embarcadero Center, 12th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 788-3111<br>Email: drudolph@truckerhuss.com<br><br>Joseph Faucher<br>Brian D. Murray<br>TRUCKER HUSS APC<br>15821 Ventura Blvd., Suite 510<br>Encino, CA 91436<br>Telephone: (213) 537-1020<br>Email: jfaucher@truckerhuss.com<br>Email: bmurray@truckerhuss.com<br><br>*Attorneys for Defendant GreatBanc Trust Company*<br><br>Timothy J Toohey<br>GREENBERG GLUSKER FIELD CLAMAN AND MACHTINGER LLP<br>1099 Avenue of the Stars, 21st Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 553-3610 |

*HURTADO, et al., v. RAINBOW DISPOSAL CO., INC. EMPLOYEE STOCK OWNERSHIP PLAN COMMITTEE, et al.,* Case No. 17-cv-1605-JLS-DFM
PLAINTIFF'S MEMORANDUM ISO OF EX PARTE APPLICATION       6

| | |
|---|---|
| *Ownership Plan Committee, Jon Black, Catharine Ellingsen, Bill Eggleston, Republic Services, Inc. and Rainbow Disposal Co., Inc.* | Email: ttoohey@greenbergglusker.com<br><br>*Attorney for Defendant Gerald Moffatt* |
| Joshua Pollack<br>David R. Scheidemantle<br>LATHROP GAGE LLP<br>1888 Century Park East, Suite 1000<br>Los Angeles, CA 90067<br>Telephone: (310) 789-4662<br>Email: jpollack@lathropgage.com<br>Email: dscheidemantle@lathropgage.com<br><br>*Attorney for Defendant Gregory Range* | Larry Walraven<br>Nicole Wurscher<br>Brian Selvan<br>WALRAVEN AND WESTERFELD LLP<br>20 Enterprise Suite 310<br>Aliso Viejo, CA 92656<br>Telephone: (949) 215-1990<br>Email: law@walravenlaw.com<br>Email: new@walravenlaw.com<br>Email: bselvan@walravenlaw.com<br><br>*Attorneys for Defendant Jeff Snow* |

*HURTADO, et al., v. RAINBOW DISPOSAL CO., INC. EMPLOYEE STOCK OWNERSHIP PLAN COMMITTEE, et al.,* Case No. 17-cv-1605-JLS-DFM
PLAINTIFF'S MEMORANDUM ISO OF EX PARTE APPLICATION               7