_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-01605-JLS-DFM                                                      Date:  March 27, 2019
Title: Antonio Hurtado et al. v. Rainbow Disposal Co., Inc. Employee Stock Ownership Plan Committee et al.

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| Not Present | Not Present |

**PROCEEDINGS:   (IN CHAMBERS) ORDER DENYING APPLICATIONS TO SEAL (Docs. 148, 162, 166)**

     Before the Court are three Applications to Seal, one filed by Defendant GreatBanc Trust Company (GreatBanc App., Doc. 148) and two filed by Plaintiffs (Pltfs' First App., Doc. 162; Pltfs' Second App., Doc. 166).  For the following reasons, the Court DENIES the Applications.

     The Court will seal documents, and thereby subvert the strong public interest in judicial transparency, only where a party has articulated "compelling reasons" why the materials at issue should be sealed.  C.D. Cal. R. 79-5.2.2; *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 667-79 (9th Cir. 2010).  Moreover, proposed redactions and sealing must be "narrowly tailored" to the proponent party's asserted interests.  C.D. Cal. R. 79-5.2.2.

**GreatBanc's Application to Seal**

     GreatBanc seeks to seal the following documents filed in connection with Defendants' opposition to Plaintiffs' Motion for Class Certification: (1) Rainbow ESOP Fiduciary Committee Meeting Minutes, dated August 12, 2014; (2) Rainbow ESOP Fiduciary Committee Meeting Minutes, dated September 29, 2014; (3) Rainbow Consolidated Financial Statements, Independent Auditor's Report and Supplemental Information, dated June 30, 2013; (4) June 23, 2014 Engagement Letter between

_____

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-01605-JLS-DFM                                           Date:  March 27, 2019
Title: Antonio Hurtado et al. v. Rainbow Disposal Co., Inc. Employee Stock Ownership Plan Committee et al.

GreatBanc and Duff & Phelps; (5) Republic/Rainbow Stock Purchase Agreement, Calculation of Purchase Price and Flow of Funds; and (6) June 24, 2014 letter to the Administrative Committee of the Rainbow ESOP by ESOP participants.  (GreatBanc App. at 1.)  GreatBanc Argues that the first five documents contain "sensitive financial and contractual information" that could undermine Defendants' competitive standing if publicly released.  (*Id.* at. 2-3.)  GreatBanc further argues that that the June 2014 letter contains ESOP Plan Participant names, which is "personal information" that should be sealed.  (*Id.* at. 3.)

Plaintiffs oppose the sealing of these documents.  (Opp. to GreatBanc App., Doc. 164.)  Plaintiffs argue that GreatBanc has not identified a specific (much less compelling) business interest that would be adversely affected by the release of records that are now more than four years old.  (*Id.* at 3.)  Plaintiffs' contend that GreatBanc's asserted "interests" are merely hollow conjecture about the "sensitive" nature of the information sought to be sealed.  (*Id.*)  Moreover, Plaintiffs challenge GreatBanc's assertion that Plan Participant names are properly sealed where the names are not associated with other personal or traditionally confidential information (*e.g.*, addresses, driver's license numbers, etc.).  (*Id.* at 4.)

The Court agrees with Plaintiffs.  GreatBanc's Application cites authority for the proposition that business records are properly sealed where their disclosure would harm a company's competitive standing, but there is no rule that business records must be sealed just because they are of the type that *may* affect competitive interests.  Indeed, GreatBanc makes no case why *these* records should be sealed to protect any *ongoing* interests.  Whatever unidentified interests may have existed at the time of the records' creation are likely now defunct and GreatBanc has not made a showing otherwise.  Moreover, GreatBanc's request to seal these documents in their entirety—instead of redacting certain statements or figures—is far from narrowly tailored.  Finally, the Court finds that the mere presence of individuals' names does not merit redaction absent other sensitive or confidential information.

Accordingly, Great Banc's Application to Seal is denied.

___

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-01605-JLS-DFM                                            Date:  March 27, 2019

Title: Antonio Hurtado et al. v. Rainbow Disposal Co., Inc. Employee Stock Ownership Plan Committee et al.

**Plaintiffs' Applications to Seal**

      Plaintiffs filed two Applications to Seal pursuant to Local Rule 79-5.2.2(b) because Defendants designated as confidential certain information that Plaintiffs now seek to file in connection with their Motion for Class Certification.  Specifically, Plaintiffs seek to seal (1) an expanded version of the Calculation of Purchase Price and Flow of Funds documents, discussed above, detailing accounting of the amounts and recipients of moneys paid in the October 2014 sale of Rainbow stock and (2) portions of Plaintiffs' reply brief that reference figures derived from a number of documents designated as confidential by Defendants.  (Pltfs' First App. at 3; Pltfs' Second App. at 2.)

      The designating parties did not file declarations compliant with Local Rule 79-5.2.2(b)(i).  Moreover, to the extent the materials sought to be sealed in Plaintiffs' Applications overlap with those sought to be sealed in GreatBanc's Application, the Court has already addressed above and rejected Defendants' purported rationales for sealing.

      Accordingly, Plaintiffs' Applications to Seal are denied.

      Therefore, all three Applications to Seal are DENIED.  The parties are ORDERED to file unredacted versions of the documents discussed herein consistent with the Local Rules.

      Initials of Preparer:  tg