**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:17-cv-01605-JLS-DFM                                  Date: April 22, 2019

Title: Antonio Hurtado et al. v. Rainbow Disposal Co., Inc. Employee Stock Ownership Plan Committee et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero/Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                        Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION (Doc. 143)**

Before the Court is a Motion for Class Certification filed by Plaintiffs Antonio Hurtado, Christopher Ortega, Jose Quintero, Maritza Quintero, Jorge Urquiza, and Maria Valadez. (Mot., Doc. 143; Mem., Doc. 139-1.[1])  Defendants filed a consolidated opposition. (Opp., Doc. 150.)  Plaintiffs replied. (Reply, Doc. 174.)  On March 22, 2019, the Court held a hearing on the Motion.  Having taken the matter under submission and considered the parties' briefs and oral argument, the Court GRANTS the Motion.

**I.     BACKGROUND**

   **A.     The Rainbow ESOP**

Defendant Rainbow Disposal Co., Inc. ("Rainbow"), formed in 1970, was primarily engaged in the transport and disposal of trash and rubbish materials from residential and commercial properties. (Second Amended Complaint, Doc. 153 ¶ 49.)

---

[1] The Court struck Plaintiffs' first filing of the Motion for defects in the Notice of Motion. (Order re Striking, Doc. 141.)  Upon cure of such defects, however, the Court deemed the initial filing timely. (Order re Amended Notice, Doc. 145.)  Hence, all documents and attachments submitted with the first filing are properly before the Court despite the electronic docket indicating that such documents are struck. (*See* First Notice of Motion, Doc. 139.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:17-cv-01605-JLS-DFM   Date: April 22, 2019
Title: Antonio Hurtado et al. v. Rainbow Disposal Co., Inc. Employee Stock Ownership Plan Committee et al.

Rainbow's articles of incorporation, as amended in 2004, provided that all outstanding shares of Rainbow's capital stock were to be owned by: "(a) employees of the Corporation (or a subsidiary of the Corporation); (b) any trust, partnership or limited liability company with respect to which an employee of the Corporation (or a subsidiary of the Corporation) is treated as the owner of such shares for federal income tax purposes; (c) the Corporation's Employee Stock Ownership Plan and Trust; and/or (d) individuals or entities receiving such shares as a benefit distribution pursuant to the provisions of the Corporation's Employee Stock Ownership Plan and Trust (provided that such individuals or entities must immediately resell such shares to the Corporation)." (2004 Certificate of Amendment, Doc. 139-4 ¶ 3.)

Plaintiffs are vested participants and beneficiaries of the Rainbow Disposal Co., Inc. Employee Stock Ownership Plan (the "ESOP"). (Hurtado Decl., Doc. 139-25 ¶ 3; Ortega Decl., Doc. 139-27 ¶ 3; M. Quintero Decl., Doc. 139-29 ¶ 2; J. Quintero Decl., Doc. 139-31 ¶ 3; Urquiza Decl., Doc. 139-33 ¶ 3; Valadez Decl., Doc. 139-35 ¶ 3.) The ESOP, as restated in 2004, included the following relevant provisions.

First, the ESOP provided for the establishment of a Trust and appointment of a Trustee pursuant to a Trust Agreement. (2004 ESOP, Doc. 139-12 § 2, 17(c); Trust Agreement, Doc. 75-10.) The Trust Agreement required that the Trust Assets be held in trust by the Trustee and that the Trustee invest those assets as directed by the ESOP Committee. (Trust Agreement § A.) Rainbow's Board of Directors was permitted to directly engage the Trustee to act, so long as the Trustee independently determined that the Board's instructions were "fair and reasonable and in the best interests of the Participants." (*Id.* § B(6).) In 2002, Defendant GreatBanc Trust Company was hired as the Trustee of the ESOP pursuant to the Trustee Engagement Agreement. (*See* Trustee Engagement Agreement, Doc. 75-8.)

Section 5(a) of the ESOP required that the Trust Assets were to be invested by the Trustee "primarily (or exclusively) in Company Stock." (2004 ESOP § 5(a).) Indeed, 97% of the ESOP's assets comprised Rainbow stock as of June 30, 2014. (2013 ESOP Form 5500, Doc. 139-3 at 11 of Notes to Financial Statements.) Section 5(d) required that any sale of stock held by the ESOP "must be made at a price not less than the Fair

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:17-cv-01605-JLS-DFM                          Date: April 22, 2019
Title: Antonio Hurtado et al. v. Rainbow Disposal Co., Inc. Employee Stock Ownership Plan Committee et al.

Market Value as of the date of the sale." (2004 ESOP § 5(d).) Fair Market Value was in turn defined as "[t]he fair market value of Company Stock, as determined by the Trustee . . . based upon a valuation by an independent appraiser (within the meaning of Section 401(a)(28)(C) of the [Internal Revenue] Code)." (*Id.* § 2.)

      Section 8 provided that ESOP Participants were entitled to direct the Trustee to vote their shares of stock on "any corporate matter which involves the voting of such shares at a shareholder meeting and which constitutes a merger, consolidation, recapitalization, reclassification, dissolution, sale of substantially all assets of a trade or business or a similar transaction as specified in regulations under Section 409(e)(3) of the [Internal Revenue] Code." (*Id.* § 8.) In March 2009, ESOP Participants received a Summary Plan Description ("SPD"), which summarized Section 8 as follows: "In certain important corporate matters, . . . such as a merger or liquidation of the Company, [ESOP Participants] may have the right to decide how shares of Company Stock allocated to your Company Stock Account will be voted." (2009 SPD Part 1, Doc. 139-13 at 5.)

      Section 17 governed administration of the ESOP and designated Rainbow as the Plan Administrator. (*See* 2004 ESOP § 17(h).) Subsection (a) provided that the ESOP Committee, appointed by Rainbow's Board of Directors, would serve as a fiduciary of the ESOP with authority to control and manage its operation and administration. (*Id.* § 17(a).) Subsection (c) provided that the ESOP Committee was responsible for directing the Trustee as to the investment of the Trust Assets. (*Id.* § 17(c).) Finally, subsection (g) provided that Rainbow would "indemnify each member of the Committee (to the extent permitted by law) against any personal liability or expense . . . resulting from his service on the Committee, except such liability or expense as may result from his own willful misconduct." (*Id.* § 17(g).)

      **B.**     **The Dispute**

      On August 25, 2014, Defendant Gerald Moffatt, then Executive Chairman of Rainbow, executed Amendment 4 to the ESOP, which provided that "the Trustee shall have the discretionary authority (without directions from the ESOP Committee, the Board

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-01605-JLS-DFM                                                                Date:  April 22, 2019

Title: Antonio Hurtado et al. v. Rainbow Disposal Co., Inc. Employee Stock Ownership Plan Committee et al.

of Directors or any other party) to: (i) sell all or substantially all of the outstanding shares of the Company to a third party in a change of control transaction, and (ii) execute and deliver instruments to effect such a sale." (Amendment 4 to ESOP, Doc. 139-9.) On October 1, 2014, pursuant to authorization by the Rainbow Board of Directors, all stock in the ESOP was sold to Defendant Republic Services, Inc. (*See* Consent of Directors, Doc. 139-10; Republic Press Release, Doc. 139-7.) ESOP Participants were not given an opportunity to vote on the sale. (*See* ESOP Participant Decls., Doc. 168-7.)

On October 3, 2014, Plaintiffs and other ESOP Participants received a letter signed by GreatBanc, which stated that "all of the stock in the ESOP had been sold to Republic" pursuant to a "lengthy sale process in which the Company sought and received substantial offers from multiple bidders." (October 3, 2014 Letter re Sale; Doc. 139-11.) The letter also advised ESOP Participants that they would receive "75% of their closing cash allocation" and that the remaining 25% would be distributed upon the IRS's approval of termination of the ESOP. (*Id.*)

On October 17, 2014, ESOP Participants received another letter stating that the ESOP's stock had been sold at a price of $17.66 per share and that ESOP Participants would receive the "cash equivalents for stock allocated to them" in three separate payments over the course of three years. (October 17, 2014 Letter re Sale, Doc. 139-20 at 1.) The $17.66 share price was subject to reduction "by any liabilities that are identified . . . by the ESOP's Trustee for ESOP Expenses." (*Id.*) During the three-year payment period, nearly $15 million in undisbursed ESOP assets were left in undiversified cash-equivalents. (2016 Form 5500 at Schedule H., Doc. 139-21.) Ultimately, after all distributions were made, Plaintiffs allege they received approximately $15 per share. (SAC ¶¶ 200-205.)

On September 15, 2017, Plaintiffs filed the instant action. (*See* Compl., Doc. 1.) The operative Second Amended Complaint brings fourteen causes of action against pre-sale ESOP fiduciaries, post-sale ESOP fiduciaries, and Republic for their respective roles in alleged violations of the Employee Retirement Income Security Act of 1974, as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-01605-JLS-DFM                                      Date:  April 22, 2019

Title: Antonio Hurtado et al. v. Rainbow Disposal Co., Inc. Employee Stock Ownership Plan Committee et al.

amended ("ERISA"), 29 U.S.C. § 1001 *et seq.*, in connection with the October 1, 2014 sale of ESOP assets to Republic:[2]

– Count I, breach of fiduciary duty for improper sale of ESOP assets, against certain pre-sale fiduciaries (SAC ¶¶ 206-223);
– Count II, breach of fiduciary duty for failing to require an ESOP Participant vote on the sale to Republic, against certain pre-sale fiduciaries (*id.* ¶¶ 224-240);
– Count III, failure to provide an adequate SPD, against certain pre-sale fiduciaries (*id.* ¶¶ 241-249);
– Count IV, breach of fiduciary duty for failure to disclose to ESOP Participants certain aspects of the sale to Republic, against certain pre-sale fiduciaries (*id.* ¶¶ 250-258);
– Count V, engaging in conflicting transactions, against certain pre-sale fiduciaries (*id.* ¶¶ 259-267);
– Count VI, engaging in conflicting transactions, against certain pre-sale fiduciaries (*id.* ¶¶ 268-278);
– Count VII, engaging in conflicting transactions, against a certain pre-sale fiduciary (*id.* ¶¶ 279-285);
– Count VIII, breach of fiduciary duty for failure to manage a chose in action, against certain pre-sale fiduciaries (*id.* ¶¶ 286-301);
– Count IX, failure to provide documents upon request, against certain post-sale fiduciaries (*id.* ¶¶ 302-316);
– Count X, breach of fiduciary duty for failure to properly invest ESOP assets, against certain post-sale fiduciaries (*id.* ¶¶ 317-333);
– Count XI, breach of duty to monitor, against certain pre-sale fiduciaries and against certain post-sale fiduciaries (*id.* ¶¶ 334-345);

---

[2] The First Amended Complaint was the operative pleading when this Motion was filed.  During the pendency of this Motion, the Court granted Plaintiffs' unopposed Motion for Leave to Amend the Complaint, in which Plaintiffs sought only to add newly identified ESOP fiduciaries as Defendants.  (*See* Order re Leave to Amend, Doc. 152.)  The amendments did not alter the substance of the allegations, causes of action, or other aspects of the pleading relevant to the instant Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:17-cv-01605-JLS-DFM							Date: April 22, 2019
Title: Antonio Hurtado et al. v. Rainbow Disposal Co., Inc. Employee Stock Ownership Plan Committee et al.

- Count XII, co-fiduciary liability, against certain pre-sale fiduciaries and against certain post-sale fiduciaries (*id.* ¶¶ 346-356);
- Count XIII, knowing participation in breaches of fiduciary duties and prohibited transactions, against Republic (*id.* ¶¶ 357-367);
- Count XIV, invalidity and unenforceability of certain indemnity provisions of the ESOP, against certain pre-sale fiduciaries and against certain post-sale fiduciaries (*id.* ¶¶ 368-376).

Plaintiffs now seek certification of the following class pursuant to Federal Rule of Civil Procedure 23:

> All persons who were vested participants in the Rainbow Disposal Co., Inc. Employee Stock Ownership Plan as of October 1, 2014 and the beneficiaries of any such participants[,] . . . [excluding] Defendants and persons who were named fiduciaries of the Rainbow ESOP, who are alleged to have engaged in prohibited transactions or breaches of corporate fiduciary duties, or who had decision-making or administrative authority relating to the administration, modification, funding, or interpretation of the Rainbow ESOP, or relating to the decision to sell Rainbow.

(Mot. at 1.) Plaintiffs seek certification of the proposed class with respect to all causes of action except Count IX. (*Id.* at 2.) Defendants oppose certification except as to Counts I and X. (*Id.* at 3; Opp. at 10.)

Plaintiffs also ask the Court to appoint them as Class Representatives, and to appoint Joseph Barton of Block & Leviton LLP and Joseph A. Creitz of Creitz & Serebin LLP as Class Counsel. (Mem. at 12-16.)

## II.     LEGAL STANDARD

"A party seeking class certification must satisfy the requirements of Federal Rule of Civil Procedure 23(a) and the requirements of at least one of the categories under Rule 23(b)." *Wang v. Chinese Daily News, Inc.*, 737 F.3d 538, 542 (9th Cir. 2013). Rule 23(a) "requires a party seeking class certification to satisfy four requirements:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:17-cv-01605-JLS-DFM                          Date: April 22, 2019
Title: Antonio Hurtado et al. v. Rainbow Disposal Co., Inc. Employee Stock Ownership Plan Committee et al.

numerosity, commonality, typicality, and adequacy of representation." *Id.* (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011)). Rule 23(a) provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

"Second, the proposed class must satisfy at least one of the three requirements listed in Rule 23(b)." *Dukes*, 546 U.S. at 345. Here, Plaintiffs seek class certification under Rule 23(b)(1), which permits maintenance of a class action if prosecution of separate actions by individual class members would create a risk of:

> (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
> (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

Fed. R. Civ. P. 23(b)(1).[3]

"Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he

---

[3] Plaintiffs move in the alternative for certification under either Rule 23(b)(1), (2), or (3). (Mem. at 16-25.) The Court finds Rule 23(b)(1) most appropriate here, and so proceeds with analysis under that framework. *See infra*, III.D.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:17-cv-01605-JLS-DFM                               Date: April 22, 2019
Title: Antonio Hurtado et al. v. Rainbow Disposal Co., Inc. Employee Stock Ownership Plan Committee et al.

must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Dukes*, 564 U.S. at 350. This requires a district court to conduct a "rigorous analysis" that frequently "will entail some overlap with the merits of the plaintiff's underlying claim." *Id.* at 351.

### III.     DISCUSSION

#### A.     Standing

As a preliminary matter, Defendants ask the Court to revisit their challenge to Plaintiffs' Article III standing to bring Count II. (Opp. at 29.) The Court declined to resolve this issue at the pleading stage, noting that "measuring losses to an ERISA plan requires reference to 'expert testimony or other evidence regarding investment returns during the relevant period.'" (Order re MTD, Doc. 110 at 12 (quoting *DeFazio v. Hollister*, 636 F. Supp. 2d 1045, 1073 (E.D. Cal. 2009)).) Defendants argue that Plaintiffs—now with the benefit of discovery—are unable to show a redressable harm. (Opp. at 30-31.) Specifically, Defendants point out that a decision by the Court granting Plaintiffs' requested relief—an opportunity to vote on the sale of their shares to Republic—would not directly result in Plaintiffs receiving a higher share price because such a vote might (1) not reject the existing Republic deal or (2) not otherwise result in a more favorable deal. (*Id.* at 29-30.) Indeed, Defendants contend a re-vote rejecting the Republic deal and subsequent sale to a different buyer is likely to result in Plaintiffs receiving *less money* for their shares. (*Id.* at 30.)

Plaintiffs respond that Article III standing does not require financial injury. (Reply at 32.) They aver that fiduciary breaches and deprivation of process are Article III injuries and are squarely redressable by the injunctive relief sought. (*Id.* at 32-33.) The Court agrees. The Ninth Circuit has directly addressed this question and held that economic loss is not a pillar of standing for ERISA plaintiffs seeking injunctive relief to remedy fiduciary breaches. *Shaver v. Operating Engineers Local 428 Pension Trust Fund*, 332 F.3d 1198, 1203 (9th Cir. 2003) ("Requiring a showing of loss in such a case would be to say that the fiduciaries are free to ignore their duties so long as they do no

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-01605-JLS-DFM                                      Date:  April 22, 2019
Title: Antonio Hurtado et al. v. Rainbow Disposal Co., Inc. Employee Stock Ownership Plan Committee et al.

tangible harm, and that the beneficiaries are powerless to rein in the fiduciaries' imprudent behavior until some actual damage has been done. This result is not supported by the language of ERISA, the common law, or common sense.").  Therefore, despite having not submitted evidence of economic loss, Plaintiffs continue to enjoy standing even as the Second Amended Complaint seeks only equitable relief.  (*See* SAC ¶¶ 45, 377-378, A-P.)

> **B.     Merits**

As a second preliminary matter, Defendants ask the Court to deny certification based on purported deficiency of the merits of Plaintiffs' claims.  (Opp. at 21.) Defendants quote *Ellis v. Costco Wholesale Corp.*, 657 F. 3d 970, 980-981 (9th Cir. 2011) for the propositions that "evaluation of many of the questions entering into determination of class action questions is intimately involved with the merits of the claims" and "[a] district court *must* consider the merits if they overlap with the Rule 23(a) requirements."  (*Id.* (internal quotation marks omitted).)  *Ellis*, however, is not an open invitation to convert any motion for class certification into a motion for summary judgment.  Rather, *Ellis* describes how in *many* cases—but not every case—evaluation of the merits is necessary because the merits inquiry *overlaps* with the class certification inquiry.  *Ellis*, 657 F. 3d at 980-981.

The facts of *Ellis* are illustrative of this point.  There, the Ninth Circuit noted that "the question of commonality overlaps with [p]laintiffs' claim that [her employer]'s system of promotion and corporate culture constitutes a pattern or practice of [gender] discrimination."  *Id.* at 980.  That is, evidence of a high prevalence of gender bias at a company demonstrates both common experiences of employees at that company, a class certification question, *and* that the company unlawfully condones discrimination, a merits question.  *See id.* at 982.  Here, in contrast, there are no questions of the *extent* of conduct that may amount to liability.  Each cause of action is premised on allegations of discrete instances of conduct that either are or are not lawful.  Besides their misdirected citation to *Ellis*, Defendants do not attempt to demonstrate overlap of the merits and class

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-01605-JLS-DFMDate:  April 22, 2019
Title: Antonio Hurtado et al. v. Rainbow Disposal Co., Inc. Employee Stock Ownership Plan Committee et al.

certification inquiries in this action.  Instead, Defendants repeatedly ask the Court to revisit its prior Order denying Defendants' Motion to Dismiss using a heightened evidentiary standard.  (Opp. at 21-28.)

Defendants' citation to *Ramirez v. United Rentals, Inc.*, 2013 WL 2646648 (N.D. Cal. June 12, 2013)—for the proposition that courts should refuse to certify clearly meritless claims—is even further misplaced.  (*Id.* at 21.)  There, the court declined to certify a claim that the plaintiff raised for the first time in his moving papers and was also foreclosed as a matter of law.  *Ramirez*, 2013 WL 2646648 at \*6.  Here, as on most motions for class certification, Plaintiffs' claims are well-pleaded and have already been found by the Court to adequately state claims for relief.  (*See* Order re MTD.)

Accordingly, the Court declines to undertake an independent foray into the merits of Plaintiffs' claims beyond any limited examination of the merits necessary to the following class certification analysis.

### C.Rule 23(a) Requirements

#### 1.Numerosity

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable."  Fed. R. Civ. P. 23(a)(1).  In general, "classes of forty or more are considered sufficiently numerous."  *Delarosa v. Boiron, Inc.*, 275 F.R.D. 582, 587 (C.D. Cal. 2011) (citations and internal quotation marks omitted).  "Plaintiffs need not state the exact number of potential class members, nor is there a bright-line minimum threshold requirement."  *Tawfilis v. Allergan, Inc.*, 2017 WL 3084275, at \*8 (C.D. Cal. June 26, 2017).

Here, Plaintiffs submit evidence that there were 460 ESOP Participants as of November 2014.  (2014 Form 5310 Part 1, Doc. 139-16 at 4.)  The total number of proposed class members is presumably greater than 460 because the proposed class also includes ESOP Participants' beneficiaries.  Defendants do not contest that Plaintiffs meet the numerosity requirement.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-01605-JLS-DFM                                                    Date:  April 22, 2019
Title: Antonio Hurtado et al. v. Rainbow Disposal Co., Inc. Employee Stock Ownership Plan Committee et al.

Accordingly, the numerosity requirement is met.

### 2. Commonality

Rule 23(a)(2) requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "Commonality requires the plaintiff to demonstrate that the class members have suffered the same injury." *Dukes*, 564 U.S. at 349-50 (citation and internal quotation marks omitted). The plaintiff must allege that the class's injuries "depend upon a common contention" that is "capable of classwide resolution." *Id.* at 350. In other words, the "determination of [the common contention's] truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* "What matters to class certification . . . is not the raising of common questions—even in droves—but, rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Id.* (citation and internal quotation marks omitted) (emphasis in original). Rule 23(a)(2) is met so long as there is "a single *significant* question of law or fact" common to the class. *Abdullah v. U.S. Sec. Assocs., Inc.*, 731 F.3d 952, 957 (9th Cir. 2013) (quoting *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 589 (9th Cir. 2012)) (internal quotation marks omitted); *accord Dukes*, 564 U.S. at 359.

Plaintiffs posit that the following common questions are capable of resolution on a classwide basis: whether certain fiduciaries breached their duties under ERISA or the ESOP in connection with the sale of stock; whether certain fiduciaries failed to conduct a vote as required by the ESOP; whether the 2009 SPD violated ERISA by failing to adequately disclose ESOP Participants' right to vote in terms that the average ESOP Participant would understand; whether certain fiduciaries breached their fiduciary duties under ERISA by failing to make sufficient disclosures about their benefits derived from the sale of stock; whether certain fiduciaries engaged in personal transactions prohibited by ERISA; whether certain fiduciaries breached their duties by failing to bring, investigate, or disclose to the valuator potential claims against certain corporate or ERISA fiduciaries; whether certain fiduciaries breached their duties by imprudently

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-01605-JLS-DFM                                              Date:  April 22, 2019
Title: Antonio Hurtado et al. v. Rainbow Disposal Co., Inc. Employee Stock Ownership Plan Committee et al.

investing the ESOP's assets; whether any of the fiduciary Defendants are liable for the conduct of their co-fiduciaries under ERISA; whether Republic knowingly participated in any fiduciary breaches or violations of the ESOP; and whether indemnification provisions benefiting certain fiduciaries are void.  (Mem. at 8-9.)

Defendants contest commonality as to Counts II-IV.  (Opp. at 32.)  Specifically, as to Count II, Defendants argue that Plaintiffs cannot show evidence of an injury, common or otherwise, based on Plaintiffs' inability to vote on the Republic deal.  (*Id.*)  As to Counts III and IV, Defendants argue that Plaintiffs' disclosure-based claims require a showing of detrimental reliance and that such a showing must be made on an individualized basis.  (*Id.* at 33-34.)  Defendants do not provide argument as to the remaining causes of action.

The Court has already addressed Plaintiffs' standing to bring Count II and Defendants' recycled argument carries no additional weight under the heading of commonality.  *See supra*, III.A.  Concerning the purported need for a showing of detrimental reliance at this stage, Defendants ignore clear direction from the Ninth Circuit that "where the defendant's representations were allegedly made on a uniform and classwide basis, individual issues of reliance do not preclude class certification" in ERISA cases.  *Moyle v. Liberty Mutual Retirement Benefit Plan*, 823 F.3d 948, 964-65 (9th Cir. 2016) (citing *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 509 (9th Cir.1992)).  Hence, the key question is whether the disclosures or nondisclosures at issue were made or not made on a classwide basis.

Count III alleges improper disclosures and nondisclosures only in the 2009 SPD.  (SAC ¶¶ 245-248.)  There is no dispute that the 2009 SPD was uniformly distributed on a classwide basis.  Count IV alleges primarily, if not exclusively, improper nondisclosures.  (*Id.* ¶ 255(a)-(n).)  "Unlike instances of affirmative misrepresentation where it can be demonstrated that the injured party relied upon affirmative statements, in instances of total non-disclosure . . . it is of course impossible to demonstrate reliance."  *Titan Group, Inc. v. Faggen*, 513 F.2d 234, 239 (2d Cir. 1975).  In the Ninth Circuit, there may be a presumption of classwide reliance if "the case can be characterized as one that primarily alleges omissions."  *Binder v. Gillespie*, 184 F.3d 1059, 1064 (9th Cir. 1999).  The Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-01605-JLS-DFM                                  Date:  April 22, 2019
Title: Antonio Hurtado et al. v. Rainbow Disposal Co., Inc. Employee Stock Ownership Plan Committee et al.

finds that reasoning applicable here, as it would be impossible for Plaintiff to offer affirmative proof of classwide nondisclosure. Rather, the burden is on Defendant to show that commonality is otherwise disrupted by virtue of some proposed class members in fact having received adequate disclosures on an individualized basis.

Toward this burden, Defendants' proffer only certain communications made to Plaintiff Ortega on December 10, 2014 and February 17, 2015. (December 2014 Letter to Ortega, Doc. 150-7; February 2015 Letter to Ortega, Doc. 150-22.) But Defendants do not explain how these communications address the nondisclosures alleged in Count IV or are otherwise relevant to that claim. Indeed, the Court does not find any of the allegedly lacking information in Defendants' submitted evidence. Moreover, the bulk of the allegations in Count IV regard disclosures that should have been made *prior to the October 2014 sale*. Hence, even if the letters showed that information allegedly undisclosed at the time of the October 2014 sale was later provided on an individualized basis, such after-the-fact individualized disclosure would not affect the commonality of pre-sale nondisclosure to ESOP Participants.

Accordingly, the Court concludes that Plaintiffs' proffered common questions satisfy Rule 23(a)(2). "Resolution of those questions in Defendants' favor will terminate this litigation in their favor, while resolution against Defendants will likely establish their liability, with only the issue of [relief] to be determined." *Urakhchin v. Allianz Asset Management of America, L.P.*, 2017 WL 2655678, at *4 (C.D. Cal. June 15, 2017). Here, "the common focus is on the conduct of Defendants . . . Plaintiffs' claims do not focus on injuries caused to each individual [ESOP Participant], but rather on how the Defendants' conduct affected the pool of assets that make up the [ESOP]." *Kanawi v. Bechtel Corp.*, 254 F.R.D. 102, 109 (N.D. Cal. 2008). Thus, the commonality requirement is met.

### 3.      Typicality

Rule 23(a)(3) requires "the claims or defenses of the representative parties [to be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "The typicality

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-01605-JLS-DFM                                               Date:  April 22, 2019
Title: Antonio Hurtado et al. v. Rainbow Disposal Co., Inc. Employee Stock Ownership Plan Committee et al.

requirement looks to whether the claims of the class representatives [are] typical of those of the class, and [is] satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Rodriguez v. Hayes*, 591 F.3d 1105, 1124 (9th Cir. 2010) (citation and internal quotation marks omitted).

Plaintiffs' claims are typical of the proposed class because they focus on the conduct of Defendants as to the ESOP as a whole and not on conduct specific to any particular Plaintiff. *See Marshall v. Northrop Grumman Corp.*, 2017 WL 6888281, at *7 (C.D. Cal. Nov. 2, 2017). Nothing in the record indicates that Plaintiffs were harmed by Defendants in any way other than by alleged misconduct with respect to the ESOP that affected all ESOP Participants with equal force. Conversely, Defendants do not raise defenses unique to any one Plaintiff. Indeed, Defendants do not distinguish Plaintiffs' circumstances from other ESOP Participants and beneficiaries other than again noting that Plaintiff Ortega received certain communications after the October 2014 sale, which Defendants argue destroys his typicality with respect to Count IV. (Opp. at 35.) As with commonality, however, Defendants do not explain how Ortega's receipt of these after-the-fact communications alter the nature of his pre-sale claims compared to other ESOP Participants.

Accordingly, the Court finds typicality is satisfied here.

### 4. Adequacy

Rule 23(a)(4) permits certification of a class action only if "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-01605-JLS-DFM                                         Date:  April 22, 2019
Title: Antonio Hurtado et al. v. Rainbow Disposal Co., Inc. Employee Stock Ownership Plan Committee et al.

### i. Class Representatives

The Court first considers whether Plaintiffs have any conflicts with the proposed class.  As noted above, Plaintiffs' claims are virtually co-extensive with the claims of proposed class members.  Defendants argue, however, that the relief sought by Plaintiffs under Count II—a new vote on the Republic deal—conflicts with the interests of the proposed class.  (Opp. at 37.)  Defendants contend that, "[i]f the "[Republic deal] were defeated[,] putative class members would need to return any amounts they received for the ESOP's stock and the likelihood of their obtaining equal or greater value for their shares going forward would be slim to none.  Few class members presumably would want to take that risk." (*Id.*)  But such *presumed* "intra-class conflict[s] are too speculative to defeat class certification."  *Urakhchin*, 2017 WL 2655678, at *6.  "[S]uch a conflict necessarily depends on what kind of relief is ultimately awarded by the Court, and the Ninth Circuit has stated on more than one occasion that potential future conflicts are insufficient to deny class certification." *Id.* at *5.  Defendants have submitted no evidence suggesting that proposed class members are opposed to Plaintiffs' requested relief.  Moreover, Defendants do not provide authority to support the notion that different preferences in the ultimate relief desired by various class members create a legally cognizable "conflict."  Rather, where "[Plaintiffs'] interests are completely aligned with the class regarding the central issue" in the case, Plaintiffs satisfy the adequacy requirement.  *Barnes v. AT&T Pension Benefit Plan*, 270 F.R.D. 488, 495 (N.D. Cal. 2010).  Remedies aside, the central issue in this case is whether the ESOP has been lawfully administered.  On this fundamental issue, Plaintiffs' interest in prevailing on the merits is coextensive with the interests of proposed class members.[4]

---

[4] Defendants also contend that possible infeasibility of Plaintiffs' requested injunctive relief, *i.e.*, actually or constructively unwinding the October 2014 sale, somehow creates conflict with potential class members.  (Opp. at 38-39.)  The Court cannot connect the dots of this argument.  First, the Court already addressed and condoned the propriety of Plaintiffs' requested injunctive relief at the pleading stage.  (Order re MTD at 26-27.)  Moreover, it is unclear how the overall feasibility of certain relief *as administered on a classwide basis* creates a conflict *within* the

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-01605-JLS-DFM                                                                  Date:  April 22, 2019
Title: Antonio Hurtado et al. v. Rainbow Disposal Co., Inc. Employee Stock Ownership Plan Committee et al.

___

Plaintiffs represent that they will vigorously prosecute the claims on behalf of the proposed class.  (Mem. at 14.)  "[T]he Ninth Circuit 'has never imposed a knowledge requirement on proposed class representatives.'"  *Urakhchin*, 2017 WL 2655678, at *6 (quoting *Tibble v. Edison International*, 2009 WL 6764541, at *6 (C.D. Cal. June 30, 2009)).  To do so would be especially inappropriate "in a case such as this involving complicated matters of ERISA law."  *Tibble*, 2009 WL 6764541, at *6.  Plaintiffs nonetheless attest that they understand the basic contours of the case and have been actively engaged in the litigation, including providing documents to counsel used to draft the pleadings, participating in discovery by verifying answers to interrogatories, and searching for documents responsive to requests for production.  (Hurtado Decl. ¶¶ 4-5, 10; Ortega Decl. ¶¶ 4-5, 10; J. Quintero Decl. ¶¶ 4-5, 10; M. Quintero Decl. ¶ 3-4, 9; Urquiza Decl. ¶¶ 4-5, 10; Valadez Decl. ¶¶ 4-5, 10.)  Plaintiffs further attest that they understand and are prepared to carry out the duties of class representatives.  (Hurtado Decl. ¶¶ 6-9, 11; Ortega Decl. ¶¶ 6-9, 11; J. Quintero Decl¶¶ 6-9, 11; M. Quintero Decl. ¶ 5-8, 10; Urquiza Decl. ¶¶ 6-9, 11; Valadez Decl. ¶¶ 6-9, 11.)  Defendants do not contest Plaintiffs' adequacy with respect to vigorous prosecution.

The Court therefore concludes that Plaintiffs "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).

### ii.    Class Counsel

As to the adequacy of Plaintiffs' counsel, the Court must consider:

(i) the work counsel has done in identifying or investigating potential claims in the action;
(ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
(iii) counsel's knowledge of the applicable law; and
(iv) the resources that counsel will commit to representing the class.

___

proposed class.  Such renewed arguments of redressability are better reserved for summary judgment.

___

**CIVIL MINUTES – GENERAL**                                                                                              16

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-01605-JLS-DFM                                              Date:  April 22, 2019
Title: Antonio Hurtado et al. v. Rainbow Disposal Co., Inc. Employee Stock Ownership Plan Committee et al.

Fed. R. Civ. P. 23(g)(1)(A).

Plaintiffs submit declarations setting forth the qualifications of their proposed class counsel, Joseph Barton of Block & Leviton LLP and Joseph A. Creitz of Creitz & Serebin LLP.[5]  (Barton Decl., Doc. 139-22; Creitz Decl., Doc. 139-24.)  Each has extensive experience litigating complex ERISA class actions.  (*See* Barton Decl. ¶¶ 2-8; Creitz Decl. ¶¶ 4-7, 11.)  Moreover, the record reflects ample work undertaken and resources devoted by Plaintiffs' counsel to investigate and prosecute Plaintiffs' claims in this action.  Finally, Defendants do not contest the adequacy of Barton and Creitz. (Mem. at 15.)

Accordingly, the Court finds that Plaintiffs' counsel, Barton and Creitz, "will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(g)(1)(B).

### D. Rule 23(b) Requirements

In addition to establishing the elements of Rule 23(a), Plaintiffs must also satisfy one of the three subsections of Rule 23(b).  Fed. R. Civ. P. 23(b).  Plaintiffs' contend that the proposed class is certifiable under Rule 23(b)(1), (2), and (3). (Mem. at 16-25.) "Classes certified under [Rule 23](b)(1) . . . share the most traditional justifications for class treatment—that individual adjudications would be impossible or unworkable." *Dukes*, 564 U.S. at 361.  "Most ERISA class action cases are certified under Rule 23(b)(1)."  *In re Northrop Grumman ERISA Litigation*, 2011 WL 3505264, at *15 (C.D. Cal. Mar. 29, 2011) (quoting *Kanawi*, 254 F.R.D. at 111).  "ERISA [fiduciary] litigation . . . presents a paradigmatic example of a (b)(1) class."  *Kanawi*, 254 F.R.D. at 112 (citation and internal quotation marks omitted).

A class action may be maintained under Rule 23(b)(1) if prosecution of separate actions by individual class members would create a risk of:

---

[5] Plaintiffs' Motion suggests they also seek appointment of Barton and Creitz's respective firms as class counsel. (Mem. at 15.)  However, "[t]he Court cannot analyze the qualifications of as-yet unidentified attorneys at a law firm, and for that reason, appoints lawyers, not law firms as class counsel." *Urakhchin*, 2017 WL 2655678, at *7.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:17-cv-01605-JLS-DFM　　　　　　　　　　　　　　　Date: April 22, 2019
Title: Antonio Hurtado et al. v. Rainbow Disposal Co., Inc. Employee Stock Ownership Plan Committee et al.

> (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
> (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

Fed. R. Civ. P. 23(b)(1). "Rule 23(b)(1)(A) considers possible prejudice to a defendant, while 23(b)(1)(B) looks to prejudice to the putative class members." *Kanawi*, 254 F.R.D. at 111. Here, the Court finds the proposed class certifiable under either standard.

### 1. Rule 23(b)(1)(A)

"Rule 23(b)(1)(A) comes into play when a party is obligated by law to treat the members of a class in a like manner." *Alday v. Raytheon Co.*, 619 F. Supp. 2d 726, 736 (D. Ariz. 2008) (citing *Amchem Products Inc. v. Windsor,* 521 U.S. 591, 614 (1997)). "Rule 23(b)(1)(A) prevents the prosecution of separate actions that would create the risk of inconsistent or varying adjudications . . . that would establish incompatible standards of conduct for the party opposing the class." *Moyle*, 823 F.3d at 965 (internal quotation marks omitted).

Plaintiffs aver that "[s]eparate lawsuits have the potential for conflicting decisions that would make uniform administration of the [ESOP] impossible." (Mem. at 17.) The Court agrees. As another court in this district recently explained:

> certification under 23(b)(1)(A) is appropriate because the primary issues presented here hinge on proper interpretation of the [ESOP]; there is a risk, then, that the prosecution of separate actions would result in inconsistent outcomes resulting from incompatible interpretations of the [ESOP]. Inconsistent interpretations of the [ESOP] in multiple individual actions

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-01605-JLS-DFM                                                Date:  April 22, 2019
Title: Antonio Hurtado et al. v. Rainbow Disposal Co., Inc. Employee Stock Ownership Plan Committee et al.

> could and would lead to an unclear set of standards of conduct for Defendants moving forward.

*Tom v. Com Dev USA, LLC*, 2017 WL 8236268, at *5 (C.D. Cal. Sept. 18, 2017).  That is, Defendants' liability or lack thereof is likely dependent on judicial interpretation of the parties' rights, powers, and obligations pursuant to the ESOP.  Conflicting interpretations by separate tribunals could result in countervailing directives to the ESOP fiduciaries.  This is especially true, as here, where Plaintiffs seek primarily equitable relief.

Accordingly, the Court finds the proposed class satisfies the requirements of Rule 23(b)(1)(A).

### 2. Rule 23(b)(1)(B)

Rule 23(b)(1)(B) "is concerned only with the rights of unnamed class members, not with the rights of [the defendants]." *McDonnell-Douglas Corp. v. U.S. Dist. Court for Central Distr. of Cal.*, 523 F.2d 1083, 1086 (9th Cir. 1975).  The rule covers cases in which judgment in an individual action "inescapably will alter the substance of the rights of others having similar claims." *La Mar v. H & B Novelty & Loan Co.*, 489 F.2d 461, 467 (9th Cir. 1973).  A "classic" example of such a case is one charging "a breach of trust by an indenture trustee or other fiduciary similarly affecting the members of a large class of beneficiaries, requiring an accounting or similar procedure to restore the subject of the trust." *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 833-34 (1999) (citation and internal quotation marks omitted).  In such a case, "the shared character of rights claimed or relief awarded entails that any individual adjudication by a class member disposes of, or substantially affects, the interests of absent class members." *Id.* at 834.

"Were the proposed class members to seek [injunctive] relief in individual actions against Defendants, a judgment in any one action would necessarily affect the rights and interests of the other class members.  Because Defendants cannot manage the [ESOP] in an individualized fashion for each [ESOP] [P]articpant, whatever injunctive relief an individual plaintiff obtains would be applied to the [ESOP] as a whole." *Urakhchin*, 2017 WL 2655678, at *8.  A judgment for or against one ESOP Participant that unwinds

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-01605-JLS-DFM                                                                                 Date:  April 22, 2019

Title: Antonio Hurtado et al. v. Rainbow Disposal Co., Inc. Employee Stock Ownership Plan Committee et al.

the Republic deal, orders a new vote on that deal, affirms the deal, or otherwise rules on the ESOP's entitlement to certain funds or assets plainly affects the rights of all ESOP Participants and their beneficiaries.

Accordingly, the Court finds the proposed class satisfies the requirements of Rule 23(b)(1)(B).[6]

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion for Class Certification.

1. The following Rule 23(b)(1) class is CERTIFIED:

   All persons who were vested participants in the Rainbow Disposal Co., Inc. Employee Stock Ownership Plan as of October 1, 2014 and the beneficiaries of any such participants, excluding Defendants and persons who were named fiduciaries of the Rainbow Disposal Co., Inc. Employee Stock Ownership Plan, who are alleged in this action to have engaged in prohibited transactions or breaches of corporate fiduciary duties, or who had decision-making or administrative authority relating to the administration, modification, funding, or interpretation of the Rainbow Disposal Co., Inc. Employee Stock Ownership Plan, or who had such authority relating to the decision to sell assets of the Rainbow Disposal Co., Inc. Employee Stock Ownership Plan on or about October 1, 2014.

2. Plaintiffs Antonio Hurtado, Christopher Ortega, Jose Quintero, Maritza Quintero, Jorge Urquiza, and Maria Valadez are APPOINTED as Class Representatives.

3. Joseph Barton of Block & Leviton LLP and Joseph A. Creitz of Creitz & Serebin LLP are APPOINTED as Class Counsel.

---

[6] Although it need not reach the issue, for reasons substantially similar to those stated herein, the Court finds that class certification is also appropriate under Rule 23(b)(2) because Plaintiffs seek declaratory and injunctive relief premised on Defendants' alleged actions and inactions toward the class as a whole. *See supra,* III.C.2, III.D; Fed. R. Civ. P. 23(b)(2).  The Court finds analysis under Rule 23(b) (3) superfluous.