R. Joseph Barton, CSBN 212340
BLOCK & LEVITON LLP
1735 20th Street NW
Washington, DC 20009
Telephone: (202) 734-7046
Email: jbarton@blockesq.com

Joseph Creitz, CSBN 169552
CREITZ & SEREBIN LLP
100 Pine St., Suite 1250
San Francisco, CA 94111
Telephone: (415) 466-3090
Email: joe@creitzserebin.com

*Co-Lead Class Counsel*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN (SANTA ANA) DIVISION

| | |
|---|---|
| ANTONIO HURTADO, et al., | Case No.: 8:17-cv-01605-JLS-DFM |
| *Plaintiffs*, | *Assigned to Hon. Josephine L. Staton* |
| v. | **PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT (Per ECF No. 214)** |
| RAINBOW DISPOSAL CO., INC. EMPLOYEE STOCK OWNERSHIP PLAN COMMITTEE, et al., | |
| *Defendants,* | |
| and | Date: May 21, 2021 |
| RAINBOW DISPOSAL CO., INC. EMPLOYEE STOCK OWNERSHIP PLAN, | Time: 10:30 a.m.<br>Courtroom: 10A |
| *Nominal Defendant.* | |

# TABLE OF CONTENTS

INTRODUCTION .......................................................................................... 1

BACKGROUND ........................................................................................... 1

I.   Allegations of the Complaint ......................................................... 1

II.  The Claims and Relief Requested ................................................. 3

III. Procedural History ........................................................................ 5

IV.  Terms of the Settlement and Plan of Allocation .......................... 9

ARGUMENT ............................................................................................. 10

I.   The Strength of Plaintiffs' Case and The Risk, Expense, Complexity, and Likely Duration of Further Litigation Favor Final Approval ...................... 11

II.  The Risk of Maintaining Class Action Status is Neutral as to Final Approval. .................................................................................................. 14

III. The Amount Offered in Settlement as Compared to Defendants' Maximum Potential Liability Favors Final Approval .................................... 15

IV.  The Stage of Proceedings and the Extent of Discovery Completed Favors Final Approval. ....................................................................... 16

V.   The Experience and Views of Counsel Favor Final Approval ...... 17

VI.  The Presence of a Government Participant is Neutral. ................ 18

VII. The Reaction of Class Members to the Proposed Settlement Favors Final Approval.............................................................................. 19

VIII. The Plan of Allocation is Fair, Adequate, and Reasonable.......... 21

CONCLUSION .......................................................................................... 23

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Pages**

**Cases**

*Anixter v. Home–Stake Prod. Co.*,
    77 F.3d 1215 (10th Cir.1996) ........................................................ 13

*Arnold v. Fitflop USA, LLC*,
    No. 11-CV-0973 W(KSC),
    2014 WL 1670133 (S.D. Cal. Apr. 28, 2014)................................... 19

*Asghari v. Volkswagen Grp. of Am., Inc.*,
    No. No. CV 13-02529 MMM (VBKx),
    2015 WL 12732462 (C.D. Cal. May 29, 2015) ................................ 10

*Brown v. CVS Pharmacy, Inc.*,
    No. CV15-7631 PSG (PJWx),
    2017 WL 3494297 (C.D. Cal. Apr. 24, 2017) .................................. 18

*Chesemore v. Fenkell*,
    829 F.3d 803 (7th Cir. 2016) ......................................................... 14

*Cohen v. Resolution Tr. Corp.*,
    61 F.3d 725 (9th Cir. 1995)
    *vacated on other grounds*, 72 F.3d 686 (9th Cir. 1996) .................. 21

*Cruz v. Sky Chefs, Inc.*,
    No. C-12-02705 DMR,
    2014 WL 7247065 (N.D. Cal. Dec. 19, 2014)................................... 19

*Fish v. Greatbanc Tr. Co.*,
    09 C 1668,
    2016 WL 5923448 (N.D. Ill. Sept. 1, 2016) ..................................... 13

*Florin v. Nationsbank of Ga., N.A.*,
    60 F.3d 1245 (7th Cir. 1995) .......................................................... 12

*Gudimetla v. Ambow Educ. Holding*,
    No. CV12-5062 PSG (AJWx),
    2015 WL 12752443 (C.D. Cal. Mar. 16, 2015)................................. 18

*HURTADO, et al., v. RAINBOW DISPOSAL CO., INC. EMPLOYEE STOCK OWNERSHIP PLAN COMMITTEE, et al.,* Case No. 17-cv-1605-JLS-DFM
Plaintiffs' Memo. ISO Motion for Final Approval of Class Action Settlement          ii

*Gutierrez v Wells Fargo Bank, N.A.*,
    704 F.3d 712 (9th Cir. 2012) ................................................................ 13

*Hurtado v. Rainbow Disposal Co.*,
    No. 8:17-cv-01605 JLS-DFM,
    2021 WL 79350 (C.D. Cal. Jan. 4, 2021) .................................... 12, 18

*Hurtado v. Rainbow Disposal Co.*,
    No. 817CV01605JLSDFM,
    2019 WL 1771797 (C.D. Cal. Apr. 22, 2019) ................................. 4, 18

*In re Biolase, Inc. Sec. Litig.*,
    No. SACV 13-1300-JLS (FFMx),
    2015 WL 12697736 (C.D. Cal. June 5, 2015) ..................................... 15

*In re Broadcom Corp. Sec. Litig.*,
    No. SACV 01-275 DT (MLGx),
    2005 WL 8152913 (C.D. Cal. Sept. 12, 2005) .................................... 22

*In re Mego Fin. Corp. Sec. Litig.*,
    213 F.3d 454 (9th Cir. 2000) ............................................................. 16

*In re Omnivision Techs., Inc.*,
    559 F. Supp. 2d 1036 (N.D. Cal. 2008) .............................................. 19

*In re Toys R Us-Del., Inc.--Fair & Accurate Credit Transactions Act (FACTA) Litig.*,
    295 F.R.D. 438 (C.D. Cal. 2014) ....................................................... 10

*Kaplan v. Houlihan Smith & Co.*,
    No. 12 C 5134,
    2014 WL 2808801 (N.D. Ill. June 20, 2014) ...................................... 22

*Linney v. Cellular Alaska P'ship*,
    151 F.3d 1234 (9th Cir. 1998) .......................................................... 16

*Marshall v. Northrop Grumman Corp.*,
    16-CV-6794 AB (JCx),
    2020 WL 5668935 (C.D. Cal. Sept. 18, 2020) .................................. 16

*Munday v. Navy Fed. Credit Union,*
   No. SACV 15-1629-JLS (KESx),
   2016 WL 7655807
   (C.D. Cal. Sept. 15, 2016) ................................................................ 13, 16

*Nat'l Rural Telecomm. Coop. v. DIRECTV, Inc.,*
   221 F.R.D. 523 (C.D. Cal. 2004) ............................................................ 19

*Noa v. Keyser,*
   519 F. Supp. 2d 481 (D.N.J. 2007) ........................................................ 13

*Officers for Justice v. Civil Serv. Comm'n,*
   688 F.2d 615 (9th Cir. 1982) ............................................................ 10, 11

*Pfeifer v. Wawa, Inc.,*
   No. CV 16-497,
   2018 WL 4203880 (E.D. Pa. Aug. 31, 2018) ...................................... 12, 22

*Ramsey v. MRV Commc'ns Inc.,*
   No. CV 08-04561 (GAF) (RCx),
   2010 WL 11596641 (C.D. Cal. Nov. 16, 2010) ...................................... 21

*Reyes v. Bakery & Confectionery Union & Indus. Int'l Pension Fund,*
   231 F. Supp. 3d 833 (N.D. Cal. 2017) .................................................... 16

*Robbins v. Koger Props., Inc.,*
   116 F.3d 1441 (11th Cir.1997) ............................................................ 13

*Rodriguez v. W. Publ'g Corp.,*
   536 F.3d 948 (9th Cir. 2009) ................................................................ 15

*Sacerdote v. N.Y. Univ.,*
   328 F. Supp. 3d 273 (S.D.N.Y. 2018) .................................................... 13

*Santos v. Camacho,*
   No. Civil 04-00006,
   2008 WL 8602098 (D. Guam Apr. 23, 2008), *aff'd sub nom.*
   *Simpao v. Gov't of Guam,* 369 F.App'x 837 (9th Cir. 2010) ...................... 22

*Staton v. Boeing Co.,*
   327 F.3d 938 (9th Cir. 2003) ............................................................ 8, 11

*Tom v. Com Dev USA, LLC*,
   No. 16-cv-1363 PSG (GJSx),
   2017 WL 10378629 (C.D. Cal. Dec. 4, 2017) ..................................................... 12

*Urakhchin v. Allianz Asset Mgmt. of Am., L.P.*,
   No. 8:15-cv-01614-JLS-JCG,
   2018 WL 8334858 (C.D. Cal. July 30, 2018)......................................... 19, 20, 23

*Urakhchin v. Allianz Asset Mgmt. of Am., L.P.*,
   No. SACV 15-1614-JLS (JCG),
   2018 WL 3000490 (C.D. Cal. Feb. 6, 2018) ................................................. 12, 16

*Vincent v. Reser*,
   No. C 11-03572 CRB,
   2013 WL 621865 (N.D. Cal. Feb. 19, 2013) ..................................................... 16

**Other Authorities**

Fed. R. Civ. P. 23 ................................................................................................. 11

*HURTADO, et al., v. RAINBOW DISPOSAL CO., INC. EMPLOYEE STOCK OWNERSHIP PLAN COMMITTEE, et al.,* Case No. 17-cv-1605-JLS-DFM
Plaintiffs' Memo. ISO Motion for Final Approval of Class Action Settlement     v

**INDEX OF EXHIBITS**

Declaration of Colin M. Downes in Support of Motion to Certify Class ("Downes Decl. ISO Class Cert"), ECF No. 168-1

Declaration of Colin M. Downes in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Downes Decl. ISO Prelim. App."), ECF No. 209-2

Second Declaration of Colin M. Downes in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("2d Downes Decl. ISO Prelim. App."), ECF No. 212-2

Declaration of Colin M. Downes in Support of Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement ("Downes Decl.") with the following attachments:

  Exhibit 1: Opinion and Order on Merits Following Trial in *Romo v. Principal Life Ins. Co.* (D. Iowa April 8, 2021), accessed via PACER

Declaration of Ming Siegel in Support of Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement

Declaration of Jackie Hitomi in Support of Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement with work summary attachment

**INTRODUCTION**

Plaintiffs Antonio Hurtado, Christopher Ortega, Jose Quintero, Maritza Quintero, Jorge Urquiza, and Maria Valadez, individually and as the Court-appointed Class Representatives on behalf of the Class, respectfully submit this Memorandum of Law in support of their Motion for Final Approval of the Class Action Settlement. Plaintiffs previously submitted to this Court a proposed Settlement Agreement resolving this case, which was preliminarily approved on January 4, 2021. ECF No. 214. Consistent with the Preliminary Approval Order, Plaintiffs and Class Counsel have issued Notice to the Class and have taken steps to effectuate the Settlement and the Court's Order Granting Preliminary Approval of Class Action Settlement. Plaintiffs now respectfully request that the Court grant final approval of the Settlement.

**BACKGROUND**

**I.      Allegations of the Complaint**

Before October 1, 2014, the Rainbow Disposal Co., Inc. Employee Stock Ownership Plan (the "ESOP" or "Plan") owned 100% of Rainbow Disposal Co., Inc. ("Rainbow"), and Rainbow stock constituted 97% of the Plan's assets. Second Amended Complaint, ECF No. 153 ("SAC") ¶¶ 5, 81. Rainbow's Articles of Incorporation restricted ownership to the ESOP or Rainbow employees. *Id.* ¶ 55. In 2014, the ESOP fiduciaries were (1) GreatBanc, the Trustee, (2) Rainbow CEO Gerald Moffat, the sole member of the Committee, and (3) the Rainbow Board, which consisted of Moffatt, Rainbow President Jeff Snow, and Greg Range. *Id.* ¶¶ 17-21, 28.

Rainbow was one of the largest Southern California waste-disposal and recycling companies. Beginning in 2010, Rainbow's management (who were also ESOP fiduciaries but did not include Range, who joined the Rainbow Board in

*HURTADO, et al., v. RAINBOW DISPOSAL CO., INC. EMPLOYEE STOCK OWNERSHIP PLAN COMMITTEE, et al.,* Case No. 17-cv-1605-JLS-DFM
Plaintiffs' Memo. ISO Motion for Final Approval of Class Action Settlement      1

2013) caused Rainbow to engage in business ventures outside California in which they had a personal interest. *Id.* ¶¶ 62-65. The Complaint alleged that these self-dealing activities caused Rainbow to default on its loan covenants and to incur significant losses. *Id.* ¶ 76. These losses also resulted in the decline in the value of Rainbow stock and the ESOP assets. *Id.* ¶ 77. While the value of Rainbow began to recover by 2014, no ESOP fiduciary took any action to remedy these breaches even though the ESOP was the only shareholder. *Id.* ¶ 80. Had Rainbow not incurred these losses, or had it recovered them, the Complaint alleged that Rainbow's stock price would have been higher. *Id.* ¶ 80.

In 2014, Rainbow's Board and the Rainbow Disposal Co., Inc. Employee Stock Ownership Plan Committee (the "Committee") sought to sell Rainbow. During the sales process, Moffat and Snow secretly negotiated $5 million in non-compete bonuses for themselves as part of the sale—and rejected more competitive offers for the Company that did not include such side-payments. *Id.* ¶¶ 144, 153. At the time he served on the Rainbow Board, Range was employed by the investment banking firm Stout Risius Ross, LLC ("Stout"). With Range as a member of the Rainbow Board, the Board voted to engage Stout to perform investment banking services for Rainbow. *Id.* ¶ 283. By July 2014, the Rainbow Board selected a proposed buyer—Republic. *Id.* ¶ 130. On August 25, 2014, Moffat executed an amendment to the Plan to allow GreatBanc, the ESOP trustee (previously with limited authority), to sell the Rainbow stock held by the ESOP. *Id.* ¶ 101. One day after the Amendment, Rainbow, the Rainbow ESOP and Republic entered into a Stock Purchase Agreement. *Id.* ¶¶ 132-34.

An October 2014 letter from GreatBanc informed ESOP participants that Rainbow ESOP stock had been sold to Republic. *Id.* ¶ 144. Participants were not permitted to vote on the transaction. *Id.* ¶ 143. The summary plan description for

*HURTADO, et al., v. RAINBOW DISPOSAL CO., INC. EMPLOYEE STOCK OWNERSHIP PLAN COMMITTEE, et al.,* Case No. 17-cv-1605-JLS-DFM
Plaintiffs' Memo. ISO Motion for Final Approval of Class Action Settlement      2

the ESOP promised that participants could vote on "important corporate matters." *Id.* ¶ 245. Rainbow had stated for years in filings with the DOL that ESOP participants were "entitled to exercise voting rights" for the stock in their ESOP accounts. *Id.* ¶ 247.

After the sale, the members of the Committee (and the Board) were high-level Republic employees. *Id.* ¶¶ 22-27. These new ESOP fiduciaries provided incomplete, contradictory and misleading information about the sale and its terms, and the value of their ESOP shares. In October 2014, participants were told that the ESOP stock was sold for $17.66 per share (or at least $64.8 million). *Id.* ¶ 147. But participants ultimately received approximately $15.10 per share. *Id.* ¶ 221. In 2017, Rainbow's DOL filings and ERISA-mandated disclosures revealed that $15 million of the sale proceeds, which had not been distributed and remained in the ESOP, had been left in undiversified investments for nearly three years, with a return of virtually zero (and expenses exceeding returns). *Id.* ¶¶ 7, 321.

## II.      The Claims and Relief Requested

On Class Certification, the Court summarized the 14 counts of the Second Amended Complaint as follows:

– Count I, breach of fiduciary duty for improper sale of ESOP assets, against certain pre-sale fiduciaries (SAC ¶¶ 206-223);

– Count II, breach of fiduciary duty for failing to require an ESOP Participant vote on the sale to Republic, against certain pre-sale fiduciaries (*id*. ¶¶ 224-240);

– Count III, failure to provide an adequate SPD, against certain pre-sale fiduciaries (*id*. ¶¶ 241-249);

– Count IV, breach of fiduciary duty for failure to disclose to ESOP Participants certain aspects of the sale to Republic, against certain pre-

1   sale fiduciaries (*id*. ¶¶ 250-258);

2   – Count V, engaging in conflicting transactions, against certain pre-sale

3   fiduciaries (*id*. ¶¶ 259-267);

4   – Count VI, engaging in conflicting transactions, against certain pre-

5   sale fiduciaries (*id*. ¶¶ 268-278);

6   –Count VII, engaging in conflicting transactions, against a certain pre-

7   sale fiduciary (*id*. ¶¶ 279-285);

8   – Count VIII, breach of fiduciary duty for failure to manage a chose in

9   action, against certain pre-sale fiduciaries (id. ¶¶ 286-301);

10   – Count IX, failure to provide documents upon request, against certain

11   post-sale fiduciaries (*id*. ¶¶ 302-316);

12   – Count X, breach of fiduciary duty for failure to properly invest ESOP

13   assets, against certain post-sale fiduciaries (*id*. ¶¶ 317-333);

14   – Count XI, breach of duty to monitor, against certain pre-sale

15   fiduciaries and against certain post-sale fiduciaries (*id*. ¶¶ 334-345);

16   – Count XII, co-fiduciary liability, against certain pre-sale fiduciaries

17   and against certain post-sale fiduciaries (*id*. ¶¶ 346-356);

18   – Count XIII, knowing participation in breaches of fiduciary duties and

19   prohibited transactions, against Republic (*id*. ¶¶ 357-367);

20   – Count XIV, invalidity and unenforceability of certain indemnity

21   provisions of the ESOP, against certain pre-sale fiduciaries and against

22   certain post-sale fiduciaries (*id*. ¶¶ 368-376).

23   *Hurtado v. Rainbow Disposal Co.*, No. 8:17-cv-01605 JLS-DFM, 2019 WL

24   1771797, *3 (C.D. Cal. Apr. 22, 2019). The Second Amended Complaint seeks

25   remedial relief to recover losses to the plan and equitable relief to redress these

26   alleged wrongs. The relief requested includes requiring breaching fiduciaries to

27   *HURTADO, et al., v. RAINBOW DISPOSAL CO., INC. EMPLOYEE STOCK*

28   *OWNERSHIP PLAN COMMITTEE, et al.,* Case No. 17-cv-1605-JLS-DFM
     Plaintiffs' Memo. ISO Motion for Final Approval of Class Action Settlement          4

restore losses to the Plan resulting from their alleged breaches, disgorgement of profits, the rescission of the October 1, 2014 Transaction subject to a participant vote, an accounting, the imposition of constructive trusts over the proceeds of prohibited transactions, the removal of breaching fiduciaries from their positions as fiduciaries, the appointment of an independent fiduciary, statutory penalties for two individual claims, and attorneys' fees and costs. SAC at Prayer for Relief ¶¶ A-P.

**III.     Procedural History**

After a lengthy and significant investigation by Class Counsel, Plaintiffs filed their initial Complaint on September 15, 2017, alleging fourteen claims for relief, arising under ERISA against the following Defendants the Plan Committee, Moffatt, Snow, Range, Jon Black, Catharine Ellingsen, Bill Eggleston, GreatBanc, and Republic. ECF No. 1. The ESOP was named only as a nominal defendant. *Id.*

Plaintiffs amended their Complaint on February 28, 2018, which included adding as Defendants persons who had served as directors of Rainbow following the October 1, 2014 Transaction: Mark R. Clatt, Brian M. DelGhiaccio, Steven J. Eddleblute, and Brian A. Goebel (the "New Director Defendants"). ECF No. 57. All Defendants moved to dismiss on March 21, 2018. Plaintiffs and the New Director Defendants entered into a Tolling Agreement pursuant to which claims against the New Director Defendants were voluntarily dismissed without prejudice on May 18, 2018. *See* ECF No. 91.

The Court denied the remaining Defendants' motions to dismiss on July 7, 2018. ECF No. 110. Plaintiffs moved for certification of this case as a class action on December 14, 2018, and over Defendants' oppositions, this Court granted class certification, appointed Plaintiffs as Class Representatives, and appointed R. Joseph Barton of Block & Leviton LLP and Joseph A. Creitz of Creitz & Serebin

*HURTADO, et al., v. RAINBOW DISPOSAL CO., INC. EMPLOYEE STOCK OWNERSHIP PLAN COMMITTEE, et al.,* Case No. 17-cv-1605-JLS-DFM
Plaintiffs' Memo. ISO Motion for Final Approval of Class Action Settlement          5

LLP as Class Counsel on April 22, 2019. ECF No. 177 at 20. Plaintiffs filed the
Second Amended Complaint on February 6, 2019, adding Defendants Myndi Kort
and Michael Huycke. ECF No. 153.

The pace of discovery intensified following this Court's grant of class
certification. Over the course of this litigation, Plaintiffs served more than 72
individual requests for production of documents and directed more than 20
interrogatories to each Defendant. ECF No. 209-2 ¶¶ 2-10. Plaintiffs also served
more than 20 document subpoenas on non-parties to this case. *Id*. ¶ 12. Defendants
collectively produced more than 150,000 pages of documents, and nonparties
produced more than 100,000 pages. *Id.* ¶¶ 11-12. By stipulation and in light of the
complexity of this case, the parties agreed to increase the number of depositions
each side was permitted to take beyond the presumptive limit of 10. *See* ECF No.
180. Class Counsel took 13 depositions, including the depositions of Defendants
Jon Black, Catharine Ellingsen, Bill Eggleston, Myndi Kort, and Michael Huycke.
ECF No. 209-2 ¶ 13.

This extensive discovery followed multiple, independent lines of inquiry
given the number of claims and defendants involved in this case. Plaintiffs sought
discovery from the named Defendants and their legal and financial advisors related
to the October 2014 Transaction, seeking to develop the record of how Rainbow's
principals and the ESOP's fiduciaries had elected to sell the company to Republic
instead of accepting other, competing offers, how the price had been negotiated,
and how the transaction was evaluated by the ESOP's trustee (including the
diligence process undertaken by its legal and financial advisors). Downes Decl.
ISO Class Cert at ¶¶ 2, 11. Plaintiffs engaged an expert in fiduciary process and
ESOP industry standards to evaluate the processes that were employed by the
ESOP's fiduciaries and an expert in finance and business valuation to determine

*HURTADO, et al., v. RAINBOW DISPOSAL CO., INC. EMPLOYEE STOCK
OWNERSHIP PLAN COMMITTEE, et al.,* Case No. 17-cv-1605-JLS-DFM
Plaintiffs' Memo. ISO Motion for Final Approval of Class Action Settlement          6

what the fair market value of the Company was at the time of the transaction. Downes Decl. ISO Prelim. App. at ¶ 17. In separate streams, Plaintiffs also investigated pre-transaction self-dealing by Rainbow's principals, with an eye to how potential claims for such self-dealing should have been taken into account in determining the fair market value of Rainbow. Downes Decl. at ¶ 4. Plaintiffs had the benefit of deposition testimony of Rainbow principals from other litigation involving Rainbow's ill-fated investments in other markets, and was able to use that testimony to frame the scope of further discovery. *Id*. Class Counsel also conducted informal interviews outside the discovery process with witnesses – former Rainbow employees and former business partners – who had knowledge of Defendants business dealings. *Id*. at ¶ 6. With respect to the post-transaction investment claims, Plaintiffs also engaged an investment expert to perform historical analysis regarding what would have been a prudent investment for the ESOP. Downes Decl. ISO Prelim. App. at ¶ 17. This was provided to Plaintiffs' financial expert to in turn form the basis of a loss analysis that covered all the claims in this case. Downes Decl. at ¶ 5.

Near the close of fact discovery and with the benefit of that analysis of losses and remedies, Class Counsel agreed to conduct an in-person mediation facilitated by Robert Meyer of JAMS on December 12, 2019, in Irvine, California. ECF No. 193-1 at ¶ 3. Mr. Meyer is an experienced mediator who has successfully mediated prior ERISA litigation (including ESOP litigation) that Mr. Creitz and Mr. Barton had litigated. *See id*. While an agreement regarding settlement was not reached at this first mediation, the parties made substantial progress, and stipulated to an extension of certain deadlines in this case to prevent the erosion of insurance monies available for a potential settlement while the parties negotiated. ECF 193 at 8-9.

*HURTADO, et al., v. RAINBOW DISPOSAL CO., INC. EMPLOYEE STOCK OWNERSHIP PLAN COMMITTEE, et al.,* Case No. 17-cv-1605-JLS-DFM
Plaintiffs' Memo. ISO Motion for Final Approval of Class Action Settlement          7

The parties met for a second in-person mediation on January 15, 2020. ECF No. 198 ¶ 4. The second mediation concluded with the mediator issuing a mediator's proposal, that all Class Representatives accepted on January 15, 2020, and that all of the Defendants accepted by January 18, 2020, subject to agreement among Defendants and their insurers about how to divide payment and funding. *Id*. Following confirmation of that agreement by the Defendants, the parties executed a term sheet to memorialize the settlement on March 6, 2020. ECF No. 209-2 ¶ 20. The parties subsequently entered into the formal Settlement Agreement on July 23, 2020.

Plaintiffs moved for preliminary approval of the Settlement on July 27, 2020. ECF No. 209. The Court ordered Plaintiffs to submit supplemental briefing specifically addressing each of the factors identified by the Ninth Circuit in *Staton v. Boeing Co.*, 327 F.3d 938 (9th Cir. 2003), which Class Counsel submitted on December 7, 2020. ECF No. 212.  The Court then preliminarily approved the Settlement, ordered that certain changes be made to the Class Notice, and set deadlines for filing objections, challenges to class data, requests for attorneys' fees and costs, proof of compliance with CAFA, and an updated Class Notice. ECF No. 213 at 13.

Defendants timely submitted proof of compliance with CAFA. ECF No. 214. Class Counsel timely submitted a revised Class Notice. ECF No. 215. The Court approved the revised Class notice and directed Class Counsel and the Settlement Administrator to disseminate the Class Notice and to otherwise proceed with requirements for final approval. ECF No. 217. The Settlement Administrator provided notice to the Class by first class mail on March 22, 2021. Hitomi Decl. at ¶ 3. As of April 13, 2021, only 24 of the 462 notices had been returned as undeliverable. *Id.* ¶ 4. The Settlement Administrator was able to trace updated

mailing addresses or forwarding addresses for 14 of these notices, and following a subsequent round of mailings only one notice has been returned as undeliverable. *Id*. No member of the Class has lodged an objection with the Settlement Administrator or Class Counsel or filed one with the Court. *Id*. at ¶ 7; Downes Decl. at ¶ 7.

**IV.      Terms of the Settlement and Plan of Allocation**

The terms of the proposed Settlement are set forth in the Settlement Agreement. Downes Decl. ECF No. 209-3 ("Agmt"). In short, the Settlement Agreement provides for a payment of $7.9 million (with $7.5 million to be paid by the Republic Defendants and $400,000 to be paid by GreatBanc), inclusive of payments to the Class, Class Counsel's attorneys' fees and litigation expenses, and incentive awards to the Class Representatives. *Id*. §§ III.1, VII.1. Defendants will pay $7.9 million into the Settlement Fund within 30 days of preliminary approval. *Id*. § III.1. All members of the Class entitled to payment (i.e., all participants and beneficiaries with a QDRO or in payment status) are ensured to receive a payment of their settlement proceeds in this case without even the need to submit a claim form. *Id*. § IV.5(a)-(c). Unless a Class member is entitled to, and does, request an immediate distribution, the monies will be paid into their existing or newly created Republic 401(k) Plan account. *Id*. These provisions preserve the tax-favored treatment of the amounts to be distributed to the Class members. *Id*. § IV.5(d). The Settlement Agreement ensures that no Class Member will pay any costs to receive their settlement distributions. *Id*. §§ IV.7, IV.6. In addition to the settlement payment, Republic will pay any costs associated with distributions from the Republic 401(k) Plan once funds are deposited into the Republic 401(k) Plan, as well as the cost of an independent fiduciary. *Id*. §§ IV.6-7, IX. The Republic Defendants also agreed to pay for Independent Fiduciary. *Id*. § XI.

*HURTADO, et al., v. RAINBOW DISPOSAL CO., INC. EMPLOYEE STOCK OWNERSHIP PLAN COMMITTEE, et al.,* Case No. 17-cv-1605-JLS-DFM
Plaintiffs' Memo. ISO Motion for Final Approval of Class Action Settlement        9

In exchange, the Class will dismiss the claims asserted in the Second Amended Complaint with prejudice and release Defendants from any and all claims that the Class asserted or could have asserted that relate to or arise out of the facts alleged or the claims set forth in the Second Amended Complaint, including: (a) Defendant Rainbow Disposal Co., Inc.'s investments before October 1, 2014, including but not limited to the Southeast Renewables, LLC, Rainbow West Florida, LLC, and/or the West Florida Recycling, LLC ventures, (b) the 2009 Summary Plan Description for the ESOP, (c) the 2014 ESOP Transaction, (d) the negotiation and resolution by GreatBanc on behalf of the ESOP regarding disputes with Republic related to the Holdback Escrow Funds, (e) the investment of the ESOP funds post-transaction through January 15, 2020, (f) disclosures or alleged failure to disclose by Defendants relating to the 2014 ESOP Transaction or the investment of the ESOP funds post-transaction through January15, 2020, and (g) any alleged action or alleged inaction taken by the ESOP's trustee based on facts or events alleged in Plaintiffs' Second Amended Complaint. Agmt. § XIII.1.

## ARGUMENT

As a matter of public policy, settlement is a strongly favored method for resolving disputes. "[I]t must not be overlooked that voluntary conciliation and settlement are the preferred means of dispute resolution. This is especially true in complex class action litigation." *Asghari v. Volkswagen Grp. of Am., Inc.*, No. CV 13-02529 MMM (VBKx), 2015 WL 12732462, *16 (C.D. Cal. May 29, 2015) (quoting *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982)); *In re Toys R Us-Del., Inc.--Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D. 438, 448 (C.D. Cal. 2014) (explaining "a strong judicial policy [] favors settlements, particularly where complex class action litigation is concerned") (internal citations and quotations omitted). Rule 23(e)

provides that a class action cannot be settled without court approval. Fed. R. Civ. P. 23(e).

Federal Rule of Civil Procedure 23(e) requires the district court to determine whether a proposed class action settlement is fundamentally fair, adequate, and reasonable. The Court must consider a number of factors, including:

> the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Staton*, 327 F.3d at 959. No Class Members have objected to the Settlement; rather a substantial number have declared their support for it and their satisfaction with the result reached for the Class. ECF 218-1. All the factors identified by the Ninth Circuit weigh in favor of final approval of the settlement. Thus, this Settlement should be finally approved by the Court.

## I.   The Strength of Plaintiffs' Case and The Risk, Expense, Complexity, and Likely Duration of Further Litigation Favor Final Approval.

In assessing these factors, the Court evaluates the time and cost required to continue the litigation. The Ninth Circuit has explained that "the very essence of a settlement is compromise, 'a yielding of absolutes and an abandoning of highest hopes,'" and that "it is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements. The proposed settlement is not to be judged against a hypothetical or speculative measure of what might have been achieved by the negotiators." *Officers for Justice*, 688 F.2d at 624-25 (citations omitted). As this Court has observed, "[i]n most situations, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results."

*HURTADO, et al., v. RAINBOW DISPOSAL CO., INC. EMPLOYEE STOCK OWNERSHIP PLAN COMMITTEE, et al.,* Case No. 17-cv-1605-JLS-DFM
Plaintiffs' Memo. ISO Motion for Final Approval of Class Action Settlement        11

1   *Urakhchin v. Allianz Asset Mgmt. of Am., L.P.*, No. SACV 15-1614-JLS (JCG),

2   2018 WL 3000490, *4 (C.D. Cal. Feb. 6, 2018) (Staton, J.). There is strong legal

3   and factual support for Plaintiffs' claims, but continued litigation would be

4   complex, costly, risky, and protracted. *See* ECF No. 212 at 1-4.

5          The Court previously held that that the strength of Plaintiff's case weighed

6   in favor of preliminary approval. *Hurtado v. Rainbow Disposal Co.*, No. 8:17-cv-

7   01605 JLS-DFM, 2021 WL 79350, *4 (C.D. Cal. Jan. 4, 2021). "This factor is

8   generally satisfied when plaintiffs must overcome barriers to make their case."

9   *Tom v. Com Dev USA, LLC*, No. 16CV1363, 2017 WL 10378629, *3 (C.D. Cal.

10  Dec. 4, 2017) (granting final approval in ERISA case). This Court noted

11  specifically the challenges that would be presented at trial by the "overlapping

12  nature of the claims against various defendants" and the burden Plaintiffs would

13  bear to prove Defendants acted with "the requisite intent when they participated in

14  or failed to remedy fiduciary breaches." *Hurtado*, 2021 WL 79350, *4. The Court

15  also emphasized both that "Defendants have vigorously defended this action" and

16  that "ESOP cases are often cited as the most complex of ERISA cases." *Id.* (citing

17  *Pfeifer v. Wawa, Inc.*, No. Civ. 16-497, 2018 WL 4203880, *7 (E.D. Pa. Aug. 31,

18  2018)). The Seventh Circuit's observation nearly 30 years ago remains true today:

19  "very few areas of the law are as unsettled and complex as ESOP valuation."

20  *Florin v. Nationsbank of Ga., N.A.*, 60 F.3d 1245, 1248 (7th Cir. 1995). These

21  remain significant challenges at trial.

22         This Court also held that the risk, complexity, and likely duration of further

23  litigation weighed in favor of preliminary approval. ECF No. 214 at 7. The Court

24  noted that "the potential range of recovery could vary widely depending on this

25  Court's determination of the appropriate measure of loss" and that further litigation

26  could be "protracted and costly… with no certainty as to the potential recovery…."

27  *HURTADO, et al., v. RAINBOW DISPOSAL CO., INC. EMPLOYEE STOCK*

28  *OWNERSHIP PLAN COMMITTEE, et al.,* Case No. 17-cv-1605-JLS-DFM
    Plaintiffs' Memo. ISO Motion for Final Approval of Class Action Settlement        12

1    *Id.* These remain significant issues should the case proceed to trial, which was

2    projected to last three to four weeks, ECF No. 122 at 3.

3        The results at trial in complex ERISA cases are by their nature uncertain,

4    even when litigated by experienced and skilled plaintiff's counsel. *Munday v. Navy*

5    *Fed. Credit Union*, No. SACV151629, 2016 WL 7655807, *8 (C.D. Cal. Sept. 15,

6    2016) (Staton, J.) (recognizing that "in any case, there is a substantial risk of losing

7    at trial."). Just last week, a court entered a defense verdict in an ERISA fiduciary

8    breach class action following a six-day trial. *Romo v. Principal Life Ins. Co.*,

9    Opinion and Order on Merits Following Trial (D. Iowa April 8, 2021) (Downes

10   Decl. Ex. 1); *see also Sacerdote v. N.Y. Univ.*, 328 F. Supp. 3d 273, 281 (S.D.N.Y.

11   2018) (entering defense verdict in ERISA class action following eight day trial);

12   *see Noa v. Keyser*, 519 F. Supp. 2d 481, 492 (D.N.J. 2007) (finding no fiduciary

13   breach by forcing sale of employer stock held in 401(k) plan). In a case alleging

14   breach of fiduciary duties involving an ESOP invested in privately held stock, a

15   court found in favor of the defendants on all claims after 34 trial days. *Fish v.*

16   *Greatbanc Tr. Co.*, 09 C 1668, 2016 WL 5923448, *1, *68 (N.D. Ill. Sept. 1,

17   2016).

18       Given the substantial liability at issue, Defendants would likely appeal any

19   judgment in favor of Plaintiffs. Even plaintiffs in class actions who survive

20   summary judgment and succeed at trial have had such verdicts reversed on appeal.

21   For example, following a non-jury trial, the United States Court of Appeals for the

22   Ninth Circuit affirmed in part and reversed in part the judgment rendered in favor

23   of the certified class, vacated the $203 million restitution award, and remanded the

24   case for further proceedings. *Gutierrez v Wells Fargo Bank, N.A.*, 704 F.3d 712

25   (9th Cir. 2012); *see Robbins v. Koger Props., Inc.*, 116 F.3d 1441, 1449 (11th

26   Cir.1997) (reversing $81 million jury verdict and dismissing case with prejudice in

27   *HURTADO, et al., v. RAINBOW DISPOSAL CO., INC. EMPLOYEE STOCK*

28   *OWNERSHIP PLAN COMMITTEE, et al.,* Case No. 17-cv-1605-JLS-DFM
     Plaintiffs' Memo. ISO Motion for Final Approval of Class Action Settlement    13

securities action); *Anixter v. Home–Stake Prod. Co.,* 77 F.3d 1215 (10th Cir.1996)
(overturning plaintiffs' verdict obtained after two decades of litigation). Even when
Plaintiffs and the Class succeed at trial, have the trial decision affirmed on appeal,
as Co-Lead Class Counsel R Joseph Barton knows personally from his experience
litigating and as lead trial counsel in the Trachte ESOP litigation, even a trial
decision that is affirmed on appeal leads to significant delay. The Trachte ESOP
litigation in 2009 challenged a transaction in 2007, which "[a]fter extensive
litigation and a bench trial," consisting of a liability trial in 2012, after which "the
judge found the defendants liable," held a remedies trial in 2013, awarded nearly
$20 million in relief (with prejudgment interest) and the Seventh Circuit ultimately
upheld the district court's trial decision in July 2016. *Chesemore v. Fenkell,* 829
F.3d 803, 809 (7th Cir. 2016). Thus, even a successful trial and appeal would result
in significant delay for members of the Class actually receiving money.

Meanwhile, Plaintiffs and the Class would face additional risks of collection,
particularly given that the insurance funds relied on by Defendants are "wasting"
policies, where defense costs count against the indemnity limits. ECF No. 198 at
¶ 7. While there are funds available now, the costs of defending the case through
trial could leave Defendants Moffatt and Snow (against whom Class Counsel
viewed claims as having the highest likelihood of success, ECF No. 212-2 ¶ 7)
without assets sufficient to satisfy a judgment. This factor thus weighs in favor of
final approval.

## II. The Risk of Maintaining Class Action Status is Neutral as to Final Approval.

The Court held at preliminary approval that "where there appear no specific
risks to maintaining class action status throughout the litigation, the Court need not
consider this factor for settlement purposes." *Hurtado,* 2021 WL 79350 at *4

*HURTADO, et al., v. RAINBOW DISPOSAL CO., INC. EMPLOYEE STOCK
OWNERSHIP PLAN COMMITTEE, et al.,* Case No. 17-cv-1605-JLS-DFM
Plaintiffs' Memo. ISO Motion for Final Approval of Class Action Settlement      14

(citing *In re Biolase, Inc. Sec. Litig.*, No. SACV 13-1300-JLS (FFMx), 2015 WL
12697736, *7 (C.D. Cal. June 5, 2015) (Staton, J.)). The Court has also previously
recognized that, even where there are no specific risks in prospect "there remains a
risk that a class may be decertified," that is "not so minimal as to preclude a Court
granting preliminary approval to a settlement agreement." *Urakhchin*, 2018 WL
3000490 at *4 (citing *Rodriguez v. W. Publ'g Corp.*, 536 F.3d 948, 966 (9th Cir.
2009)) (internal quotation marks removed). Here, Defendants vigorously opposed
certification of the Class, and would be able to raise these same arguments on
appeal. *See* ECF No. 150.

## III.   The Amount Offered in Settlement as Compared to Defendants' Maximum Potential Liability Favors Final Approval.

In order to assess the $7.9 million settlement amount, the Court previously
requested "a reasonable breakdown of Defendants' maximum potential liability."
ECF No. 211. Class Counsel provided supplemental submission that specifically
addressed that issue. ECF No. 212 at 5-8. That breakdown identified a *maximum*
potential liability of between $23.3 million and $33.8 million (depending on the
measure of loss to the ESOP adopted by the Court), the Settlement Fund represents
approximately 23.4-34% of the maximum possible recovery in this case. *Id.*; ECF
No. 214 at 7. But as explained in Plaintiffs' supplemental submission, based on
Class Counsel's experience, analysis and in conjunction with Plaintiffs' valuation
expert, the most likely *maximum* recovery was $23.3 million – assuming success
on all claims. ECF No. 212 at 5-8. And what Class Counsel considered the
strongest claims – the prohibited transaction claims and the failure to properly
invest the Plan assets after the transaction, could well have yielded less than $10
million. *See id.*

This Court was "satisfied that Plaintiffs carefully considered the potential

*HURTADO, et al., v. RAINBOW DISPOSAL CO., INC. EMPLOYEE STOCK
OWNERSHIP PLAN COMMITTEE, et al.,* Case No. 17-cv-1605-JLS-DFM
Plaintiffs' Memo. ISO Motion for Final Approval of Class Action Settlement      15

recovery associated with each claim," and that this represented a "reasonable" recovery that "compares favorably with settlements approved in other ERISA actions." *Hurtado*, 2021 WL 79350 at *4 & n.4 (citing *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (holding 16% recovery fair and adequate in ERISA class action)); *see also Reyes v. Bakery & Confectionery Union & Indus. Int'l Pension Fund*, 231 F. Supp. 3d 833, 847 (N.D. Cal. 2017) (approving ERISA settlement recovery of 25%); *Vincent v. Reser*, No. C 11-03572 CRB, 2013 WL 621865, *2 (N.D. Cal. Feb. 19, 2013) (approving settlement of $5.1 million in connection with $35 million ESOP transaction). Another court in this District recently described a settlement amount of 29% in an ERISA class action to be "an exceptional result for the Class." *Marshall v. Northrop Grumman Corp.,* 16-CV-6794 AB (JCx), 2020 WL 5668935, *2 (C.D. Cal. Sept. 18, 2020). Indeed, many complex ERISA class actions settle for far less.  *E.g. Johnson v. Fujitsu Tech. and Bus. of Am., Inc*., 16-CV-03698-NC, 2018 WL 2183253, at *5 (N.D. Cal. May 11, 2018) (approving 10% recovery); *Boyd v. Coventry Health Care Inc*., 299 F.R.D. 451, 463 (D. Md. 2014) (approving settlement that recovered 3.2% of estimated maximum losses); *In re WorldCom, Inc. ERISA Litig*., No. 02-civ- 4816 (DLC), 2004 WL 2338151, at *6 (S.D.N.Y. Oct. 18, 2004) (7% recovery). Thus, this factor thus favors final approval.

## IV.    The Stage of Proceedings and the Extent of Discovery Completed Favors Final Approval.

This factor considers whether "the parties have sufficient information to make an informed decision about settlement." *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1239 (9th Cir. 1998). This factor favors preliminary approval where extensive discovery has been conducted by Class Counsel, *Urakhchin*, 2018 WL 3000490 at *5. This is so even where discovery has not yet concluded,

*Munday*, 2016 WL 7655807 at *9. The Court previously held that "extensive
discovery," "numerous mediation sessions," and "the advanced stage of the
proceedings" had provided the parties with "the opportunity to properly evaluate
the merits of this action and the risks and benefits of continuing with litigation."
ECF No. 214 at 8.

Here, the parties reached a settlement in principle after Class Counsel had
conducted extensive discovery, including dozens of requests for production of
documents, interrogatories, requests for admission, depositions, and non-party
subpoenas. ECF No. 209-2 at ¶¶ 4-12. Class Counsel reviewed more than 250,000
pages of documents produced by the Defendants and twenty nonparties, *id*. at ¶¶
11-12, deposed thirteen witnesses, *id*. at ¶ 16, and consulted with three outside
experts, respectively on ESOP valuation, investment, and fiduciary standards. *Id*. at
¶ 17. Class Counsel had also interviewed a number of former employees and
former business partners who were subject to subpoena and would have been
called at trial. Downes Decl. ¶ 6. Class Counsel had not only reviewed all of the
documents, but had analyzed Defendants likely arguments and understood
Defendants' likely arguments on summary judgment and trial. 2d Downes Decl.
ISO Prelim. App. ¶¶ 4-6. In short, Class Counsel had full understanding of the
facts, the claims, the likely defenses sufficient to analyze the likelihood of success
or loss. This factor thus favors final approval of the Settlement.

## V.     The Experience and Views of Counsel Favor Final Approval

This Court has previously held that "recommendations of plaintiffs' counsel
should be given a presumption of reasonableness." *Urakhchin*, 2018 WL 3000490
at *5. "This presumption is justified because '[p]arties represented by competent
counsel are better positioned than courts to produce a settlement that fairly reflects
each party's expected outcome in litigation.'" *Munday*, 2016 WL 7655807 at *9.

*HURTADO, et al., v. RAINBOW DISPOSAL CO., INC. EMPLOYEE STOCK
OWNERSHIP PLAN COMMITTEE, et al.,* Case No. 17-cv-1605-JLS-DFM
Plaintiffs' Memo. ISO Motion for Final Approval of Class Action Settlement      17

1    The Court appointed Joseph Barton and Joseph Creitz to serve as Class Counsel in

2    light of their "extensive experience litigating complex ERISA class actions" and

3    the "ample work undertaken and resources devoted by [Class Counsel] to

4    investigate and prosecute Plaintiffs' claims in this action." *Hurtado*, 2019 WL

5    1771797 at *9; *see* ECF No. 139-22 at ¶¶ 4-11 (detailing Mr. Barton's experience);

6    ECF No. 139-24 at ¶¶ 1-7 (detailing Mr. Creitz's experience). At preliminary

7    approval, the Court reiterated its view that Class Counsel are "experienced and

8    knowledgeable in this area of law" and held that in light of their endorsement of

9    the settlement as fair, reasonable, and adequate, that this factor weighed in favor of

10   preliminary approval. *Hurtado*, 2021 WL 79350 at *5. Mr. Barton has tried four

11   ERISA class or fiduciary breach cases, of which two were ESOP cases. ECF No.

12   139-22 at ¶¶ 5-6. He has litigated dozens more ESOP cases and has done so since

13   2003 (as well as numerous other ERISA cases). *Id*. at ¶ 5. As such, he has specific

14   experience to understand and evaluate the risks and benefits of a settlement in this

15   case. Based on their appreciation of those risks, and benefits, Class Counsel

16   recommended that the Class Representatives agree to the Settlement and still

17   endorse the Settlement Agreement as fair, reasonable, and adequate. Thus, this

18   factor likewise weighs in favor of final approval of the settlement.

19   **VI.    The Presence of a Government Participant is Neutral.**

20         This factor is neutral as to final approval where, as here, there is no

21   government entity participating in the case. *Brown v. CVS Pharmacy, Inc.*, No.

22   CV15-7631 PSG (PJWx), 2017 WL 3494297, *5 (C.D. Cal. Apr. 24, 2017)

23   (granting final approval); *Gudimetla v. Ambow Educ. Holding*, No. CV 12-5062

24   PSG (AJWx), 2015 WL 12752443, *5 (C.D. Cal. Mar. 16, 2015) (granting final

25   approval). At the time that this case was filed, Class Counsel served the DOL and

26   DOT with copies of the complaint as required by ERISA. Siegel Decl. ¶ 2.

27   *HURTADO, et al., v. RAINBOW DISPOSAL CO., INC. EMPLOYEE STOCK*

28   *OWNERSHIP PLAN COMMITTEE, et al.,* Case No. 17-cv-1605-JLS-DFM
     Plaintiffs' Memo. ISO Motion for Final Approval of Class Action Settlement       18

Additionally, Defendants provided the notice to government agencies required by the Class Action Fairness Act on August 6, 2020. ECF No. 215. No government entity has intervened in this action or objected to the Settlement. The Court held at preliminary approval that this factor "does not apply in this case." ECF No. 214 at 6. As such, this factor is neutral as to final approval.

## VII.   The Reaction of Class Members to the Proposed Settlement Favors Final Approval.

"[T]he absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members." *Nat'l Rural Telecomm. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004); *Cruz v. Sky Chefs, Inc.*, No. C-12-02705 DMR, 2014 WL 7247065, *5 (N.D. Cal. Dec. 19, 2014) ("A court may appropriately infer that a class action settlement is fair, adequate, and reasonable when few class members object to it."); *see also Arnold v. Fitflop USA, LLC*, No. 11-CV-0973 W(KSC), 2014 WL 1670133, *8 (S.D. Cal. Apr. 28, 2014) (concluding that the reaction to the settlement "presents the most compelling argument favoring settlement"). As this Court noted on preliminary approval, even "[a] small number of objections at the time of the fairness hearing may raise a presumption that the Settlement Agreement is favorable to the Class." ECF No. 314 at 9 (citing *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008)); *Urakhchin v. Allianz Asset Mgmt. of Am., L.P.*, No. 8:15-cv-01614-JLS-JCG, 2018 WL 8334858, *4 (C.D. Cal. July 30, 2018) (same). To date no Class Members have lodged an objection with Class Counsel or the Settlement Administrator or filed one with the Court. Downes Decl. ¶ 7; Hitomi Decl. ¶ 7; Siegel Decl. ¶ 3.

On preliminarily approval, the Court ordered Class Counsel to "submit a

*HURTADO, et al., v. RAINBOW DISPOSAL CO., INC. EMPLOYEE STOCK OWNERSHIP PLAN COMMITTEE, et al.,* Case No. 17-cv-1605-JLS-DFM
Plaintiffs' Memo. ISO Motion for Final Approval of Class Action Settlement          19

sufficient number of declarations from Class Members discussing their reactions to
the Settlement Agreement." ECF No. 214 at 9. In other cases where this Court has
issued a similar order, class counsel has submitted a handful of declarations, which
the Court has found sufficient. *Urakhchin*, 2018 WL 8334858 at *4 (noting that
class counsel submitted 6 declarations by Class Members discussing their positive
reactions to the proposed settlement). Submitted with this Motion are the
declarations of 22 absent members of the Class. ECF No. 218-1. Each of these
Class Members has received and read the Class Notice, and understands that the
Defendants have agreed to settle the lawsuit for $7.9 million. *Id.* at ¶ 2. Each
likewise understands that attorneys' fees and expenses will be paid from this $7.9
million fund. *Id.* at ¶ 3. These Class Members all agree the relief provided by the
Settlement is fair and reasonable in light of the risks of more litigation, and they
each support approval of the Settlement. *Id.* at ¶¶ 4-5. Indeed, since beginning the
process of collecting the declarations requested by the Court, multiple Class
Members have contacted Class Counsel on their own initiative, having heard that
Class Counsel was collecting them and desiring to express their approval of the
Settlement. Siegel Decl. at ¶ 3. None of the Class Members who have contacted
Class Counsel, and none who have been contacted by Class Counsel, have
expressed any opposition to the Settlement. Downes Decl. at ¶ 7. Each of the Class
representatives has also submitted a declaration confirming that they support
approval of the settlement and view it as fair and reasonable in light of the
potential recovery and risks of further litigation. ECF No. 218-1 ¶ 5. Together,
these declarants represent approximately 5% of the Class. Downes Decl. ¶ 8.

     The absentee Class member declarants did not have the benefit of Class
Counsel's fee request at the time that they signed their declarations, because it had
not yet been filed. However, the Class Notice clearly stated that attorneys' fees and

*HURTADO, et al., v. RAINBOW DISPOSAL CO., INC. EMPLOYEE STOCK
OWNERSHIP PLAN COMMITTEE, et al.,* Case No. 17-cv-1605-JLS-DFM
Plaintiffs' Memo. ISO Motion for Final Approval of Class Action Settlement    20

expenses would be drawn from the $7.9 million Settlement Fund. ECF No. 216-1 at 1, 4. And, Class Counsel included in the Class Notice an estimate of each Class Member's recovery, which included an estimated reduction of 30% to account for Class Counsel's estimate of attorneys' fees. *Id*. at 1; Downes Decl. ¶ 9. Class Counsel's fee request amounts to 30% of the recovery, and thus the declarants had been informed regarding the issue of Plaintiff's fees when they expressed their support of the Settlement.

Additionally, although not required by the Court, Class Counsel will also be conducting a pair of town hall meetings—one in English, one in Spanish—on April 24 and April 25 to address any questions that the Class Members have, including regarding the issues of Class Counsel's fee requests and litigation expenses. Downes Decl. at ¶ 10. These meetings will take place in advance of the objection deadline, in order to provide sufficient time for any Class Members with unresolved concerns to raise them to the attention of the Court. If objections are filed, Class Counsel will address them with a supplement memorandum.

Class Counsel will also post their fee request to the website maintained by the Settlement Administrator at https://www.rainbowesoplawsuit.com/.

This factor thus favors approval of the Settlement.

## VIII.    The Plan of Allocation is Fair, Adequate, and Reasonable.

"The Plan of Allocation, like the class settlement as a whole, must be fair, reasonable, and adequate." *Ramsey v. MRV Commc'ns Inc.*, No. CV 08-04561 (GAF) (RCx), 2010 WL 11596641, *7 (C.D. Cal. Nov. 16, 2010). Class Counsels' proposed Plan of Allocation does not unduly favor the Class Representatives or segments of the Class. As the Ninth Circuit has recognized, "[a] class action settlement need not necessarily treat all class members equally." *Cohen v. Resolution Tr. Corp.*, 61 F.3d 725, 728 (9th Cir. 1995) *vacated on other grounds*,

*HURTADO, et al., v. RAINBOW DISPOSAL CO., INC. EMPLOYEE STOCK OWNERSHIP PLAN COMMITTEE, et al.,* Case No. 17-cv-1605-JLS-DFM
Plaintiffs' Memo. ISO Motion for Final Approval of Class Action Settlement        21

72 F.3d 686 (9th Cir. 1996). Differential treatment is appropriate when it is "rationally based on legitimate considerations." *Id.* In a case in which a subgroup of the class is treated differently, the court must ensure that the settlement is "fair, reasonable and adequate to *all* concerned." *Id.* (emphasis added). Where the disparate treatment is rationally based on legitimate considerations and there was no indication of any collusion against them, the settlement may be approved. *See id.* at 727, 728 (approving such a settlement); *see also Santos v. Camacho,* No. Civil 04-00006, 2008 WL 8602098, *10 (D. Guam Apr. 23, 2008), *aff'd sub nom. Simpao v. Gov't of Guam,* 369 F.App'x 837 (9th Cir. 2010).

Class Counsel's proposed Plan of Allocation treat all members of the Class the same in that they will receive a monetary distribution from the Settlement Fund on a pro rata basis based on the number of ESOP shares they held at the time of 2014 Transaction. Agmt § V; ECF No. 209-5. Each Class Member's share of the settlement will be based on the number of shares held in their ESOP account as of October 1, 2014, the date of the October 2014 Transaction. *See id*. As the losses are based on the amount of shares, any differences are as a result of the differences in the amount of shares held by Class members. There are no conflicts between Class members based on this allocation because all the members of the Class "suffered strictly an economic injury, based on the same operative facts." *In re Broadcom Corp. Sec. Litig.*, No. SACV 01-275 DT (MLGx), 2005 WL 8152913, *5 (C.D. Cal. Sept. 12, 2005).

Courts have approved similar allocation methodologies in other ESOP cases. *Pfeifer*, 2018 WL 4203880 at *13 (approving plan of allocation in ESOP case that "allocates funds to Class Members on a pro rata basis based on shares held"); *Kaplan v. Houlihan Smith & Co.*, No. 12 C 5134, 2014 WL 2808801, *3 (N.D. Ill. June 20, 2014) (approving plan of allocation in ESOP case where "[t]he settlement

amount (after fees and expenses) will be divided pro rata, based on the number of shares each class member held in his/her ESOP account on [a specified date].”). Indeed, this is similar to the plan of allocation in another ERISA case approved by this Court. *Urakhchin,* 2018 WL 8334858 at *2 (explaining that the net settlement proceeds would be “distributed to class members on a pro rata basis, based on the class member's account balance compared to the total of all class members' account balances”). Thus, the Plan of Allocation should thus be finally approved as fair, reasonable, and adequate.

## CONCLUSION

For the forgoing reasons, the Court should grant Plaintiffs' Motion for Final Approval of Class Action Settlement.

DATED:      April 15, 2021                    Respectfully submitted,

_____
R. Joseph Barton, CSBN 212340
Colin M. Downes (*pro hac vice*)
BLOCK & LEVITON LLP
1735 20th Street NW
Washington, DC 20009
Telephone: (202) 734-7046
Email: jbarton@blockesq.com
Email: colin@blockesq.com

Joseph Creitz, CSBN 169552
CREITZ & SEREBIN LLP
100 Pine St., Suite 1250
San Francisco, CA 94111
Telephone: (415) 466-3090
Email: joe@creitzserebin.com

Vincent Cheng, CSBN 230827
BLOCK & LEVITON LLP
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 968-8999
Email: vincent@blockesq.com

*Attorneys for Plaintiffs and the Class*

**CERTIFICATE OF SERVICE**

I, Ming Siegel, hereby certify that on April 15, 2021, a copy of the foregoing Memorandum of Law in Support of Motion for Final Approval of Class Action Settlement was served on the following counsel of record via the CM/ECF system:

Dated this 15th day of April 2021.

Ming Siegel

Christopher W. Smith
Jason Levin
STEPTOE & JOHNSON LLP
633 West Fifth Street, 7th Floor
Los Angeles, CA 90071
Telephone: (213) 439-9433
Email: csmith@steptoe.com
Email: jlevin@steptoe.com

Andrew J. Sloniewsky
Eric G. Serron
Linda C. Bailey
Paul J. Ondrasik, Jr.
Sara R. Pikofsky
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue NW
Washington, DC 20036
Telephone: (202) 429-3907
Email: asloniewsky@steptoe.com
Email: eserron@steptoe.com
Email: lbailey@steptoe.com
Email: pondrasik@steptoe.com
Email: spikofsky@steptoe.com

*Attorneys for Defendants Rainbow Disposal Co., Inc. Employee Stock Ownership Plan Committee, Jon Black,*

Dylan Rudolph
TRUCKER HUSS APC
One Embarcadero Center, 12th Floor
San Francisco, CA 94111
Telephone: (415) 788-3111
Email: drudolph@truckerhuss.com

Joseph Faucher
Brian D. Murray
TRUCKER HUSS APC
15821 Ventura Blvd., Suite 510
Encino, CA 91436
Telephone: (213) 537-1020
Email: jfaucher@truckerhuss.com
Email: bmurray@truckerhuss.com

*Attorneys for Defendant GreatBanc Trust Company*

Timothy J Toohey
GREENBERG GLUSKER FIELD CLAMAN AND MACHTINGER LLP
1099 Avenue of the Stars, 21st Floor
Los Angeles, CA 90067
Telephone: (310) 553-3610

*HURTADO, et al., v. RAINBOW DISPOSAL CO., INC. EMPLOYEE STOCK OWNERSHIP PLAN COMMITTEE, et al.,* Case No. 17-cv-1605-JLS-DFM
Plaintiffs' Memo. ISO Motion for Final Approval of Class Action Settlement    25

1  *Catharine Ellingsen, Bill Eggleston,*
   *Republic Services, Inc. and Rainbow*
2  *Disposal Co., Inc.*

3  David R. Scheidemantle
4  Adam D. Wieder
   Scheidemantle Law Group P.C.
5  35 East Union Street
6  Suite F
7  Pasadena, CA 91103
   Telephone: (626) 660-4434
8  Email: david@scheidemantle-law.com
9  Email: adam@scheidemantle-law.com

10 *Attorney for Defendant Gregory Range*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Email:
ttoohey@greenbergglusker.com

*Attorney for Defendant Gerald
Moffatt*


Larry Walraven
Nicole Wurscher
Brian Selvan
WALRAVEN AND WESTERFELD
LLP
20 Enterprise Suite 310
Aliso Viejo, CA 92656
Telephone: (949) 215-1990
Email: law@walravenlaw.com
Email: new@walravenlaw.com
Email: bselvan@walravenlaw.com

*Attorneys for Defendant Jeff Snow*

27

28

*HURTADO, et al., v. RAINBOW DISPOSAL CO., INC. EMPLOYEE STOCK
OWNERSHIP PLAN COMMITTEE, et al.,* Case No. 17-cv-1605-JLS-DFM
Plaintiffs' Memo. ISO Motion for Final Approval of Class Action Settlement    26